IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AARON GOINS *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | ) No. 1:19-cv-489<br>) |
| TITLEMAX OF VIRGINIA, INC. *et al.*, | )<br>) |
| *Defendants*. | )<br>) |

## NOTICE OF REMOVAL

Defendants TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc. (collectively, "Defendants") hereby remove the above-captioned matter under 28 U.S.C. §§ 1441 and 1446 to this Court from the Guilford County General Court of Justice, Superior Court Division.

1. The 264 plaintiffs identified in the Complaint attached as Exhibit A (collectively, "Plaintiffs") filed this action in Guilford County, North Carolina, on April 4, 2019.

2. Plaintiffs served Defendants with the Complaint and Summonses on April 11, 2019. True and accurate copies of the Complaint and Summonses are attached as Exhibits A and B, respectively.

3. Plaintiffs "are each North Carolina residents." (Compl. ¶ 1.)

4. Defendant TitleMax of Virginia, Inc. ("TitleMax of Virginia") is a Delaware corporation with corporate offices in Georgia. It has no North Carolina presence.

5. Defendant TitleMax of South Carolina, Inc. ("TitleMax of South Carolina") is a South Carolina corporation with corporate offices in Georgia. It has no North Carolina presence.

6.  Defendant TMX Finance of Virginia, Inc. ("TMX Finance of Virginia") is a Delaware corporation with corporate offices in Georgia. It has no North Carolina presence.

7.  This Court has jurisdiction over this action under 28 U.S.C. § 1332(a). Complete diversity exists between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000. The amount in controversy is established in three independently sufficient ways: (1) Plaintiffs' demands for relief, particularly when considering their requests for punitive damages and attorneys' fees; (2) Plaintiffs' demands for relief combined with Defendants' compulsory counterclaims; and (3) Plaintiffs' claims combined with the underlying transaction histories of many Plaintiffs.

8.  Plaintiffs generally allege that they "entered into one or more title loan transaction(s) with one or more of the Defendants" and that these transactions violate various aspects of North Carolina law. (Compl. ¶ 1.)

9.  Plaintiffs' Complaint lists five "claim[s] for relief":

|  | **Cause of Action** | **Alleged Damages** |
| --- | --- | --- |
| Count 1 (Compl. ¶¶ 25–30) | "Violations of the North Carolina Consumer Finance Act" (Compl. at 7) | "at least the sum of $10,000.00" (Compl. ¶ 30) |
| Count 2 (Compl. ¶¶ 31–37) | "Violations of N.C.G.S. §24-1.1 et seq." (Compl. at 7) | "at least the sum of $10,000.00 each" (Compl. ¶ 37) |
| Count 3 (Compl. ¶¶ 38–43) | "Violations of N.C.G.S. §75-1.1" (Compl. at 8) | "treble damages" and "reasonable attorneys' fees" (Compl. ¶¶ 42–43) |
| Count 4 (Compl. ¶¶ 44–46) | "Punitive Damages" (Compl. at 9) | "at least the sum of $10,000.00" (Compl. ¶ 46) |
| Count 5 (Compl. ¶¶ 47–49) | "Motion to Compel Arbitration" (Compl. at 9) | None Specified |

10. On the face of the Complaint, Plaintiffs each seek at least $70,000: $10,000 under Count 1 in "addition" to $10,000 under Count 2 (Compl. ¶ 36), both "treble[d]" to $60,000 (Compl. ¶ 42), plus at least $10,000 in punitive damages (Compl. ¶ 46). Given

2

Case 1:19-cv-00489-LCB-JLW   Document 1   Filed 05/10/19   Page 2 of 7

Plaintiffs' allegations and claim that their damages are "at least" $70,000, the amount in controversy for each Plaintiff likely exceeds $75,000.

11. Moreover, the punitive damages in dispute substantially exceed $10,000. Under North Carolina law—which Plaintiffs argue applies here—"[p]unitive damages awarded against a defendant shall not exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater." N.C. Gen. Stat. § 1D-25. Plaintiffs each seek more than $20,000 in compensatory damages. (Compl. ¶¶ 30, 37.)

12. While Defendants deny that punitive damages would be legally or factually appropriate here, Plaintiffs have alleged that Defendants engaged in "willful, wanton, and malicious conduct" that caused "intentional, purposeful, and unlawful detriment to Plaintiffs." (Compl. ¶ 45.)

13. The amount in controversy also exceeds $75,000 when considering Plaintiffs' request for "attorneys' fees pursuant to N.C.G.S. § 75-16." (Compl. ¶ 43.)

14. One or more Defendants also have compulsory counterclaims against Plaintiffs who "entered into one or more title loan transaction(s) with one or more of the Defendants." (Compl. ¶ 1.) The amount in controversy in these counterclaims—which seek, among other forms of relief, enforcement of the underlying loan agreements—exceed $5,000, particularly when considering Defendants' contractual right to attorneys' fees spent enforcing the terms of those agreements. *See, e.g.*, Motor Vehicle Title Loan Agreement, Promissory Note and Security Agreement between Plaintiff Kalisa Johnson and Defendant TitleMax of Virginia ¶ 11 (Sept. 29, 2018) ("I [Kalisa Johnson] agree to pay Lender [TitleMax of Virginia] reasonable attorneys' fees and court costs if Lender brings suit to enforce my obligations under this Note.").

15. In addition, the underlying transaction histories reveal that many Plaintiffs seek more than $10,000 under Count 1 (N.C. Consumer Finance Act) and Count 2 (N.C. Gen. Stat. § 24-1.1). Even if only some Plaintiffs' claims placed more than $75,000 in controversy, this Court would still have supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining claims.

16. For example, Plaintiff Davie Dawkins has paid TitleMax of South Carolina $27,972.27. Mr. Dawkins alleges in Count 1 that "Defendants shall not collect, receive, or retain any principal or charges whatsoever with respect to the loan." (Compl. ¶ 29.) Mr. Dawkins paid $27,972.27 in principal or charges. This allegation alone places more than $75,000 in controversy when considering Mr. Dawkins' request for "treble damages pursuant to N.C.G.S. § 75-1.1." (Compl. ¶ 42.) In Count 2, Mr. Dawkins alleges that, "*in addition* or in alternative to the penalties set forth in Chapter 53 [the N.C. Consumer Finance Act] and Chapter 75, Defendants are subject to the penalties set forth in N.C.G.S. §24-2, including without limitation, repayment of twice the amount of interest paid on the unlawful loan." (Compl. ¶ 36 (emphasis added).)

17. Additional examples of Plaintiffs for whom the underlying transaction histories reveal that more than $10,000 is in controversy under Counts 1 and 2 include Plaintiff Rayford Kimble, who paid TitleMax of South Carolina $21,954.34; Plaintiff Ethel Jenkins, who paid TitleMax of South Carolina $19,141.21; and Plaintiff Lauren Grimsley, who paid TitleMax of South Carolina $16,618.30.

18. This Court also has jurisdiction over this action under 28 U.S.C. § 1332(d). There are more than 100 plaintiffs, the parties are at least minimally diverse, and the total amount in controversy exceeds $5 million.

4

19. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Guilford County General Court of Justice, Superior Court Division, is located within the Middle District of North Carolina.

20. Pursuant to 28 U.S.C. § 1446(d), Defendants are promptly giving written notice of this removal to all adverse parties and filing a copy of this Notice of Removal with the Guilford County General Court of Justice Clerk of Court.

21. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Defendants first received the initial pleading or summons on April 11, 2019, and they are filing this Notice of Removal within 30 days of that date.

22. Defendants waive no right to arbitration that any Defendant has against any Plaintiff. To the contrary, each Defendant reserves the right to insist that all arbitrable claims be referred to individual arbitration in accordance with the applicable agreements to arbitrate.

23. Defendants will respond to Plaintiffs' forecasted "Motion to Compel Arbitration" at the appropriate time. (Compl. at 9.) Defendants take no position at this time on that forecasted motion.

Respectfully submitted this the 10th day of May, 2019.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Christopher W. Jones
Christopher W. Jones, N.C. Bar No. 27265
Samuel B. Hartzell, N.C. Bar No. 49256
Scott D. Anderson, N.C. Bar No. 49044
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8173
Facsimile: (919) 755-6180
Email: Chris.Jones@wbd-us.com
Sam.Hartzell@wbd-us.com
Scott.D.Anderson@wbd-us.com

5

*Counsel for Defendants TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system.

I hereby further certify that a copy of the foregoing Notice of Removal was served by U.S. mail on the following counsel of record:

Drew Brown
James R. Faucher
BROWN, FAUCHER, PERALDO & BENSON, PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401

*Counsel for Plaintiffs*

This the 10th day of May, 2019.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Christopher W. Jones
Christopher W. Jones, N.C. Bar No. 27265
Samuel B. Hartzell, N.C. Bar No. 49256
Scott D. Anderson, N.C. Bar No. 49044
555 Fayetteville St., Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-8173
Facsimile: (919) 755-6180
Email:  Chris.Jones@wbd-us.com
             Sam.Hartzell@wbd-us.com
             Scott.D.Anderson@wbd-us.com

*Counsel for Defendants TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc.*