# Exhibit A

| | |
|---|---|
| STATE OF NORTH CAROLINA<br><br>GUILFORD COUNTY | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br><br>2019 APR -4 P 19:CVS 4678<br><br>GUILFORD CO., C.S.<br>BY ___ |
| AARON GOINS, ALICIA ADAMS, AMADA ALCOCK, AMANDA GROOMS, ANDREA SELLS, ANDREW JOHNSON, ANESHA MCGLOCKTON, ANGELO CUMMINGS, ANNA SHAW, ANNETTE RIDGEWAY, ANTHONY AMES, ANTHONY ROSADO, ANTHONY STURDIVANT, ANTOINETTE JACKSON, APRIL ALLEN, AREEBA LILES, AVI WILLIAMS, BENJAMIN WHERRY, BETTY MAKARIMI, BRADLEY CALDWELL, BRIDGET CLARK, BRIELLE COWAN, BRITTANY CALLAHAN, BRITTANY MASON, BRITTANY WILLIAMS, BRITTNEY OLIPHANT, CANDICE PERKINS, CAROLYN WALLACE, CARRIE EDWARDS, CASANDRA MILLER, CASSANDRA BROOKS, CASSANDRA GAINES, CEDRIC MOSES, CHARITA O'NEAL, CHARLENE HARRIS, CHARMAINE REID, CHARMAINE WILSON, CHERICIA STALLWORTH, CHIMAOBI MADUBUIKE, CHRISTINA SMITH, CHRISTOPHER BASS, COREY MCDUFFIE, CRYSTAL OWENS, CRYSTAL RORIE, CURTIS BOYD, CYNIA ANDERSON, DAPHNE CARPENTER, DARLENE WATSON, DAVEDA HINES, DAVID ELLISON, DAVID GILLUM, DAVID REYNOLDS, DAVIE DAWKINS, DAVIE RICHARDSON, DAWN GRAY, DAWN HOUSETON, DEPRIES HAYWOOD, DEREK COLE, DERRICK GREEN, DESIREE JEFFERY, DESMOND SMITH, DIANA SMITH, DIMITRI SHAW, DION LUKER, DOMAUNIA CLARK, DOMINICK HINSON, DOMINIQUE HARRIS, DONTA SYKES, DONZA SLADE | **COMPLAINT** |

DOROTHY RANSOM, DOUGLAS
MCKOY, DWAYNE COCKERHAM, EDNA
TAYLOR, EDWARD WILSON, ELAINE T.
JOHNSON, ELLA MANNS, ERICA
TURNER, ETHEL JENKINS, FRANCES
GADDY, FRANCIS HOPKINS, FRANK
QUICK, GARY MALLOY, GLENDA
GIBSON, GLORIA CALHOUN, GLORIA
HARDY, GREGORY NICHOLSON,
GREGORY SLOAN, HAZEL GILLIUM,
HOLLY BOSTIC, HOWARD J. WELCH,
INDIA LEAK, JADA EASTERLING,
JAMES BRADSHAW, LINDA BRADSHAW
JAMES JACKSON, JAMES WILSON, JR.,
JAMORRIS SINGLETON, JAN LYNCH,
JARRAD COXE, JASMINE MAYHAM,
JASON LANE, JASON TILLEY, JAVON
MACK, JEANETTE MORGAN, JEFF
BLACKWELL, JENELLE TOLER, JENNIE
JONES GREEN, JENNIFER HICKS,
JENNIFER SERGEANT, JENNIFER
TAYLOR, JEREMY BRADSHAW,
JERMALE KEYS, JESSICA STEWART,
JFFFREY HANKINS, JOCELYN STINSON,
JOHN JOHNSON, JOHNNY HARDISON,
JONATHAN BENNETT, JONATHAN
SHIPMAN, JOSEPH DIXON, JOZELLE
GARBER, KAJUANE RORIE, KALISA
JOHNSON, KATHERINE GARCIA,
KATHERINE MCDONALD, KATHY
BRATTON-HARBISON, KATRINA
CAMPBELL, KELLY EDWARDS, KELLY
WALL, KEVIN HORTON, KEVIN LEMAR
SMITH, KIESHA LEARY, KIMBERELY
MORROW, KRYSAL MCCREE,
LAKEESHA REDD, LAQUITTA OUTLAW,
LASHALL BURNS, LASHAURA HUDSON,
LASHONDA RICHARDS, LATEESHA
MUNGIN, LATISHA HAIRE, LATONIA
BOYD, LATONYA HILDERBRAND,
LAUREN GRIMSLEY, LAWANDA
LEARY, LEKITTA ROBINSON, LENNIE
MOORE, LESLIE FONVILLE, LESLIE
MCSWAIN, LETITA FRONE (MILLER),
LETITIA GRANT, LINDA HEDRICK,
LINDSAY CURRIE, LINITA BLAKENEY,

LINQUEAL ROUNDS, LISA LEWIS,
LORAINE WHITE, LUCY ROGERS,
MACEO TURNER, MARCUS SPELLMAN,
MARGIE WEAVIL, MARIA CELESTE
GAUSE, MARILYN BLACKWELL,
MARILYN DOSS, MARLON BROWN;
MARQUITA TAYLOR, MARSHA LEATH,
MARSHELL BOYKIN, MARTHA
CALDWELL, MARVA PRICE, MARY
MCBRIDE, MARY WOOD, MELISSA
HOLDER, MELISSAH SCALES, MERICA
NELSON, MICHAEL FORESTER, JR.,
MICHAEL JENKINS, MICHAEL JONES,
MICHAEL KEE, MICHELLE KEELING,
MONICA ALEXANDER, NAIMAH JONES,
NATASHA DAVIS, NEKA SWANN,
NELLIE KNOTTS, NICOLE THOMAS,
PAMELA BULLS, PAMELA MCINNIS,
PAMELA WORTHY, PATRICK CANTY,
PAULETTE SHANNON, PERRY BOSTIC,
PERRY CUTHRELL, JR., PHILLIP
BROWN, PHILLIP GREEN, PRINCE
CHISHOLM, PRINCE TROLLINGER,
PRISCILLA YOUNGER, RACHEL
ROLLINS, RALPH CHILDRESS, RANDY
TERRY, RASHAD PETTIFORD, RAVEN
WILMAR HOOKER, RAYFORD KIMBLE,
REGGIE SMITH, REGINALD BROWN,
REMEKA BRYANT, RICHARD DELAIN,
RICKY ADAMS, RITA CERNA, ROBERT
GONZALES, ROBERT TILLMAN,
RODNEY COBIA, RODNEY
EASTERLING, RODNEY HICKMAN,
ROGER HAMLETT, ROMAN WATROUS,
SABRINA ELLIOTT, SAMANTHA ALLEN,
SAMANTHA MOUZON, SANDELL
BLACKWELL, SANDRA CARMON,
SANDRA DARRISAW, SARAH
DOUGLAS, SHAMICA WALL, SHANNON
THOMAS, SHELDON JOHNSON,
SHENITA MELTON, SHONDA JONES,
STANLEY EWINGS, STEPHANIE JONES,
TAHEIM RAGLAND, TAKEALLA
ROBINSON, TALISHA LOWERY
TAMARA DAVIS, TAMECIA MCKINNON,

| | |
|---|---|
| TARI HARRIS, TEALA TANTON, DAMION JOHNSON, TERESA DIXON, TERESKA CHRISP, TERRAYA ROYSTER, TERRY COE, TEWLEE BOONE, TIFFANY MATTHEWS, TIKEISH MCNEILL, TOMMY WHITE, TONY FUNDERBURK, TONYA WOODS, TRESHAUN WARREN, VALERIE MCLAUGHLIN, VINCENT HAIRSTON, WALTER MACKEY, WANDA EVANS, WANDA MCKOY, WAYTERIA THOMAS, WHITLEY TEASTER, WILLIAM BUNCH, WILLIAM GIBSON, WILLIAM PEARSALL, WILLIE BRADFIELD, WILLIE THOMAS, WILLIE WARREN, WILLIE WILKERSON<br><br>Plaintiffs,<br><br>v.<br><br>TITLEMAX OF VIRGINIA, INC., TITLEMAX OF SOUTH CAROLINA, INC., TMX FINANCE OF VIRGINIA, INC.<br><br>Defendants. | |

Plaintiffs complaining of Defendants, and allege and state as follows:

1. Plaintiffs are each North Carolina residents who entered into one or more title loan transaction(s) with one or more of the Defendants. At least some of the Plaintiffs are citizens and residents of Guilford County, North Carolina.

2. Defendants are related title loan lenders. Defendants are foreign corporations that regularly transact business in North Carolina.

3. Defendants, upon information and belief, are foreign corporations organized and existing under the laws of a state other than North Carolina. At all times relevant to the events and transactions alleged herein, Defendants unlawfully engaged in the automobile title loan business in North Carolina. Defendants have not registered to do business in with the Office of the Secretary of State of North Carolina despite the fact that they are doing business in North Carolina.

4. This Court has jurisdiction over Defendants pursuant to N.C.G.S. §1-75.4 in that at all times relevant to the events and transactions alleged herein, Defendants, via the internet, cellular telephone and/or other media and communication methods solicited, marketed, advertised, offered, accepted, discussed, negotiated, facilitated, collected on, threatened enforcement of, and/or foreclosed upon automobile title loans with Plaintiffs and other North Carolina citizens in violation of the North Carolina Consumer Finance Act, N.C.G.S. §53-164, et seq. Plaintiffs further allege that, for a considerable amount of time prior to the events and transactions with Plaintiffs as alleged herein, Defendants had regular, ongoing, continuous and systematic contacts with the state of North Carolina, Guilford County, and counties throughout the Middle District of North Carolina and its citizens and has conducted business in this state in that Defendants via the Internet, cellular telephone and/or other media and communication methods solicited, marketed, advertised, offered, accepted, discussed, negotiated, facilitated, collected on, threatened enforcement of and foreclosed upon automobile title loans with North Carolina citizens in violation of the North Carolina Consumer Finance Act, N.C.G.S. §53-164, et seq., such that this Court has personal jurisdiction over Defendants pursuant to N.C.G.S. §1-75.4.

5. Venue is appropriate in this judicial district pursuant to NCGS 1-80 because, among other reasons, the Defendants regularly engages in carrying on business in Guilford County, the Middle District of North Carolina and some of the Plaintiffs are residents of Guilford County.

6. Defendants, at all times relevant hereto, were and remain in the business of making consumer car title loans to residents of North Carolina. This series of transactions and occurrences along with the common legal issue of sending the matter to individual arbitrations make Permissive Joinder proper pursuant to Rule 20 of the North Carolina Rules of Civil Procedure.

7. A list of each of the plaintiffs in this action was provided more than thirty (30) days ago. While defendants acknowledge they know of each plaintiff's existence and have their contracts with the respective defendant, they refuse to turn over the documents.

8. Many of the plaintiffs do not have their contract documents for a number of reasons— including them being in the glove compartments of cars hauled away by TitleMax. Without the documents or cooperation from TitleMax, many of the plaintiffs cannot identify which defendant they entered into a contract but only that it was TitleMax making filing in this form necessary.

9. Further, TitleMax refuses to unconditionally enter into a tolling agreement of any applicable Statute of Limitation forcing the undersigned to take court time and resources by filing this mass action to seek to have the matters ordered to arbitration and to protect his clients' claims under the statutes of limitations applicable to each claim.

10. Plaintiffs are informed and believe, and therefore allege, that Defendants have knowingly and intentionally engineered internet and other advertising to ensure that Defendants' out of state office locations appear into internet search results and other when a North Carolina consumer conducts an internet search for "car title loan" or terms similar thereto.

11. Upon information and belief, at all times relevant hereto, Defendants have regularly solicited customers in North Carolina.

12. Upon information and belief, at all times relevant hereto, Defendants regularly entered into North Carolina to take possession of motor vehicles.

13. Upon information and belief, at all times relevant hereto, Defendants have registered to assert motor vehicle title liens with the North Carolina DMV, and has numerous liens on North Carolina owned and titled motor vehicles.

14. Upon information and belief, when North Carolina consumers conduct internet searches using the search terms "car title loans" or similar search terms, Defendants' out of state locations appear as prominent search results, which results were intended by Defendants and engineered by Defendants to occur.

15. Defendants have business locations located just over the North Carolina state line for the purpose of entering into loan transactions with North Carolina residents in an effort to avoid the application of North Carolina law.

16. Each Plaintiff entered into one or title more loan transactions with Defendants.

17. Each Plaintiff went to Defendants' out of state office, and met Defendants' representative who presented them with the loan documents, obtained Plaintiff's signature on the loan documents and exchanged Defendants' loan check for Plaintiffs' North Carolina car titles.

18. At all times relevant hereto, Defendants knew or should have known that each Plaintiff was a North Carolina resident and held a North Carolina title on his or her vehicle.

19. Upon information and belief, Defendants intentionally and regularly accept loan payments from North Carolina consumers while those consumers are physically in the state of North Carolina by mail, telephone debit card payments, online payments by Western Union and by payment through the TitleMax smart phone application.

20. Upon information and belief, Defendants regularly and intentionally, and in connection with car title loans of the type and kind alleged herein, solicit, discuss, negotiate, offer, receive, accept, and deliver and accept funds, with North Carolina consumers at a time when those consumers are physically in the state of North Carolina. Plaintiffs are further informed and believe, and therefore alleges, that Defendants regularly and intentionally take actions and measures to enforce those loans in North Carolina, including repossession and sales of collateral automobiles owned by North Carolina consumers.

21. Defendants secured said loans by a placing lien on each Plaintiff's vehicle through the North Carolina Department of Motor Vehicles.

22. Defendants solicited each Plaintiff for the loans alleged herein, discussed and negotiated loans, offered to make each Plaintiff that loan and received each Plaintiff's acceptance to its loan offers all at a time while each Plaintiff was a North Carolina resident and owned a vehicle with a North Carolina title.

23. At all times relevant hereto, each Plaintiff's vehicle was registered in the state of North Carolina, garaged in North Carolina and bore a North Carolina license plate, all of which was known to Defendants at the time of the transactions alleged herein.

24. The loan transaction(s) at issue are subject to North Carolina law.

## FIRST CLAIM FOR RELIEF
### (Violations of the North Carolina Consumer Finance Act, N.C.G.S. §53-165, et seq. for underlying claims — All Defendants)

25. Plaintiffs reallege the allegations contained above.

26. The annual interest rate that Defendants have charged each Plaintiff far exceeds the maximum annual rate of interest allowed by the North Carolina Consumer Finance Act, N.C.G.S. §53-176, on a consumer loan in the amount loaned by Defendants. N.C.G.S. §53-190 makes unenforceable any loan contracts made outside of the state of North Carolina in the amount of fifteen thousand dollars ($15,000.00) or less for which greater consideration or charges than those authorized by N.C.G.S. §53-173 and N.C.G.S. §53-176 have been charged, contracted for or received unless all of the contractual activities, including solicitation, discussion, negotiation, offer, acceptance, signing of documents, and delivery and receipt of funds, occur entirely outside the state of North Carolina.

27. With regard to each loan at issue, Defendants have engaged in one or more of the acts enumerated in N.C.G.S. §53-190(a) and is therefore subject to North Carolina law.

28. Defendants come into North Carolina to solicit or otherwise conduct activities in regard to its loan contracts, and are therefore subject to North Carolina law pursuant to N.C.G.S. §53-190(b).

29. The acts and conduct of Defendants in soliciting Plaintiffs for the loans alleged herein, and charging them an annual interest rate in excess of the lawful maximum on that loan are clear violations of the North Carolina Consumer Finance Act that subject Defendants to penalties under N.C.G.S. §53-166(d), including without limitation that Defendants shall not collect, receive, or retain any principal or charges whatsoever with respect to the loan.

30. Each Plaintiff has been damaged by Defendants' violations of the North Carolina Consumer Finance Act alleged herein in an amount to be proven at trial, but which amount is at least the sum of $10,000.00.

## SECOND CLAIM FOR RELIEF
### (Violations of N.C.G.S. §24-1.1 et seq. — All Defendants) (claim in the alternative)

31. Plaintiffs reallege the allegations contained above.

32. The annual interest rate Defendants have charged each Plaintiff far exceeds the maximum annual rate of interest allowed by the North Carolina Consumer Finance Act, N.C.G.S. § 24-1.1, on a consumer loan in the amount loaned by Defendants.

33. The loans alleged herein are additionally governed by Chapter 24 of the North Carolina General Statutes pursuant to N.C. Gen. Stat. § 24-2.1. Among other reasons, Defendants engaged in solicitations and made an oral offer to lend that was received in North Carolina, Defendants received solicitations or communications from Plaintiffs that originated within North Carolina for Plaintiffs to borrow.

34. N.C. Gen. Stat. § 24-2.1 (g) provides: "It is the paramount public policy of North Carolina to protect North Carolina resident borrowers through the application of North Carolina interest laws. Any provision of this section which acts to interfere in the attainment of that public policy shall be of no effect."

35. The acts and conducts of Defendants in soliciting Plaintiffs for the loans alleged herein, discussing and negotiating such loans, offering to make Plaintiffs such loans and receiving Plaintiffs' acceptance to its loan offer, all at a time while Plaintiffs were physically in the state of North Carolina, and then charging her an annual interest rate of more than 200% on that loan are clear violations of the North Carolina Consumer Finance Act that subject Defendants to penalties under N.C.G.S. §24-1.1, et seq..

36. In addition or in alternative to the penalties set forth in Chapter 53 and Chapter 75, Defendants are subject to the penalties set forth in N.C.G.S. §24-2, including without limitation, repayment of twice the amount of interest paid on the unlawful loan, foregiveness of purported debt, and return of the title unencumbered title to Plaintiffs' vehicle.

37. Plaintiffs have been damaged by Defendants' violations of the North Carolina General Statutes Chapter 24 as alleged herein in an amount to be proven at trial, but which amount is at least the sum of $10,000.00 each.

## THIRD CLAIM FOR RELIEF
(Violations of N.C.G.S. §75-1.1 for underlying claims — All Defendants)

38. Plaintiffs reallege the allegations contained above.

39. The acts and conduct of Defendants alleged herein constitute acts and conduct in and affecting commerce and Defendants' intentional, knowing, and purposeful violations of the North Carolina Consumer Finance Act, including without limitation Defendants' failure to disclose that the loan was unlawful, constitute unfair and deceptive trade practices within the meaning of both N.C.G.S. § 53-180(g) and N.C.G.S. § 75-1.1 that are substantially injurious to consumers, including Plaintiffs.

40. Each Plaintiff has been damaged by the Defendants' violations of the North Carolina Consumer Finance Act an amount to be proven at trial, but which amount is at least the sum of $10,000.00.

41. The acts and omissions of Defendants alleged herein are part of a pattern and practice of Defendants violating North Carolina interest laws and the North Carolina Consumer Finance Act.

42. Each Plaintiff is entitled to an award of treble damages pursuant to N.C.G.S. § 75-1.1.

43. Each Plaintiff is entitled to recover his or her reasonable attorneys' fees pursuant to N.C.G.S. § 75-16.

## FOURTH CLAIM FOR RELIEF
### (Punitive Damages — All Defendants)

44. Plaintiffs reallege the allegations contained above.

45. The acts of Defendants alleged herein constitute willful, wanton, and malicious conduct and cause intentional, purposeful, and unlawful detriment to Plaintiffs.

46. Defendants are therefore liable to each Plaintiff for punitive damages in an amount to be proven at trial but which amount is at least the sum of $10,000.00.

## FIFTH CLAIM FOR RELIEF
### (Motion to Compel Arbitration — All Defendants)

47. Plaintiffs reallege the allegations contained above.

48. The loan agreements contain at issue an arbitration provision which cover all of the claims asserted herein.

49. Each Plaintiff prays unto the Court for any order staying this matter and referring their matter to arbitration pursuant to the American Arbitration Association rules.

WHEREFORE, Plaintiffs prays the Court for the following relief:

1. That each Plaintiff shall have and recover of Defendants all statutory damages incurred and recoverable pursuant to N.C.G.S. § 53-166(d) and other damages as provided by law;

2. That each Plaintiff shall have and recover of Defendants all statutory damages incurred and recoverable pursuant to N.C.G.S. Chapter 24 and other damages as provided by law;

3. That each Plaintiff have and recover of Defendants treble damages pursuant to N.C.G.S. § 75-1.1;

4. That each Plaintiff have and recover of Defendants punitive damages in an amount to be determined, but which amount is at least the sum of $10,000.00;

5. That each Plaintiff have and recover of Defendants interest and attorneys' fees as by law provided;

6. That the Court grant each Plaintiffs' motion to stay and refer this matter to individual arbitrations for each Plaintiff pursuant to the terms of the Agreement and the American Arbitration Association.; and

7. For such other and further relief as the Court may deem just and proper.

This the 4th day of April, 2019.

*[Signature]*

**Drew Brown**
**N.C. State Bar No. 28450**
**James R. Faucher**
**N.C. State Bar No. 31514**
**Brown, Faucher, Peraldo & Benson, PLLC**
**822 N. Elm St., Suite 200**
**Greensboro, NC 27401**
**P: (336) 478-6000**
**F: (336) 273-5597**
**E: drew@greensborolawcenter.com**
*Attorney for Plaintiffs*