## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| AARON GOINS *et al.*, | ) | |
| | ) | |
| *Plaintiffs / Counter-Defendants*, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-489 |
| | ) | |
| TITLEMAX OF VIRGINIA, INC. *et al.*, | ) | |
| | ) | |
| *Defendants / Counter-Claimants.* | ) | |
| | ) | |

## ANSWER AND COUNTERCLAIMS

Defendants TitleMax of Virginia, Inc. ("TitleMax of Virginia"), TitleMax of South Carolina, Inc. ("TitleMax of South Carolina"), and TMX Finance of Virginia, Inc. ("TMX Finance of Virginia") (collectively, "Defendants" or "Counter-Claimants") serve this Answer and Counterclaims on all Plaintiffs identified in Plaintiffs' Complaint (ECF No. 1-1) (collectively, "Plaintiffs" or "Counter-Defendants").

**Defendants waive no right to arbitration that any Defendant has against any Plaintiff.** To the contrary, each Defendant reserves the right to insist that all arbitrable claims be referred to individual arbitration in accordance with the applicable agreements to arbitrate. Defendants will respond to Plaintiffs' forecasted "Motion to Compel Arbitration" at the appropriate time. (Compl. at 9.) Defendants take no position at this time on that forecasted motion.

All allegations in Plaintiffs' Complaint not specifically admitted are denied.

## ANSWER

1. Defendants admit upon information and belief that one or more Plaintiffs are North Carolina residents and that one or more Plaintiffs are residents of Guilford County. Defendants further admit that one or more Plaintiffs entered into a motor vehicle title loan

agreement with at least one Defendant. Except as admitted, Defendants deny the allegations in Paragraph 1.

2. Defendants admit that they are corporations with no North Carolina presence. TitleMax of Virginia further admits that it has entered motor vehicle title loan agreements. Except as admitted, Defendants deny the remaining allegations in Paragraph 2.

3. Defendants admit that they are organized under the laws of states other than North Carolina. Defendants further admit that they have not registered to do business with the Office of the Secretary of State of North Carolina. Except as admitted, Defendants deny the allegations in Paragraph 3.

4. The allegations in Paragraph 4 contain legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 4.

5. The allegations in Paragraph 5 contain legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 5.

6. Defendants admit that at least one Defendant has entered at least one motor vehicle title loan agreement with a person located in South Carolina or Virginia who identified an address in North Carolina as his or her residence. Except as admitted, the allegations in Paragraph 6 are denied.

7. Defendants admit that counsel for Plaintiffs mailed many lists containing many names of potential plaintiffs. Except as admitted, the allegations in Paragraph 7 are denied.

8.      The allegations in Paragraph 8 are denied.  Defendants lack information sufficient to form a belief about the truth of Plaintiffs' allegation that "many" of them have lost their contracts.  Defendants likewise lack information sufficient to form a belief about the truth of Plaintiffs' allegation that they cannot remember the entity with whom they contracted.

9.      Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants admit that at least one Defendant has registered at least one motor vehicle title lien with the N.C. Division of Motor Vehicles.  Except as admitted, the allegations in Paragraph 13 are denied.

14.     Defendants deny knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations about their Internet search results.  The remaining allegations in Paragraph 14 are denied.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants admit that all loan agreements between a Plaintiff and a Defendant were executed outside North Carolina.  Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants admit that at least one Defendant has entered at least one loan agreement with a Plaintiff located in South Carolina or Virginia who identified an address in North Carolina as his or her residence and provided information that his or her vehicle

3

was registered in North Carolina.  Except as admitted, the allegations in Paragraph 18 are denied.

19.     Defendants deny the allegations in paragraph 19.

20.     Defendants deny the allegations in paragraph 20.

21.     Defendants admit that at least one Defendant has registered at least one motor vehicle title lien with the N.C. Division of Motor Vehicles.  Except as admitted, the allegations in Paragraph 21 are denied.

22.     Defendants admit that at least one Plaintiff identified an address in North Carolina as his or her residence and provided information that his or her vehicle was registered in North Carolina.  Except as admitted, the allegations in Paragraph 22 are denied.

23.     Defendants admit that at least one Plaintiff provided information that his or her vehicle was registered in North Carolina and bore a North Carolina license plate.  Except as admitted, the allegations in Paragraph 23 are denied.

24.     The allegations in Paragraph 24 are legal conclusions to which no response is required.  If a response is required, the allegations in Paragraph 24 are denied.

25.     Defendants incorporate by reference its responses to Paragraph 1–24.

26.     Paragraph 26 contains legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 26.

27.     Paragraph 27 contains legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 27.

28.     Paragraph 28 contains legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 28.

29. Paragraph 29 contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 29.

30. Paragraph 30 contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 30.

31. Defendants incorporate by reference its responses to Paragraph 1–30.

32. Paragraph 32 contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 32.

33. Paragraph 33 contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 33.

34. Defendants admit that the North Carolina General Statutes contain the language quoted in Paragraph 34. Except as admitted, the allegations in Paragraph 34 are denied.

35. Paragraph 35 contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 35.

36. Paragraph 36 contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 36.

37. Paragraph 37 contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 37.

38. Defendants incorporate by reference its responses to Paragraph 1–37.

39. Paragraph 39 contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 39.

40. Paragraph 40 contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 40.

41.     Paragraph 41 contains legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 41.

42.     Paragraph 42 contains legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 42.

43.     Paragraph 43 contains legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 43.

44.     Defendants incorporate by reference its responses to Paragraph 1–43.

45.     Paragraph 45 contains legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 45.

46.     Paragraph 46 contains legal conclusions to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 46.

47.     Defendants incorporate by reference its responses to Paragraph 1–46.

48.     Defendants admit on information and belief that each of the agreements that exist between any Plaintiff and any Defendant contains an arbitration provision governing all the claims Plaintiffs assert.  Except as admitted, the allegations in Paragraph 48 are denied.

49.     Paragraph 49 is a prayer for relief to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 49.  Defendants reserve the right to insist that all arbitrable claims be referred to individual arbitration in accordance with the applicable agreements to arbitrate.

The remainder of Plaintiffs' Complaint consists of various prayers for relief and are denied.

## DEFENSES

### FIRST DEFENSE
(Lack of Personal Jurisdiction)

Defendants are not subject to the personal jurisdiction of this Court.

### SECOND DEFENSE
(Failure to State a Claim Upon Which Relief Can Be Granted)

Plaintiffs fail to state any claim upon which relief can be granted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Arbitration)

Defendants reserve the right to insist that all arbitrable claims be referred to individual arbitration in accordance with applicable agreements to arbitrate.

### SECOND AFFIRMATIVE DEFENSE
(Preemption)

The Commerce Clause, U.S. Const. art. I, § 8, cl. 3, the First Amendment, U.S. Const. amend. I, or both preempt any effort by North Carolina to regulate commerce outside North Carolina.

### THIRD AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiffs' claims are barred by the running of the statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE
(Choice of Law)

Each of the agreements at issue contains valid choice of law provisions specifying that the agreement is governed by law other than North Carolina law.

## COUNTERCLAIMS

Counter-Claimants file these counterclaims against Counter-Defendants. Counter-Claimants incorporate by reference (1) all contracts incorporated by reference in Counter-Defendants' Complaint, (2) the presence (but not truth) of all allegations in

7

Counter-Defendants' Complaint, and (3) all admitted allegations in Counter-Defendants' Complaint.

1.  Counter-Defendants allege in this lawsuit that they "[e]ach . . . entered into one or title [sic] more loan transactions with Defendants." (Compl. ¶ 16.) Counter-Defendants claim that they each "went to Defendants' [sic] out of state office" and executed "loan documents" there. (Compl. ¶ 17.) They maintain that North Carolina law governs these transactions (*see* Compl. ¶¶ 24, 27) and that the loan agreements they executed are unlawful and unenforceable under various provisions of North Carolina law (*see* Compl. ¶¶ 25–46).

2.  Each of the loan agreements in dispute was executed in Virginia or South Carolina. Those agreements are lawful, and none is governed by North Carolina law.

3.  Counter-Claimants seek declaratory judgments under 28 U.S.C. § 2201 that (a) none of the loan agreements at issue in this lawsuit is governed by North Carolina law; (b) Counter-Claimants' rights under those loan agreements—including the rights to compel arbitration and enforce security interests—are valid and enforceable; and (c) Counter-Defendants have no valid claim against any Counter-Claimant arising from or relating to the loan transactions they entered—or claim to have entered—with at least one Counter-Claimant.

4.  Counter-Claimants also seek to enforce the terms of all loan agreements between a Counter-Claimant and Counter-Defendant and request an award of the damages they incurred from Counter-Defendants' breaches of those agreements.

## STATEMENT OF FACTS

5.  Each Counter-Claimant is engaged in the business of offering loans to consumers in exchange for promises to repay. Each loan is secured through a title interest in the borrower's vehicle.

6. Counter-Claimants operate through retail locations in Virginia or South Carolina. To qualify for a loan, a person must visit a store, complete a loan application, and present their vehicle to the store. The vehicle is then appraised on store premises and the particular Counter-Claimant calculates the terms under which it would be willing to offer a loan. While the customer is still in the store, Counter-Claimant and the customer (assuming they could reach mutually agreeable terms) make and execute a loan agreement.

7. No Counter-Claimant owns, operates, or otherwise maintains any store in North Carolina.

8. Each Counter-Defendant alleges in their Complaint:

a. "The acts and conduct of Defendants in soliciting Plaintiffs for the loans alleged herein, and charging them an annual interest rate in excess of the lawful maximum on that loan are clear violations of the North Carolina Consumer Finance Act that subject Defendants to penalties under N.C.G.S. §53-166(d), including without limitation that Defendants shall not collect, receive, or retain any principal or charges whatsoever with respect to the loan." (Compl. ¶ 29.)

b. "The loans alleged herein are additionally governed by Chapter 24 of the North Carolina General Statutes pursuant to N.C. Gen. Stat. § 24-2.1. Among other reasons, Defendants engaged in solicitations and made an oral offer to lend that was received in North Carolina, Defendants received solicitations or communications from Plaintiffs that originated within North Carolina for Plaintiffs to borrow." (Compl. ¶ 33.)

c. "In addition or in alternative to the penalties set forth in Chapter 53 and Chapter 75, Defendants are subject to the penalties set forth in N.C.G.S. §24-2, including without limitation, repayment of twice the amount of interest paid on the unlawful loan, foregiveness [sic] of purported debt, and return of the title [sic] unencumbered title to Plaintiffs' vehicle." (Compl. ¶ 36.)

## FIRST COUNTERCLAIM
(Declaratory Judgment That No Loan Is Governed by North Carolina Law)

9. The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

9

10. There is an actual controversy between the parties because Counter-Defendants claim that North Carolina law governs the loan agreements they entered with a Counter-Claimant. (*See, e.g.*, Compl. ¶ 24.)

11. North Carolina law does not govern those agreements because, among other reasons, none was executed in North Carolina. (*See* Compl. ¶¶ 24, 27.) Furthermore, any effort by North Carolina to regulate commerce in Virginia or South Carolina is impermissible under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, the First Amendment, U.S. Const. amend. I, or both.

12. Counter-Claimants seek a declaration from this Court that none of the loan agreements at issue in this lawsuit is governed by North Carolina law.

<u>SECOND COUNTERCLAIM</u>
(Declaratory Judgment That Loan Agreements Are Valid and Enforceable)

13. The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

14. There is an actual controversy between the parties because Counter-Defendants claim that the loan agreements they entered with a Counter-Claimant are unenforceable. (*See, e.g.*, Compl. ¶ 26.)

15. Each Counter-Claimant seeks a declaration from this Court that its rights under those loan agreements—including the rights to compel arbitration and enforce security interests—are valid and enforceable.

<u>THIRD COUNTERCLAIM</u>
(Declaratory Judgment of No Liability)

16. The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

17.     There is an actual controversy between the parties because Counter-Defendants allege that they are entitled to damages arising from their loan agreements with Counter-Claimants. (*See, e.g.*, Compl. ¶ 30.)

18.     Counter-Claimants deny on information and belief that all Counter-Defendants have entered a loan agreement with at least one Counter-Claimant. For those Counter-Defendants who have entered into at least one such loan agreement, Counter-Claimants deny that Counter-Defendants are entitled to damages for any reason relating to those agreements.

19.     Counter-Claimants seek a declaration that they each have no liability to any of the Counter-Defendants arising from or otherwise relating to the actual or alleged loan agreements referenced in Counter-Defendants' Complaint.

FOURTH COUNTERCLAIM
(Breach of Contract)

20.     The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

21.     Each Counter-Defendant that executed a loan agreement with at least one Counter-Claimant has incurred enforceable obligations under that agreement and breached those obligations by, among other things, filing this lawsuit rather than submitting the underlying disputes to arbitration and, where applicable, failing to honor payment obligations, which breaches have caused damage to Counter-Claimants.

22.     Counter-Claimants seek all damages they have incurred from breaches of those agreements, including attorneys' fees spent enforcing the terms of those agreements.

WHEREFORE, Counter-Claimants respectfully request that the Court:

A.  enter an order and judgment declaring that none of the loan agreements
    at issue in this lawsuit is governed by North Carolina law;

11

B. enter an order and judgment declaring that Counter-Claimants' rights under those loan agreements—including the rights to compel arbitration and enforce security interests—are valid and enforceable;

C. enter an order and judgment declaring that Counter-Defendants have no valid claim against any Counter-Claimant arising from or relating to the loan transactions they entered—or claim to have entered—with at least one Counter-Claimant;

D. enter judgment in favor of Counter-Claimants and against Counter-Defendants in the amount of Counter-Claimants' damages arising from Counter-Defendants breaches of contract;

E. award Counter-Claimants their costs and attorneys' fees pursuant to any applicable contract, statute, or authority, including under N.C. Gen. Stat. § 75-16.1(2) because, at the time Counter-Defendants filed their Complaint, they knew or should have known that their action against Counter-Claimants was frivolous and malicious; and

F. award any other relief this Court deems just and appropriate.

Respectfully submitted this the 10th day of May, 2019.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Christopher W. Jones
Christopher W. Jones, N.C. Bar No. 27265
Samuel B. Hartzell, N.C. Bar No. 49256
Scott D. Anderson, N.C. Bar No. 49044
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8173
Facsimile: (919) 755-6180
Email: Chris.Jones@wbd-us.com
        Sam.Hartzell@wbd-us.com
        Scott.D.Anderson@wbd-us.com

*Counsel for Defendants TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Answer and Counterclaims with the Clerk of Court using the CM/ECF system.

I hereby further certify that a copy of the foregoing Answer and Counterclaims was served by U.S. mail on the following counsel of record:

Drew Brown
James R. Faucher
BROWN, FAUCHER, PERALDO & BENSON, PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401

*Counsel for Plaintiffs*

This the 10th day of May, 2019.

WOMBLE BOND DICKINSON (US) LLP

/s/ Christopher W. Jones
Christopher W. Jones, N.C. Bar No. 27265
Samuel B. Hartzell, N.C. Bar No. 49256
Scott D. Anderson, N.C. Bar No. 49044
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8173
Facsimile: (919) 755-6180
Email: Chris.Jones@wbd-us.com
        Sam.Hartzell@wbd-us.com
        Scott.D.Anderson@wbd-us.com

*Counsel for Defendants TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc.*