IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AARON GOINS, et al.,<br><br>    Plaintiffs/Counter Defendants,<br><br>v.<br><br>TITLEMAX OF VIRGINIA, INC., et al.,<br><br>    Defendants/Counter Claimants. | Case No. 19-cv-489 |

## TITLEMAX OF VIRGINIA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR CONFIRMATION OF ARBITRATION AWARD (PERKINS)

Defendant TitleMax of Virginia, Inc. ("TitleMax") submits this memorandum of law in support of its motion for confirmation of the arbitration award issued by the American Arbitration Association ("AAA") in the matter between Plaintiff Candice Renee Perkins ("Perkins") and TitleMax.

### MATTER BEFORE THE COURT

On April 22, 2020, this Court ordered the parties to arbitration pursuant to 9 U.S.C. § 4, specifically all individual Plaintiffs who had a loan agreement with TitleMax, and stayed the action pending resolution of arbitration in accordance with the parties' agreements. (ECF No. 76 at 16.) The Court also instructed the parties to notify the Court of any arbitration award within seven days after an arbitration had concluded. (*Id.*)

Subsequently, Perkins, who had entered into a loan agreement with TitleMax on May 18, 2013, filed a Demand for Arbitration with AAA. On November 13, 2020, following briefing by the parties and an evidentiary hearing, the arbitrator entered the Final Award (attached as Exhibit

1

A), which AAA served on the parties on November 16, 2020. TitleMax now seeks an order from this Court confirming the Final Award.

## STATEMENT OF FACTS

TitleMax is licensed and regulated by Virginia to provide loans secured by a borrower's automobile. TitleMax originates loans in-person to borrowers who visit its brick-and-mortar stores in Virginia. On May 18, 2013, Perkins entered into a loan agreement with TitleMax while physically present at its South Boston, Virginia location (the "Loan Agreement"). (Ex. A.) Under the terms of the Loan Agreement, Perkins was required to make eleven monthly payments of $737.56 beginning in June 2013 and one final payment of $737.59 on May 18, 2014. (*Id.*) Perkins only made two payments to TitleMax, one in July 2013 and the other in August 2013. (*Id.*) After Perkins' default, and as a last resort, TitleMax referred her vehicle for repossession, which occurred on June 1, 2015 in Greensboro, North Carolina. (*Id.*)

In April 2019, more than five years after she voluntarily agreed to the terms and conditions of her loan, Perkins initiated the above-captioned matter against TitleMax. (ECF No. 1-1.) The claims asserted by Perkins consist of (i) alleged violations of the North Carolina Consumer Finance Act (N.C. Gen. Stat. § 53-165 *et seq.*); (ii) in the alternative, a claim for damages under the North Carolina usury statutes (*id*. § 24-1.1 *et seq.*); (iii) a claim for unfair and deceptive trade practices ("Ch. 75") (*id*. § 75-1.1); and (iv) a derivative claim for punitive damages. (Ex. A at 1-2.)

Following the Court's April 22, 2020 Order, the parties arbitrated their dispute through discovery, briefing, and an evidentiary hearing. On November 13, 2020, the Arbitrator issued her Final Award. (Ex. A.) In the Final Award, the Arbitrator denied all of Perkins' claims against TitleMax because they were barred by the applicable statute of limitations. (*Id.* at 3-4.)

The Final Award states, in relevant part, that:

> [Perkins] concedes that the [North Carolina Consumer Finance Act] and [North Carolina usury] claims are barred by the applicable statute of limitations and that she is pursuing only her Chapter 75 Claim in this arbitration.
>
> The parties agree that a four-year statute of limitations applies to the Chapter 75 Claim . . . and that [Perkins] filed the civil action against [TitleMax] with regard to the Loan Agreement (from which this Arbitration was ultimately referred) on April 19, 2019. . . .
>
> [Perkins'] civil lawsuit which first raised her Chapter 75 Claim arising out of the Loan Agreement was filed on April 2, 2019, more than four years after May 18, 2013.
>
> [T]he Arbitrator finds that [Perkins'] Chapter 75 Claim is barred by the applicable four-year statute of limitations and that [Perkins] is not entitled to recover against [TitleMax].

*Id.* at 3. While Perkins had argued that "there were 'continuing wrongs,' such that the four-year statute of limitations ran from the last alleged wrongful act of [TitleMax]—the repossession of the vehicle on June 1, 2015," the Arbitrator found that argument was "inapplicable to the facts of this matter." *Id.* The Arbitrator resolved all claims raised in the arbitration. *Id.*

## STATEMENT OF QUESTION PRESENTED

Should the Court enter an order confirming the Final Award and entering judgment on behalf of TitleMax to dismiss Perkins' substantive claims?

## ARGUMENT

The Federal Arbitration Act states that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order[.]" 9 U.S.C. § 9; *see also, e.g.*, *Loney v. USAA Fed. Sav. Bank*, No. 15CV292, 2016 U.S. Dist. LEXIS 91185, at *3 (M.D.N.C. May 2, 2016) ("'A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation

3

can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act.'") (citation omitted).

Here, the Court compelled the parties to arbitration pursuant to their agreement and the Federal Arbitration Act; the parties arbitrated their dispute accordingly; and the Arbitrator issued a Final Award that has not been corrected, vacated, or modified (nor is there any basis for any such actions). TitleMax's motion to confirm the Final Award should therefore be granted.

## CONCLUSION

For the foregoing reasons, TitleMax respectfully requests that the Court enter an order confirming the Final Award and entering judgment on behalf of TitleMax to dismiss Perkins' substantive claims.

Respectfully submitted this 23rd day of November, 2020.

*/s/ Jason D. Evans*
Jason D. Evans, N.C. Bar No. 27808
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Phone: (704) 918-1502
Email: jason.evans@troutman.com

*Counsel for TitleMax of Virginia, Inc.*

## CERTIFICATE OF WORD COUNT

I, Jason D. Evans, certify that the foregoing Memorandum of Law in Support of the Motion for Confirmation of Arbitration Award (Perkins) complies with the word count limits set forth in Local Rule 7.3(d)(1).

                                          */s/ Jason D. Evans*
                                          Jason D. Evans, N.C. Bar No. 27808

## CERTIFICATE OF SERVICE

I, Jason D. Evans, certify that on November 23, 2020, a true and correct copy of the foregoing Motion for Confirmation of Arbitration Award (Perkins) and Memorandum of Law in support thereof were served upon counsel of record via the Court's CM/ECF system.

*/s/ Jason D. Evans*
Jason D. Evans, N.C. Bar No. 27808