# EXHIBIT A

AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-19-0001-3804

Candice Renee Perkins, Claimant
-vs-
TitleMax of Virginia, Inc. d/b/a Titlemax, Respondent

## AWARD OF ARBITRATOR

I, Barbara B. Weyher, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-names parties, and having been duly sworn, and having heard the proofs and allegations of the Parties, each represented by counsel, at an evidentiary hearing held by video conference on November 4, 2020, does hereby AWARD as follows:

The dispute arises from a Motor Vehicle Title Loan Agreement entered into on May 18, 2013 between Claimant, a North Carolina resident, and Respondent at Respondent's location in South Boston, Virginia ("Loan Agreement"). The principal amount of the Loan Agreement was $5,015.00. Claimant was required under the Loan Agreement to make eleven monthly payments of $737.56 to Respondent beginning in June 2013 and one final payment of $737.59 on May 18, 2014. Claimant made two payments to Respondent during the summer of 2013. She made no further payments. Her vehicle was repossessed on June 1, 2015 in Greensboro, North Carolina.

Claimant asserts several claims against Respondent arising from the Loan Agreement: (1) violation of the North Carolina Consumer Finance Act, N.C. Gen. Stat. § 53-164 *et seq.*; (2) in the alternative, a claim for damages under the North Carolina usury statutes (N.C. Gen. Stat. § 24-1.1 *et seq.*); and (3) a claim for

unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1 ("Chapter 75 Claim"). Claimant concedes that the first and second of the above claims are barred by the applicable statute of limitations and that she is pursuing only her Chapter 75 Claim in this arbitration.

The parties agree that a four-year statute of limitations applies to the Chapter 75 Claim (N.C.G.S. § 75-16.2); and that the Claimant filed the civil action against Respondent with regard to Loan Agreement (from which this Arbitration was ultimately referred) on April 19, 2019.

Respondent asserts, among other defenses, that Claimant's Chapter 75 Claim is barred by the four-year statute of limitations. Claimant contends, on the other hand, (1) that there were "continuing wrongs," such that the four-year statute of limitations ran from the last alleged wrongful act of the Respondent – the repossession of the vehicle on June 1, 2015; and (2) that her civil action raising the Chapter 75 Claim was filed within four years of the repossession date.

The Arbitrator finds (1) that the loan agreement was executed on May 18, 2013 and that Claimant received the loan proceeds that day; (2) that her right to commence and maintain a Chapter 75 Claim arising out of the Loan Agreement accrued on that date; (3) that the "continuing wrongs" argument is inapplicable to the facts of this matter; (4) that the four-year statute of limitations applicable to Claimant's Chapter 75 Claim began to run on May 18, 2013; (5) that an action asserting the Chapter 75 Claim would need to have been filed within four years of that date; (6) and that Claimant's civil lawsuit which first raised her Chapter 75 Claim arising out of the Loan Agreement was filed on April 2, 2019, more than four years after May 18, 2013.

For the above reasons, the Arbitrator finds that Claimant's Chapter 75 Claim is barred by the applicable four-year statute of limitations and that Claimant is not entitled to recover against Respondent.

The administrative fees of the American Arbitration Association totaling $2,400.00 shall be borne as incurred, and the compensation of the Arbitrator totaling $2,500.00 shall be borne as incurred.

This Award in in full settlement of all claims submitted to this arbitration. All claims not expressly granted herein are hereby denied.

November 13, 2020        *Barbara B. Weyher*

                                          Barbara B. Weyher, Arbitrator