# EXHIBIT A

AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration Between

Davie Stephen Dawkins (Claimant)         Case Number 01-19-0001-3946

    v.

TitleMax of South Carolina, Inc. (Respondent)

## AWARD OF THE ARBITRATOR

    I, Hon. Robert H. Edmunds, Jr., THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the parties, each represented by counsel, at an evidentiary hearing conducted by Zoom on November 10, 2020, do hereby AWARD as follows:

Background

    This matter was brought pursuant to a series of loan agreements between claimant and respondent. Each agreement contained a clause in which the borrower and lender agreed to waive trial by jury and proceed by arbitration. Pursuant to a preliminary hearing conducted on September 9, 2020, claimant submitted his "Arbitration Submission" on October 21, 2020, and respondent submitted its "Prehearing Brief" on October 29, 2020.

    Although the parties disputed certain factual issues, the following evidence is not contested. Claimant, a citizen of North Carolina, became aware of respondent, a South Carolina business that made short-term loans using the borrower's vehicle as security. Between 2011 and 2016, claimant made five trips to respondent's facility in Cheraw, South Carolina where he negotiated and signed loan agreements and received the agreed-upon funds. Each contract contained an arbitration provision. In addition, each contract stated that "This loan Agreement shall be governed by the laws of the State of South Carolina, except that the Waiver of Jury Trial and Arbitration Provision is governed by the Federal Arbitration Act (FAA)." Claimant has fully repaid all of his loans from respondent.

Issues

    Claimant raises several issues. He contends that respondent's practices violate the North Carolina Consumer Finance Act, N.C.G.S. Section 53-164 *et seq.* More specifically, he alleges a violation of N.C.G.S. Section 53-190(a), which provides in part that "No loan contract made outside this State in the amount of or of the value of fifteen thousand dollars ($15,000) or less, for which greater consideration or changes than are authorized by G.S. 53-173 ["Computation of interest; application of payments; limitation on interest after judgment; limitation on interests after maturity of the loan"] or G.S. 53-176 ["Rates, maturities and amounts"] of this Article have been charged, contracted for, or received, shall be enforced in this State." Speaking generally, Part (b) of that statute makes it applicable to such a lender who comes into North Carolina.

Claimant seeks compensatory damages under the Consumer Finance Act and further argues that such damages should be tripled pursuant to N.C.G.S. Section 75-1.1, the Unfair and Deceptive Practices Act (UDPA). As part of his UDPA contention, claimant alleges that respondent violated South Carolina notary law. Claimant also seeks reasonable attorneys' fees pursuant to N.C.G.S. Section 75-16.1.

In the alternative, claimant seeks to recover for violation of North Carolina's usury statutes, N.C.G.S. Section 24-2.1, *et seq*.

Respondent raises several defenses. First, respondent argues that the loans were created entirely outside of North Carolina and that the law of North Carolina does not apply. In the alternative, respondent argues that North Carolina's statutes of limitation rule out several of claimant's claims. The Consumer Finance Act has a three-year limitations period, the UDPA has a four-year limitations period, and the usury statute has a two-year limitations periods. Claimant obtained loans in 2011, 2013, 2014, 2015, and 2016, so the interplay of these statues, if applicable, with each loan would require individual analysis.

Respondent also argues that under the dormant commerce clause, a state may not regulate commence occurring wholly outside its borders, citing *Healey v. Beer Inst., Inc.*, 491 U.S. 324 (1989).

In addition, respondent argues that any alleged violation of South Carolina's notary law is unsupported by the evidence and, in any case, does not implicate North Carolina's UDPA because there is no evidence that petitioner relied on a notarization.

Finally, respondent challenges petitioner's proposed recovery, stating that punitive damages and treble damages are not both recoverable.

Respondent has requested a reasoned award.

Discussion

Both in their filings and in their presentations, claimant and respondent offered different theories of this case. Claimant characterizes the matter as sounding in tort, while respondent argues that it sounds in contract.

I conclude that the law of contract resolves this matter. I further conclude that the appropriate choice of law is that of South Carolina, as set out in each of the contracts claimant signed.

The evidence indicates that all contractual activities, including "solicitation, discussion, negotiation, offer, acceptance, signing of documents, and delivery and receipt of funds occur[red] entirely outside of North Carolina." N.C.G.S. Section 53-190(a). The evidence was conflicting on some points, such as how claimant first became aware of respondent. Claimant testified that he heard a radio advertisement for respondent's services while he was in North Carolina, while a representative of respondent testified that respondent does not air radio advertisements and does not advertise in North Carolina. In crediting respondent's testimony, I do not find that claimant was untruthful. Instead, I find that his memory several years after his

2

first loan may be fallible, while respondent deliberately took numerous steps to ensure that all its loan procedures took place in South Carolina and were subject to South Carolina law. To the extent that any activities took place in North Carolina after the contracts were formed, such as claimant's mailing of payments to respondent or respondent's temporary repossession of claimant's car, they are not included in N.C.G.S Section 53-190(a) as part of the contracting process and are not within the scope of the North Carolina Consumer Finance Act. I further find that the dormant commerce clause prevents the application of North Carolina law to these loan transactions.

Because the contracts were wholly executed and carried out in South Carolina, the North Carolina statutes relied upon by claimant are not applicable. Accordingly, there is no need to address issues relating to the applicable statute of limitations or South Carolina's notary law.

AWARD

For the reasons stated above, claimant's claims are DENIED and claimant shall not recover damages or attorneys' fees from respondent.

Respondent has made no claim for fees.

I do not find that claimant's claim is patently frivolous or filed for the purpose of harassment. Accordingly, each party shall bear its own costs and fees.

The administrative fees of the American Arbitration Association (AAA) totaling $2,650.00 shall be borne as incurred and the compensation of the Arbitrator totaling $2,500.00 shall be borne as incurred.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not explicitly granted herein are hereby denied.

Date: November 23, 2020

Robert H. Edmunds, Jr., Arbitrator.