AMERICAN ARBITRATION ASSOCIATION
Case No. 01-19-0002-5189

Carrie Ann Edwards, Claimant, vs. TitleMax of South Carolina, Inc., Respondent.

**AWARD**

I, Jeffrey J. Davis, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the parties, each represented by counsel, at an evidentiary hearing held on December 8, 2020, do hereby, AWARD, as follows:

At all relevant times, Claimant was, and remains, a citizen and resident of the state of North Carolina. Respondent TitleMax of South Carolina, Inc. ("TitleMax') was, and remains, a corporation organized and existing under the laws of the state of South Carolina.

Claimant's assert tort—not contract--claims against Respondent pursuant to North Carolina's Consumer Finance Act (NC Gen Stat 53). TitleMax made a car title loan to Claimant secured by Claimant's car title by recording a lien on that title in Raleigh, North Carolina. At all relevant times, that car was titled in North Carolina. A car title loan is a short-term loan product that is secured by the title to the borrower's motor vehicle. In Claimant's case, TitleMax charged Claimant annual rates well in excess of the 30% interest rates permitted by the North Carolina Consumer Finance Act.

Because Claimant is a North Carolina resident to whom Title Max has made a loan at annual rates of interest that far exceed the rates of interest permitted under North Carolina law, she has brought claims against TitleMax as follows: 1) for violations of the North Carolina Consumer Finance Act, N.C.G.S. § 53-164 *et seq.* and, in the alternative, a claim for violations of the North Carolina usury statute, N.C.G.S. § 24-2.1 *et seq*.; and (2) for unfair and deceptive trade practices, N.C.G.S. § 75–16.1(1). Claimant also seeks punitive damages.

A hearing was conducted over Zoom. The parties each submitted pre-hearing briefs. For the reasons set forth below, I award as follows.

I. Respondent Has Violated The North Carolina Consumer Finance Act.

The North Carolina Consumer Finance Act expressly applies to "Loans Made Elsewhere." N.C. Gen. Stat. § 53-190 provides:

(a) No loan contract made outside this State in the amount or of the value of fifteen thousand dollars ($15,000) or less, for which greater consideration or charges than are authorized by G.S. 53-173 and G.S. 53-176 of this Article have been charged, contracted for, or received, shall be enforced in this State. Provided, the foregoing shall not apply to loan contracts in which all contractual activities, including solicitation, discussion, negotiation, offer, acceptance, signing of documents, and delivery and receipt of funds, occur entirely outside North Carolina.

(b) If any lender or agent of a lender who makes loan contracts outside this State in the amount or of the value of fifteen thousand dollars ($15,000) or less, comes into this State to solicit or otherwise conduct activities in regard to such loan contracts, then such lender shall be subject to the requirements of this Article.

The maximum allowable rate of interest permitted by the North Carolina Consumer Finance Act is 30% per annum.

The evidence establishes the following facts:

1. Claimant had a discussion with TitleMax while she was in North Carolina.

2. Claimant called TileMax from North Carolina.

3. Claimant made payments to TitleMax from North Carolina;

4. TitleMax came into North Carolina and used the North Carolina DMV to perfect a security interest in the motor vehicle;

5. TitleMax sent its agents into North Carolina to repossess Claimant's vehicle, which it subsequently returned to Claimant.

6. TitleMax regularly comes into North Carolina to record liens which is "conducting activities in regard to such loan contracts."

7. TitleMax regularly comes into North Carolina, through its agents, to repossess vehicles which is "conducting activities in regard to such loan contracts."

The North Carolina Consumer Finance Act applies to these tort claims, in short, because it says it does.

8. TitleMax charged Claimant an annual interest rate of 191.555%.

## II. Claimant Is Entitled To Compensatory Damages for TitleMax's Violations Of The North Carolina Consumer Finance Act.

N.C. Gen. Stat. § 53-166(d) sets forth the penalty for a lender that violates the Consumer Finance Act:

> (d) Additional Penalties. – Any contract of loan, the making or collecting of which violates any provision of this Article, or regulation thereunder, except as a result of accidental or bona fide error of computation is void, and the licensee or any other party in violation shall not collect, receive, or retain any principal or charges whatsoever with respect to the loan. If an affiliate operating in the same office or subsidiary operating in the same office of a licensee makes a loan in violation of G.S. 53-180(i), the affiliate or subsidiary may recover only its principal on the loan.

TitleMax must return to Claimant all sums it has collected on the loan, which I determine to be $6,620.82. This includes all payments made including those sums that went to repayment of the principal and interest amount of the loans. This totals $6,620.82 in compensatory damages.

## III. Titlemax Has Engaged In Unfair and Deceptive Trade Practices.

A violation Chapter 53 is also a violation of Chapter 75. *State of NC v. NCCS Loans,* 624 S.E.2d 371, 378, 174 N.C. App. 630 (N.C. App. 2005) and *Odell v. Legal Bucks*, LLC, 665 S.E.2d 767 (N.C. App. 2008). The record evidence establishes that TitleMax did not disclose to Claimant that the Motor Vehicle Title Loan Agreements violated North Carolina law and the interest rates that it charged her violated the paramount public policy of North Carolina to protect North Carolina resident borrowers through the application of North Carolina interest laws. On these facts, TitleMax committed an unfair and deceptive trade practice as a matter of law. When a party commits an Unfair Trade Practice, N.C. Gen. Stat. § 75-16 provides that the court "shall" treble the damages. Further, where the violation of Chapter 75 was "willful" and there was an unwarranted refusal by such party to fully resolve the dispute, as is the case here, a court may in its discretion award attorneys fees. "An act is "willful" within the meaning of N.C. Gen.Stat. § 75–16.1(1) if it is done voluntarily and intentionally with the view to doing injury to another." The record evidence establishes that TitleMax voluntarily and intentionally charged Claimant rates of interest in excess of the lawful amount and has retained all payments on the loans in violation of N.C. Gen. Stat. § 53-166(d). Therefore, I will award Claimant treble damages pursuant to N.C. Gen. Stat. § 75-16,

## IV. N.C.G.S. §53-190 Does Not Violate The Dormant Commerce Clause.

TitleMax asserts that the North Carolina Consumer Finance Action violates the Dormant Commerce Clause of the United States Constitution and asks the Arbitrator to so find. However, the Arbitrator finds the decision of the North Carolina Business Court in *State of North Carolina ex rel. Roy Cooper Attorney General and Ray Grace, Commissioner of Banks v. Western Sky Financial, LLC, et al.*, 2015 NCBC 84 (2015) to be both controlling and persuasive and, therefore, declines TitleMax's request.

THEREFORE, for the reasons set forth above, the undersigned Arbitrator does HEREBY ORDER as follows:

1. Claimant shall have and recover of TitleMax compensatory damages in the amount of $6,620.82 for TitleMax's violations of the North Carolina Consumer Finance Act.

2. That award is trebled to the amount of $19,862.46 and TitleMax is directed to pay the sum of $19,862.46 to Claimant within thirty (30) days from the date of this Order.

3. The fees of the American Arbitration Association, in amount of $2,495.00, and the compensation of the Arbitrator in the amount of $2,500.00 both shall be borne as incurred.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

____December 15, 2020_____
        Date

*[signature]*

                              Arbitrator