IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AARON GOINS, et al.,<br><br>    Plaintiffs/Counter Defendants,<br><br>v.<br><br>TITLEMAX OF VIRGINIA, INC., et al.,<br><br>    Defendants/Counter Claimants. | Case No. 19-cv-489 |

**TITLEMAX OF SOUTH CAROLINA, INC.'S
REPLY BRIEF TO PLAINTIFF DAVIE DAWKINS' OPPOSITION TO ITS
MOTION FOR CONFIRMATION OF ARBITRATION AWARD (DAWKINS)**

Defendant, TitleMax of South Carolina, Inc. ("TitleMax"), submits this brief in reply to Plaintiff Davie Dawkins' Opposition to Motion to Confirm Award ("Response in Opposition"). (ECF No. 97.)

**ARGUMENT**

Plaintiff does not contest that the arbitrator entered an award in TitleMax's favor and does not contest that the award is valid. Rather, Plaintiff requests that the Court disregard the plain mandate of the Federal Arbitration Act ("FAA") – that it "must grant such an order" when a party to the arbitration applies "for an order confirming the award." 9 U.S.C. § 9.

Plaintiff takes a two-pronged approach to oppose a straightforward reading and application of the FAA's provision regarding the confirmation of awards: (1) by arguing that any party can defeat confirmation simply by claiming acquiescence with the award; and (2) by arguing confirmation of an award is a "waste of judicial resources," while simultaneously submitting a filing which requires the court to review and rule upon his opposition to confirmation of an award he does not oppose. Both arguments lack merit.

112219865

Plaintiff's position that *post hoc* claiming a dispute does not exist between the parties after pursuing that dispute to and through a decision on the merits should prevent confirmation of an award subverts the plain language of the FAA and Fourth Circuit precedent that confirmation of award is intended to be summary.  "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986).  Plaintiff does not dispute the validity of the award, and the award, therefore, will not be "corrected, vacated, or modified" – the only grounds for denying a confirmation proceeding.  Arbitration awards clearly involve disputed cases and controversies, and those awards may be confirmed without a new dispute arising subsequent to the award.  *Id.* at 222, 226 (remanding for entry of an order granting confirmation of an award for defendant with no new dispute).  Dismissing the case, rather than confirming that an award was reached on the merits, does not reflect the result obtained in arbitration.  TitleMax is entitled to finality under an arbitration award and the legal benefits that accrue from such award.

Additionally, Plaintiff's proposed interpretation of the FAA would allow any party in any dispute to prevent confirmation of an arbitration award.  Under Plaintiff's proposed interpretation of the FAA, any party could defeat a motion to confirm simply by stating it acquiesces to the award.  Plaintiff's only citation in support of this decision, *Derwin v. General Dynamics Corp.*, is misplaced as it does not stand for the proposition that Plaintiff posits. 719 F.2d 484 (1st Cir. 1983).  *Derwin* resolved a statute of limitations issue in a section 301 suit – and in doing so, the Court expressly stated it was not making any interpretation of the FAA.  *Id.* at 488-490 ("Instead of relying on the federal arbitration act to support an order of specific performance in a section 301 suit, the Supreme Court held that section 301 itself provides a body
2

of federal substantive law… We therefore reject the company's suggestion that we fashion a uniform federal limitations period by borrowing the one-year provision of the federal arbitration act.") Moreover, the *Derwin* Court was assessing prospective use of a prior arbitration award to obtain relief in distinct, subsequent disputes involving the same party. *Id.* at 491 ("Only where an arbitral award is both clearly intended to have a prospective effect and there is no colorable basis for denying the applicability of the existing award to a dispute at hand, will a court order compliance with the award rather than require the parties to proceed anew through the contract grievance procedure.") TitleMax is not seeking prospective use of the arbitrator's decision. Confirmation is solely for the claims made by Plaintiff and rejected by the arbitrator.

Plaintiff's argument that confirmation of an arbitration award is a significant waste of judicial resources is without merit. TitleMax's Motion to Confirm and the proposed order are simple and straightforward. Plaintiff's preferred result - submitting a motion to dismiss, the basis supporting dismissal, and a proposed order - requires the same level of Court involvement. Somewhat ironically, Plaintiff's concern regarding Court resources is raised in opposition to confirmation of an award he does not oppose – thereby requiring the Court to review and rule upon the parties' briefs. If Plaintiff did not oppose TitleMax's motion, Plaintiff would not be required to file a response requiring the Court's review. LR 7.3(f) (brief only required "if opposing a motion"). TitleMax's Motion to Confirm is a permitted under the FAA. Review and approval of the motion is appropriate and not a waste of judicial resources.

## CONCLUSION

For the foregoing reasons, TitleMax respectfully requests that the Court enter an order confirming the Final Award and entering judgment on behalf of TitleMax to dismiss Dawkins' substantive claims.

Respectfully submitted this 28th day of December, 2020.

>
> */s/ Jason D. Evans*
> Jason D. Evans, N.C. Bar No. 27808
> TROUTMAN PEPPER HAMILTON SANDERS LLP
> 301 S. College Street, 34th Floor
> Charlotte, NC 28202
> Phone: (704) 918-1502
> Email: jason.evans@troutman.com
>
> *Counsel for TitleMax of South Carolina, Inc.*

## CERTIFICATE OF WORD COUNT

I, Jason D. Evans, certify that the foregoing Reply Brief to Plaintiff Candice Dawkins' Opposition to its Motion for Confirmation of Arbitration Award (Dawkins) complies with the word count limits set forth in Local Rule 7.3(d)(1).

*/s/ Jason D. Evans*
Jason D. Evans, N.C. Bar No. 27808

112219865

## **CERTIFICATE OF SERVICE**

    I, Jason D. Evans, certify that on December 28, 2020, a true and correct copy of the foregoing Reply Brief to Plaintiff Candice Dawkins' Opposition to its Motion for Confirmation of Arbitration Award (Dawkins) in support thereof were served upon counsel of record via the Court's CM/ECF system.

                                           */s/ Jason D. Evans*
                                           Jason D. Evans, N.C. Bar No. 27808