IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AARON GOINS, et al., )
)
    Plaintiffs/Counter Defendants, )
)
v. )
) Civil Action No. 19-cv-489
)
TITLEMAX OF VIRGINIA, INC., et al., )
)
    Defendants/Counter Claimants. )

### PLAINTIFF DOMINICK HINSON'S REPLY TO OPPOSITION TO MOTION TO ENFORCE AWARD

Plaintiff Dominick Hinson ("Plaintiff") submits this Reply to the Opposition of Defendant TitleMax of Virginia, Inc. ("TitleMax") to his motion for confirmation of the arbitration award rendered by the American Arbitration Association ("AAA") in the matter between Plaintiff and TitleMax.

### ARGUMENT

TitleMax wants to relitigate the case here[1] despite the fact that the Arbitrator conducted a merits hearing on full briefing and decided the matter in Claimant's favor, as have many other arbitrators in similar matters against TitleMax in recent months. TitleMax chose the arbitration forum in its contracts (and continues to do so), yet now that it has lost, it wants a do over here (despite moving to confirm where it is pleased with the

---

[1] TitleMax has challenged and refused to pay every award it has lost, no matter the reason.

1

Arbitrators' decisions). The obvious purpose of arbitration is to avoid just that.

Judge Schroeder's recent opinion in *Astanza Design, LLC v. Giemme Stile, S.P.A.*, 220 F.Supp.3d 641 (M.D.N.C. 2016) lays out the standard this Court should apply in determining Plaintiff's confirmation motion:

> The Fourth Circuit has recently reiterated that the scope of judicial review of an arbitration award "is among the narrowest known at law." *UBS Fin. Servs., Inc. v. Padussis*, 842 F.3d 336, 2016 WL 6871906, at *2 (4th Cir. 2016)…The court's duty is "to determine whether the arbitrators did the job they were told to do – not whether they did it well, or correctly, or reasonably, but simply whether they did it." Id. (quoting *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007)). In determining whether the arbitrators acted within their authority, the court is permitted, therefore, to determine whether the arbitrators "exceeded their powers," 9 U.S.C. § 10(a)(4), and in pursuing this inquiry may decide whether the parties agreed to arbitrate a particular dispute. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 651 (1986). However, "[a]n arbitration award is enforceable even if the award resulted from a misinterpretation of law, faulty legal reasoning or erroneous legal conclusion, and may only be reversed when arbitrators understand and correctly state the law but proceed to disregard the same." *Upshur Coals Corp. v. United Mine Workers of Am., Dist.* 31, 933 F.2d 225, 229 (4th Cir. 1991) (citations omitted). Apart from these fundamental questions of arbitrability, courts must defer to the arbitrators as to the merits of a dispute and any procedural questions arising from them, even if they bear on the final result. UBS Fin., 2016 WL 6871906, at *3. To do otherwise "would frustrate the purpose of having arbitration at all." Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 193 (4th Cir. 1998). The Supreme Court has said that a party seeking relief under § 10(a)(4) of the FAA bears "a heavy burden." *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013). "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits." Id. (citations omitted).

*Id.* at 645.

The facts and law in the underlying matter against TitleMax are laid out at length in the attached Claimant's Arbitration Submission (Exhibit A) as well as the Arbitrator's

Final Award (attached to Confirmation Motion as Exhibit A). Arbitrator James H. Locus, a veteran North Carolina litigator, made lengthy Findings of Facts, now uncontested, including:

> a. That the perfection of the Claimant's lien with the North Carolina Department of Motor Vehicle of North Carolina occurred in North Carolina;
> b. That the repossession of the Claimant's vehicle by Respondent's agent in North Carolina;
> c. That the sale of Claimant's vehicle in North Carolina;
> d. That the issuance of post-agreement letters and texts including delinquency notices by Respondent to Claimant sent to the North Carolina address; and
> e. That Respondent accepted payments from North Carolina

(Arbitrator Award at 5). It is hardly reasonable to maintain that the Arbitrator "dispense[d] his own brand of industrial justice" when many other Arbitrators have agreed with him. In the last month and a half alone, veteran and well-qualified AAA Arbitrators Jeffrey J. Davis, Edward Hennessey, James Petelle and Reagan Weaver have all rejected TitleMax's same arguments in matters brought against it by other North Carolina borrowers (Exhibit A of D.R. 99, 106, 107, and Exhibit B of 108).

### I. Defendants Improperly Seeks A "Redo" On The Legal Issues

Not only did the Arbitrator not "manifestly disregard the law" with regard to the legal issues here, a *de novo* review (which is not before this Court) would reveal that he was correct in rejecting TitleMax's arguments. First, all issues, claims and counterclaims being made by both parties were sent to arbitration by this Court. (D.R. 76) TitleMax now attempts to say the Arbitrator strayed in resolving issues outside a breach of contract claim - which is a claim that was never even made. Plaintiff's claims are and have always been tort claims. This Court sent this dispute to the Arbitrator for resolution and, in addition,

3

the countract actually says the arbitration covers "all state law claims" and "all claims asserted by you against us including claim for money damages. Exhibit B at Par. 1). TitleMax's contract with Plaintiff further says that the arbitration provision contained therein requires that the resolution is "binding" upon TitleMax. (emphasis added)(Exhibit B at Par. 8). Now that it has lost that arbitration proceeding it wants that provision to cover only some of the disputes and for the Arbitrator's award to be non-binding.

Next, TitleMax argues that it is "eminently clear" that choice of law provisions are enforceable. However, the courts of North Carolina have long rejected choice of law provisions that violate a fundamental public policy of the state. Indeed, all reported legal authorities in the jurisdiction are counter to TitleMax's position - the North Carolina Consumer Finance Act applies regardless of a choice of law provision in the loan agreement. The North Carolina Business Court in *State v. Western Sky Fin.*, *LLC*, 2015 NCBC 84 (2015) makes clear that "[t]he North Carolina Supreme Court has held that a contract made in a foreign state or country with the intent and propose to avoid the usury laws of this State is invalid and the interest laws of North Carolina are applicable." *Id.* at ¶37 (quoting *Bundy v. Comm. Credit Co.*, 200 N.C. 511, 517-18 (1931)). The Business Court further recognized that North Carolina courts do not enforce choice of law provisions where the chosen law "would violate a fundamental policy of [North Carolina] of otherwise applicable law." *Id.* at ¶39. (citing *Behr v. Behr,* 46 N.C. App. 694, 696 (1980)). To say that the opposite is "eminently clear" is just not correct.

Finally, TitleMax argues that the Arbitrator erred in applying North Carolina law. Arbitrator Locus is correct that North Carolina law applies to Plaintiff's claims. The North

4

Carolina statute plainly states that it applies to loans that were "made elsewhere." The Final Award addresses all of these issues at paragraphs 5, 6, 7, 9 10 and finds that out of state law "offends North Carolina public policy as expressed in the CFA and Usury Act, and the Arbitrator on that basis declines to apply Virginia Law." (Award at 10). In addition, these are tort claims, not contract claims and so lex loci contractus is a nonfactor. The Arbitrator's legal decision, which has been joined by other Arbitrators (and, recently, the courts) hardly "manifestly disregard the law." This choice of law analysis was succinctly summarized by North Carolina Superior Court Judge Michael A. Stone who said from the bench on December 11, 2020 while rejecting a South Carolina car title lender's choice of law argument when a lien was recorded, like here, with the North Carolina DMV:

> I think it's the crux of the whole issue. I mean, quite frankly, let's assume Automoney doesn't take calls from people out of state, doesn't solicit, they don't do anything, but given that their name is a lienholder on the North Carolina certificate of title, if that's all they do, it's game over in my opinion -- the way I see the law.

(Transcript at 50 attached as Exhibit D). Yet, in deciding the same question and based on much broader factual findings, TitleMax argues that Arbitrator Locus "manifestly disregarded the law."

**II. TitleMax Abandons TitleMax's Dormant Commerce Clause Defense.**

Titlemax has finally decided to abandon its Dormant Commerce Clause defense apparently after the response filed in *Carrie Edwards v. TitleMax* matter (D.R. 108). And with good reason as the North Carolina Consumer Finance accounts directly for the issue

5

in its language and also neutrally applies to out of state and instate providers alike. Having done so finally here, this will reduce Court time on the issue going forward.[2]

### III. The Court Should Award Plaintiff Attorneys' Fees for Time Spent Enforcing the Award.

Both the North Carolina's Revised Uniform Arbitration Act, N.C. Gen. Stat. § 1-569.25(c) and the court's inherent authority allow for an award of attorneys' fees. *See International Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.,* 774 F.2d 43, 47 (2d Cir. 1985) ("As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: 'when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" (citation omitted)).

Judge Schroeder's recent opinion also addresses this attorneys' fees issue:

Because this action is before the court on the basis of diversity jurisdiction, the court must apply the substantive law of the forum State. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The right to an award of attorneys' fees is considered a matter of substantive law. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 213 (S.D.N.Y. 2006). North Carolina General Statute § 1-569.25(c) applies to agreements made after January 1, 2004, and provides in relevant part that a court may award reasonable attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award. This provision therefore vests the court with discretion to award attorneys' fees to Astanza associated with the present proceeding unless it is otherwise preempted by the FAA. The exercise of State authority in a field traditionally occupied by State law will not be deemed preempted by a federal statute absent the clear manifestation of Congress. *Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 157 (1978). Even where a federal statute does displace State

---

[2] Likewise it is noteworthy that no motion for relief or to set aside was made to either the arbitrator or this Court.

authority, it rarely occupies a legal field completely, totally excluding all participation by the legal systems of the states . . . Federal legislation, on the whole, has been conceived and drafted on an ad hoc basis to accomplish limited objectives. It builds upon legal relationships established by the states, altering or supplanting them only so far as necessary for the special purpose. *Southland Corp. v. Keating*, 465 U.S. 1, 18 (1984) (quoting P. BATOR ET AL., HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 470–71 (2d ed. 1973)). "The limited objective of the Federal Arbitration Act was to abrogate the general common law rule against specific enforcement of arbitration agreements." *Southland Corp.*, 465 U.S. at 18; see S. REP. NO. 68-536 at 2–3 (1924). Beyond this purpose, there is no clear intent to displace State authority. *Southland Corp.*, 465 U.S. at 18…(F)ederal courts have found it consistent with the purpose of the FAA to award attorneys' fees for litigation commenced to confirm or vacate an arbitration award under the FAA, even under their inherent powers. See, e.g., *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999-1000 (5th Cir. 1982); see also *Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. United Farm Tools, Inc., Speedy Mfg. Div.*, 762 F.2d 76, 77 (8th Cir. 1985) (per curiam) (holding that an unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees); *Com. Refrigeration, Inc. v. Layton Const. Co.*, 319 F. Supp. 2d 1267, 1271 (D. Utah 2004) (awarding attorneys' fees while noting that "[w]hile losing an arbitration may be unpleasant . . . the experience is not significantly improved by the instigation of a doomed — and no doubt costly — legal action"). A court may award attorneys' fees "when a party opposing confirmation of [an] arbitration award 'refuses to abide by an arbitrator's decision without justification.'" *The N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.,* No. 03 Civ. 5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003) (quoting Int'l Chem. Workers Union, 774 F.2d at 47.)). Here, the court need not determine whether Defendants' opposition to the arbitration award was "unjustified." Section 1 express allowance for an award of attorneys' fees to Astanza in connection with its efforts to confirm the arbitration award and oppose Defendants' motion to vacate, modify, or correct the award are consistent with the purposes of the FAA and should be given effect. The statute expressly authorizes an award of reasonable attorneys' fees to the "prevailing party." The Uniform Law Comment provided with the statute notes that the provision is designed to "promote[] the statutory policy of finality of arbitration awards" by allowing recovery of expenses and fees to the prevailing party in contested judicial actions precisely like the present and thereby to discourage "all but the most meritorious challenges of arbitration awards." N.C. Gen. Stat. § 1-569.25(c) cmt. 3;10 see also Aetna Health of the Carolinas, 212 N.C. App. 419, 713

S.E.2d 792, at *6 (affirming trial court order confirming arbitration award and attorneys' fee award based on "prevailing party" status under § 1-569.25(c)).

*Astanza Design* 220 F. Supp. 3d at 652-53. The reality is that this matter has gone on far too long and - even after losing before so many Arbitrators - Defendant unjustifiably refuses to pay. The Court should award Plaintiff attorneys' fees. A Declaration in support thereof is attached as Exhibit C.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order confirming the Final Award, entering judgment against TitleMax of South Carolina, Inc. and awarding Plaintiff attorneys' fees for time spent enforcing the Arbitration Award.

This is the 1st day of February, 2021.

> */s/ Andrew H. Brown*
> Andrew H. Brown
> N.C. State Bar No. 28450
> Attorney for Plaintiff

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC  27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com

8

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document complies with the word count limits contained in LR 7.3(d)(1).

> */s/ Andrew H. Brown*
> Andrew H. Brown
> N.C. State Bar No. 28450
> Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC 27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com