IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AARON GOINES, et al.,

    Plaintiffs/Counter Defendants,

v.

TITLEMAX OF VIRGINIA, INC., et al.,

    Defendants/Counter Claimants.

Case No. 19-cv-489

**TITLEMAX OF SOUTH CAROLINA, INC.'S
REPLY BRIEF TO PLAINTIFF CASSANDRA BROOKS' OPPOSITION TO ITS
MOTION FOR CONFIRMATION OF ARBITRATION AWARD (BROOKS)**

Defendant TitleMax of South Carolina, Inc. ("TitleMax") submits this brief in reply to Plaintiff Cassandra Nicole Brooks' ("Brooks") Opposition to Motion to Confirm Award ("Response in Opposition") (ECF No. 118).

## ARGUMENT

In her Response in Opposition, Plaintiff does not contest that the arbitrator entered an award in TitleMax's favor and does not contest that the award is valid. Rather, Plaintiff requests that the Court disregard the plain mandate of the Federal Arbitration Act ("FAA") – that it "must grant such an order" when a party to the arbitration applies "for an order confirming the award." 9 U.S.C. § 9.

Plaintiff takes what appears to be a two-pronged approach to oppose a straightforward reading and application of the FAA's provision regarding the confirmation of awards: (1) by arguing confirmation is not necessary when neither party is "claiming anything against each other anymore;" and (2) by arguing confirmation of an award is a waste of the Court's time and resources, while simultaneously submitting a filing which requires the Court to review and rule

1

upon her opposition to confirmation of an award she does not oppose. Both arguments lack merit.

Plaintiff's position that *post hoc* claiming a dispute does not exist between the parties, after pursuing that dispute to and through a decision on the merits, should prevent confirmation of an award subverts the plain language of the FAA and Fourth Circuit precedent that confirmation of award is intended to be summary. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). In her Response in Opposition, Plaintiff does not dispute the validity of the award, and the award, therefore, will not be "corrected, vacated, or modified" – the only grounds for denying a confirmation proceeding. Arbitration awards clearly involve disputed cases and controversies, and those awards may be confirmed without a new dispute arising subsequent to the award. *Id.* at 222, 226 (remanding for entry of an order granting confirmation of an award for defendant with no new dispute).

Under Plaintiff's proposed interpretation of the FAA, any party could defeat a motion to confirm simply by stating it acquiesces to the award and that no claims exist between the parties. Plaintiff argues that due to the lack of claims between the parties, the Court should deny TitleMax's Motion to Confirm and simply dismiss her case. However, dismissing the case, even with prejudice, rather than confirming that an award was reached on the merits, does not reflect the result obtained in arbitration. TitleMax is entitled under federal law to finality under an arbitration award and the legal benefits that accrue from such award.

In addition, Plaintiff's argument that confirmation of an arbitration award is a waste of judicial resources is without merit. TitleMax's Motion to Confirm and the proposed Order are

2

simple and straightforward. Plaintiff's preferred result - submitting a motion to dismiss, the basis supporting dismissal, and a proposed order - requires the same level of Court involvement. Somewhat ironically, Plaintiff's concern regarding Court resources is raised in opposition to confirmation of an award she does not oppose – thereby requiring the Court to review and rule upon the parties' briefs. If Plaintiff did not oppose TitleMax's motion, Plaintiff was not required to file a response requiring the Court's review. *See* LR 7.3(f) (brief only required "if opposing a motion"). TitleMax's Motion to Confirm is a permitted under the FAA. Accordingly, review and approval of the Motion is appropriate and not a waste of judicial resources.

## CONCLUSION

For the foregoing reasons, TitleMax respectfully requests that the Court enter an order confirming the Final Award and entering judgment on behalf of TitleMax to dismiss Brooks' substantive claims.

Respectfully submitted this 16th day of February, 2021.

>                               */s/ Jason D. Evans*
>                               Jason D. Evans, N.C. Bar No. 27808
>                               TROUTMAN PEPPER HAMILTON SANDERS LLP
>                               301 S. College Street, 34th Floor
>                               Charlotte, NC 28202
>                               Phone: (704) 918-1502
>                               Email: jason.evans@troutman.com
>
>                               *Counsel for TitleMax of South Carolina, Inc.*

## CERTIFICATE OF WORD COUNT

I, Jason D. Evans, certify that the foregoing **TITLEMAX OF SOUTH CAROLINA, INC.'S REPLY BRIEF TO PLAINTIFF CASSANDRA BROOKS' OPPOSITION TO ITS MOTION FOR CONFIRMATION OF ARBITRATION AWARD (BROOKS)** complies with the word count limits set forth in Local Rule 7.3(d)(1).

*/s/ Jason D. Evans*
Jason D. Evans, N.C. Bar No. 27808

## CERTIFICATE OF SERVICE

I, Jason D. Evans, certify that on February 16, 2021, a true and correct copy of the foregoing **TITLEMAX OF SOUTH CAROLINA, INC.'S REPLY BRIEF TO PLAINTIFF CASSANDRA BROOKS' OPPOSITION TO ITS MOTION FOR CONFIRMATION OF ARBITRATION AWARD (BROOKS)** was served upon counsel of record via the Court's CM/ECF system.

*/s/ Jason D. Evans*
Jason D. Evans, N.C. Bar No. 27808