IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AARON GOINS, *et al.*,  )
               Plaintiffs,  )
               v.  )    1:19CV489
TITLEMAX OF VIRGINIA, INC., *et al.*,  )
               Defendants,  )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion to Enforce Award and Enter Judgment by Plaintiff Carrie Edwards. (ECF No. 98.) The motion requests that the Court confirm the Final Award issued by the American Arbitration Association ("Final Award") pursuant to 9 U.S.C. § 9 (2018) and enter judgment on behalf of Edwards against Defendant TitleMax of South Carolina, Inc. ("TitleMax"), consistent with the Final Award. (*Id.*) For the reasons that follow, the Court grants the motion.

**I.    Background**

Edwards is one of numerous plaintiffs in this action that allegedly entered into a "car title loan" transaction with Defendants at unlawful rates of interest.[1] (*See* ECF No. 3.) The action was initially brought in state court but removed to this Court by Defendants on May 10, 2019. (ECF No. 1.) The Complaint alleges violations of the North Carolina Consumer

---
[1] A "car title loan" is a short-term loan product secured by a lien on the borrower's vehicle.

Finance Act ("CFA"), North Carolina's usury statutes, and North Carolina's ban on unfair and deceptive trade practices. (*Id.* at 7–8 (citing N.C. Gen. Stat. §§ 24-1, 53-165, 75-1.1 (2019)).) On April 22, 2020, this Court compelled arbitration related to all but a few of the numerous plaintiffs' claims and ordered parties to notify the Court of any arbitration awards within seven days after arbitration concluded. (ECF No. 76 at 16.) Edwards's claim was one of the claims ordered to arbitration.

At arbitration, TitleMax argued that the CFA is unconstitutional, in so far as it regulates an out-of-state loan agreement. (ECF No. 99-1 at 4.) The Arbitrator found the CFA was constitutional and that the loan violated the Act. (*Id.*) He consequently ordered TitleMax to pay to Edwards the sum of $19,862.46. (*Id.*)

Edwards then, consistent with this Court's order, timely filed this motion. (ECF No. 92.) TitleMax opposes the motion and has asked the Court to vacate the Final Award. (ECF No. 105 at 1.) Specifically, they argue that in finding the Act to be constitutional, the Arbitrator "manifestly disregarded a well-established principle of constitutional law." (*Id.* at 4.)

## II.     Standard of Review

Judicial review of an arbitration award "is among the narrowest known at law." *UBS Fin. Servs., Inc. v. Padussis*, 842 F.3d 336, 339 (4th Cir. 2016). Judicial review is "severely circumscribed. . . . [E]ven a mistake of fact or misinterpretation of law by an arbitrator provides insufficient grounds for the modification of an award." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998). The court does not sit to reevaluate evidence or review mistakes of law. *Id.* Instead, the reviewing court asks only "whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply

whether they did it." *Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (internal quotations omitted).

Thus, courts may vacate or modify an arbitration award only under "limited circumstances." *Padussis*, 842 F.3d at 339. The party opposing enforcement of the award bears the "heavy burden" of showing that grounds to vacate the award exist under either the Federal Arbitration Act or common law. *Three S Delaware, Inc.*, 492 F.3d at 527. Relevant to this case, an award will be vacated at common law where "the award evidences a manifest disregard of the law." *Id.* This high bar is reached only where (1) the disputed legal principle is "clearly defined" and "not subject to reasonable debate," and (2) "the arbitrator refused to apply that legal principle." *Jones v. Dancel*, 792 F.3d 395, 402 (4th Cir. 2015). Further, merely failing to explain a legal conclusion will not justify vacating an award where the legal reasoning can be inferred. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598 (1960) ("Arbitrators have no obligation to the court to give their reasons for an award.").

### III. Discussion

Here, the Arbitrator directly grappled with TitleMax's assertion that the CFA impermissibly regulates wholly out-of-state contracts in violation of the dormant Commerce Clause. (ECF No. 99-1 at 4.) To resolve the issue, he relied on *State ex re. Cooper v. W. Sky Fin., LLC*, 2015 NCBC 84, 2015 WL 5091229 (N.C. Super. Ct. Aug. 27, 2015). There, the North Carolina Business Court determined that the Consumer Finance Act, as well as North Carolina's usury laws, were constitutional because they "do not attempt to regulate conduct beyond North Carolina's borders and do not unduly burden interstate commerce." *Id.* ¶ 45, 2015 WL 5091229, at *11. The Arbitrator found this decision "both controlling and

3

persuasive." (ECF No. 99-1 at 4.) Consequently, the Arbitrator also found that the dormant Commerce Clause did render the Act unconstitutional. (*Id.*)

It is not for this Court to decide whether *Western Sky Financial* was rightly decided or was in fact binding on the Arbitrator. It is enough that the Arbitrator acknowledged TitleMax's constitutional challenge, found what he believed to be controlling precedent, applied that precedent, and resolved the challenge. TitleMax's disagreement with the Arbitrator's ultimate conclusion does not render his Final Award unenforceable. Consequently, the Final Award of the arbitrator must be confirmed.

\* \* \*

In her Reply, Plaintiff has requested attorneys' fees. The Court will reserve decision of this issue until receipt of supplemental briefing that shall be Ordered via Text Order to be entered simultaneously with this Order.

**ORDER**

IT IS THEREFORE ORDERED that the Motion to Enforce Award and Enter Judgment, (ECF No. 98), is GRANTED. Defendant TitleMax of South Carolina, Inc., is ORDERED to pay to Plaintiff Carrie Edwards the sum of $19,862.46, which sum is due and payable immediately upon filing of the Judgment.

Judgment will be entered simultaneously with this Order.

This, the 26th day of August 2021.

/s/ Loretta C. Biggs
United States District Judge