IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AARON GOINS, *et al.*,                    )
                                          )
                    Plaintiffs,           )
                                          )
          v.                              )          1:19CV489
                                          )
TITLEMAX OF VIRGINIA, INC., *et al.*,     )
                                          )
                    Defendants,           )
                                          )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

      Before the Court is a Motion to Enforce Award and Enter Judgment by Plaintiff Dominick Hinson. (ECF No. 106.) The motion requests that the Court confirm the Final Award issued by the American Arbitration Association ("Final Award") pursuant to 9 U.S.C. § 9 (2018) and enter judgment on behalf of Hinson against Defendant TitleMax of Virginia, Inc. ("TitleMax"), consistent with the Final Award. (*Id.*) For the reasons that follow, the Court grants the motion.

## I.    Background

      Hinson is one of numerous plaintiffs in this action that allegedly entered into a "car title loan" transaction with Defendants at unlawful rates of interest.[1] (*See* ECF No. 3.) The action was initially brought in state court but removed to this Court by Defendants on May 10, 2019. (ECF No. 1.) The Complaint alleges violations of the North Carolina Consumer

---

[1] A "car title loan" is a short-term loan product secured by a lien on the borrower's vehicle.

1

Finance Act ("Consumer Finance Act" or "Act"), North Carolina's usury statutes, and North Carolina's ban on unfair and deceptive trade practices. (*Id.* at 7–8 (citing N.C. Gen. Stat. §§ 24-1, 53-165, 75-1.1 (2019)).) On April 22, 2020, this Court compelled arbitration related to all but a few of the numerous plaintiffs' claims and ordered parties to notify the Court of any arbitration awards within seven days after arbitration concluded. (ECF No. 76 at 16.) Hinson's claim was one of the claims ordered to arbitration.

At arbitration, TitleMax argued that North Carolina law should not apply, because the loans were created entirely outside of North Carolina.[2] (ECF No. 106-1 at 3.) The Arbitrator found that the loan fell within the scope of, and violated, the Act and ordered TitleMax to pay to Hinson the sum of $19,718.46. (*Id.* at 6.)

Hinson then, consistent with this Court's order, timely filed this motion. (ECF No. 106.) TitleMax opposes the motion and has asked the Court to vacate the Final Award. (ECF No. 115 at 1.) Specifically, they argue that the Final Award showed a "manifest disregard for the law" by applying the Act in this case when the parties' choice of law agreement, as well as North Carolina common law conflict of laws principals, required application of Virginia law. (*Id.* at 4–5.)

## II.     Standard of Review

Judicial review of an arbitration award "is among the narrowest known at law." *UBS Fin. Servs., Inc. v. Padussis*, 842 F.3d 336, 339 (4th Cir. 2016). Judicial review is "severely circumscribed. . . . [E]ven a mistake of fact or misinterpretation of law by an arbitrator provides

---

[2] TitleMax alternatively argued that applying North Carolina law would be unconstitutional, since a state cannot regulate commerce occurring wholly outside its borders. (*Id.*) The Arbitrator found this argument unpersuasive, and TitleMax has not raised this constitutional argument in opposing Hinson's motion. (*Id.* at 3–5; ECF No. 115 at 4–7.)

insufficient grounds for the modification of an award." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998). The court does not sit to reevaluate evidence or review mistakes of law. *Id.* Instead, the reviewing court asks only "whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it." *Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (internal quotations omitted).

Thus, courts may vacate or modify an arbitration award only under "limited circumstances." *Padussis*, 842 F.3d at 339. The party opposing enforcement of the award bears the "heavy burden" of showing that grounds to vacate the award exist under either the Federal Arbitration Act or common law. *Three S Delaware, Inc.*, 492 F.3d at 527. Relevant to this case, an award will be vacated at common law where "the award evidences a manifest disregard of the law." *Id.* This high bar is reached only where (1) the disputed legal principle is "clearly defined" and "not subject to reasonable debate," and (2) "the arbitrator refused to apply that legal principle." *Jones v. Dancel*, 792 F.3d 395, 402 (4th Cir. 2015). Further, merely failing to explain a legal conclusion will not justify vacating an award where the legal reasoning can be inferred. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598 (1960) ("Arbitrators have no obligation to the court to give their reasons for an award.").

## III.    Discussion

TitleMax asserts that the Final Award "showed a manifest disregard for the law" by failing to conduct a choice-of-law analysis and ignoring the choice-of-law provision in the parties' loan agreement. (ECF No. 115 at 4.) They argue that under North Carolina's common law, courts apply the substantive law of the state where the contract was formed and give

3

effect to choice of law agreements that are not unreasonable or against the state's fundamental public policy.  *Id.*

Contrary to TitleMax's assertion, the Arbitrator grappled directly with TitleMax's choice of law argument.  (*See* ECF No. 106-1 at 2 ("Respondent argues that the loans were created entirely outside of North Carolina and that the laws of North Carolina do not apply."); *Id.* at 5.)  The Arbitrator interpreted the Consumer Finance Act to reach out-of-state loans where lenders conducted post-loan activities in North Carolina.  (*Id.* at 5.)  He wrote in the Final Award:

> While it may be argued that Section 53-190(a) applies only to activities prior to and coincident with the formation of the contract, Section 53-190(b) cannot be read to be so limited when it refers to a lender coming into the State to "otherwise conduct activities in regard to such loan contracts."

(*Id.* at 5.)  While the Arbitrator did not expressly address the conflict of laws issue, it can be inferred from this language that the Arbitrator interpreted the Act to require its application to some loan contracts formed out of state, notwithstanding common law conflict of laws rules and the parties' choice of law agreement.  Indeed, where a state statute requires a court to apply the forum law, no conflict of laws analysis is necessary.  *See* Restatement (First) of Conflict of Laws § 5 cmt. d (Am. Law Inst. 1934) (stating that a state's common law conflict of laws principles may be "changed, for example, by constitutional or statutory provisions").[3]

It is not for this Court to determine whether the Arbitrator's interpretation of the Act is correct.  Under the "severely circumscribed" standard of review, it is enough that the

---

[3] North Carolina courts follow the First Restatement in choice of law analyses.  *See SciGrip, Inc. v. Osae*, 838 S.E.2d 334, 344 (N.C. 2020).  *Cf.* Restatement (Second) of Conflict of Laws § 6 (Am. Law Inst. 1971) ("A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.")

Arbitrator grappled with and resolved TitleMax's choice of law argument *at all*. Here, the Arbitrator did his job: he identified the issue, interpreted relevant law, and concluded that North Carolina law did apply. Consequently, the Final Award of the arbitrator must be confirmed.

\*      \*      \*

In his Reply, Plaintiff has requested attorneys' fees. The Court will reserve decision of this issue until receipt of supplemental briefing that shall be Ordered via Text Order to be entered simultaneously with this Order.

### ORDER

IT IS THEREFORE ORDERED that the Motion to Enforce Award and Enter Judgment, (ECF No. 106), is GRANTED. Defendant TitleMax of Virginia, Inc., is ORDERED to pay to Plaintiff Dominick Hinton the sum of $19,718.46, which sum is due and payable immediately upon filing of the Judgment.

Judgment will be entered simultaneously with this Order.

This, the 26th day of August 2021.

/s/ Loretta C. Biggs
United States District Judge