IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AARON GOINS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19CV489 |
| | ) | |
| TITLEMAX OF VIRGINIA, INC., *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion for Confirmation of Arbitration Award by Defendant TitleMax of South Carolina, Inc. ("TitleMax"). (ECF No. 112.) The motion requests that the Court confirm the Final Award issued by the American Arbitration Association ("Final Award") pursuant to 9 U.S.C. § 9 (2018) and enter judgment on behalf of TitleMax against Plaintiff Cassandra Nicole Brooks consistent with the Final Award. (*Id.*) Brooks opposes the motion, arguing that because she lost at Arbitration and makes no further claim against TitleMax, the issue is moot and there is now no case or controversy. (ECF No. 118 at 2.) Brooks asks instead that the Court dismiss her claims with prejudice. (*Id.*)

Courts are divided on whether a federal court may confirm an arbitration award where there is no "live controversy between the parties regarding the award necessitating judicial enforcement." *See Brown & Pipkins, LLC v. SEIU*, 846 F.3d 716, 729 n.2 (4th Cir. 2017). Courts that decline to confirm arbitration awards where no dispute exists are animated by: (1) "the prudential values of Article III, which militate against ministerial confirmation of awards

1

in the absence of a concrete dispute;" (2) the risk of "injecting the courts improperly into the arbitration process;" and (3) judicial economy. *Derwin v. General Dynamics Corp.*, 719 F.2d 484, 491 (1st Cir. 1983); *see 1199 SEIU United Healthcare Workers E. v. Civista Med. Ctr., Inc.*, 10-CV-0479, 2011 WL 310486, at *4 (D. Md. Jan. 28, 2011). These concerns are particularly relevant in labor cases, where parties seek to resolve future disputes by seeking judicial sanctions for violation of a confirmation order rather than by seeking arbitration. *See Local 241 of United Mine Workers of Am. v. Consol. Coal Co.*, 682 F. Supp. 399, 400 (S.D. Ill. 1988). Courts that confirm uncontested arbitration awards, on the other hand, reason that confirmation "is a summary proceeding" designed as "the final step in arbitration proceedings," *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 252–53 (3d Cir. 2020), and that it is inefficient for a court to make "complex factual determinations" in each case about whether an arbitration award is in fact uncontested, *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). *See also Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

The Fourth Circuit has not decided whether courts in this Circuit can confirm an uncontested arbitration award. *Brown & Pipkins, LLC*, 846 F.3d at 729 n.2. The Fourth Circuit has agreed that a confirmation proceeding "is intended to be summary." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (citing *Florasynth, Inc.*, 750 F.2d at 176).

In this case, the Court will summarily confirm the award. The Court sees no risk in this case of "injecting the courts improperly into the arbitration process." Unlike in many of the labor cases cited above, TitleMax and Brooks have no continuing relationship that would require future arbitration. The Court is highly concerned, however, about judicial economy. This case involves hundreds of individual plaintiffs, each with his or her own arbitration. The

2

most efficient course for the parties would be, in cases where no monetary award has been made and the arbitration award is uncontested, to merely notify the Court of the outcome of the arbitration without filing for confirmation of the award. Given that the Final Award in this case resolved all disputes between the parties, judicial confirmation of that Award appears to the Court to be unnecessary. However where, as here, TitleMax has moved for confirmation, the most efficient course for this Court is to summarily confirm the uncontested Final Award.

For the foregoing reasons, the Court will confirm the uncontested arbitration award.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Confirmation of Arbitration Award, (ECF No. 112), is GRANTED.

Judgment dismissing claims will be entered simultaneously.

This, the 26th day of August 2021.

/s/ Loretta C. Biggs
United States District Judge