IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AARON GOINS, *et al.*,            )
                                  )
            Plaintiffs,           )
                                  )
        v.                        )        1:19CV489
                                  )
TITLEMAX OF VIRGINIA, INC., *et al.*, )
                                  )
            Defendants,           )
                                  )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion to Enforce Award and Enter Judgment by Plaintiff Andrea Sells. (ECF No. 119.) The motion requests that the Court confirm the Interim Award and Final Award issued by the American Arbitration Association ("Final Award") pursuant to 9 U.S.C. § 9 (2018) and enter judgment on behalf of Sells against Defendant TitleMax of Virginia, Inc. ("TitleMax"), consistent with the Award. (*Id.*) For the reasons that follow, the Court grants the motion.

**I.  Background**

Sells is one of numerous plaintiffs in this action that allegedly entered into a "car title loan" transaction with Defendants at unlawful rates of interest.[1] (*See* ECF No. 3.) The action was initially brought in state court but removed to this Court by Defendants on May 10, 2019. (ECF No. 1.) The Complaint alleges violations of the North Carolina Consumer Finance Act

---

[1] A "car title loan" is a short-term loan product secured by a lien on the borrower's vehicle.

1

("CFA"), North Carolina's usury statutes, and North Carolina's ban on unfair and deceptive trade practices. (*Id.* at 7–8 (citing N.C. Gen. Stat. §§ 24-1, 53-165, 75-1.1 (2019)).) On April 22, 2020, this Court compelled arbitration related to all but a few of the numerous plaintiffs' claims and ordered parties to notify the Court of any arbitration awards within seven days after arbitration concluded. (ECF No. 76 at 16.) Sells' claim was one of the claims ordered to arbitration.

At arbitration, TitleMax argued that the CFA is unconstitutional, in so far as it regulated an out-of-state loan agreement.[2] (ECF No. 119-1 at 5–6.) The Arbitrator, though, found that the CFA was constitutional and that the loan violated the CFA. (*Id.* at 4, 6.) He consequently ordered TitleMax to pay to Ewings the sum of $20,415.42. (*Id.* at 7.) The Arbitrator then gave Sells an opportunity to submit an accounting of reasonable attorneys' fees and costs, and subsequently awarded Sells an additional sum of $15,425.00 in attorneys' fees. (ECF No. 119-2.)

Sells then, consistent with this Court's order, timely filed this motion. (ECF No. 119.) TitleMax opposes the motion and has asked the Court to vacate the Award. (ECF No. 123 at 1.) Specifically, they argue that (1) the Arbitrator showed a "manifest disregard for the law" by finding the CFA to be constitutional, and (2) failed to "render a mutual, final, and definite award" by failing to provide a written explanation for the attorneys' fees award. (*Id.* at 6, 11.)

---

[2] TitleMax additionally argued that Virginia law solely controlled the case because the loan agreement's choice of law clause, as well as North Carolina conflict of law common law rules, required application of Virginia law. (ECF No. 119-1 at 5.) The Arbitrator disagreed and applied North Carolina law. (*Id.*) TitleMax does not challenge that decision before this Court.

2

## II. Standard of Review

Judicial review of an arbitration award "is among the narrowest known at law." *UBS Fin. Servs., Inc. v. Padussis*, 842 F.3d 336, 339 (4th Cir. 2016). Judicial review is "severely circumscribed. . . . [E]ven a mistake of fact or misinterpretation of law by an arbitrator provides insufficient grounds for the modification of an award." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998). The court does not sit to reevaluate evidence or review mistakes of law. *Id.* Instead, the reviewing court asks only "whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it." *Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (internal quotations omitted).

Thus, courts may vacate or modify an arbitration award only under "limited circumstances." *Padussis*, 842 F.3d at 339. The party opposing enforcement of the award bears the "heavy burden" of showing that grounds to vacate the award exist under either the Federal Arbitration Act ("FAA") or common law. *Three S Delaware, Inc.*, 492 F.3d at 527. Relevant to this case, an award is vacated at common law where "the award evidences a manifest disregard of the law." *Id.* This high bar is reached only where (1) the disputed legal principle is "clearly defined" and "not subject to reasonable debate," and (2) "the arbitrator refused to apply that legal principle." *Jones v. Dancel*, 792 F.3d 395, 402 (4th Cir. 2015). Merely failing to explain a legal conclusion will not justify vacating an award where the legal reasoning can be inferred. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598 (1960).

Additionally, an award will be vacated under the FAA where the arbitrator "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon

the subject matter submitted was not made." 9 U.S.C. § 10(a)(4) (2018).  An imperfect execution of the agreement is not a sufficient cause to vacate: an award "even arguably construing or applying the contract must stand" under this provision of the FAA "regardless of a court's view of its (de)merits." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). An award that disposes of all issues is "mutual, final, and definite" even where the award does not detail the arbitrator's full reasoning. *See Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 150 (4th Cir. 1994). "Arbitrators have no obligation to the court to give their reasons for an award." *Enter. Wheel & Car Corp.*, 363 U.S. at 598.

### III. Discussion

#### A. Constitutionality of the Consumer Finance Act

TitleMax first argues that the Final Award manifestly disregarded a "well-established principle of constitutional law." (ECF No. 123 at 7.)  They argue that the dormant Commerce Clause includes a "prohibition on extraterritorial regulation" that is "clearly defined and not subject to reasonable debate." (*Id.* at 6–7.)  The CFA, they claim, regulates contracts formed wholly outside North Carolina's borders in violation of this "black letter law." (*Id.* at 9–10.)

The Arbitrator, though, thoroughly grappled with the constitutional question. (*See* ECF No. 119-1 at 5–6.)  He first conducted a detailed analysis of the two cases offered by TitleMax, finding them factually distinguishable. (*Id.*)  He then looked to Fourth Circuit precedent for the proposition that dormant commerce clause analysis turns on "whether the practical effect of the regulation is to control conduct beyond the boundaries of the State." (*Id.* at 6 (quoting *Carolina Trucks & Equip., Inc. v. Volvo Trucks of N. Am.*, 492 F.3d 484, 489 (4th Cir. 2007)).)  Looking to the facts of this case, he reasoned that the CFA "operates to

4

control conduct that occurs *in North Carolina*." (*Id.*) It was TitleMax's in-state activity that subject it to regulation, including discussing the loan with Sells over the phone and recording a lien on her vehicle with the N.C. Department of Motor Vehicles. (*Id.*) Thus, the Arbitrator concluded, application of the CFA in this case was not unconstitutional. (*Id.*)

It is not for this Court to decide whether the Arbitrator's constitutional analysis was correct. It is enough that the Arbitrator acknowledged, grappled with, and resolved the issue. This is not a close case: Final Award's analysis of the constitutional issue was thorough, detailed, and fully addressed TitleMax's arguments. In short, the Arbitrator clearly "did his job." Thus, the Final Award cannot be vacated on this issue.

### B. Arbitrator's award of attorneys' fees

Defendant next challenges the Arbitrator's award of attorneys' fees. (ECF No 123 at 11–17.) Defendant argues (1) that attorneys' fees should not have been awarded because "there was no unwarranted refusal to resolve the matter constituting suit"; and (2) the Arbitrator failed to provide a written explanation of his award as required by the parties' Arbitration Agreement. (*Id.*)

    1.    The Arbitrator did not exceed his authority or manifestly disregard the law by awarding attorneys' fees

The North Carolina Unfair and Deceptive Trade Practices Act allows a judge, in her discretion, to award reasonable attorneys' fees to the prevailing party upon a finding that the party charged (1) "willfully engaged in the act or practice" and (2) displayed an "unwarranted refusal . . . to fully resolve the matter which constitutes the basis of such suit." N.C. Gen. Stat. § 75-16.1 (2019). An act is "willfully" taken "if done voluntarily and intentionally with the view to doing injury to another." *Standing v. Midgett*, 850 F. Supp. 396, 404 (E.D.N.C. 1993).

5

In assessing whether there was an "unwarranted refusal to resolve," courts look to the "entirety of the circumstances." *DENC, LLC v. Phila. Indemnity Ins. Co.*, 454 F. Supp. 3d 552, 562 (M.D.N.C. 2020). "[I]f the defendant's litigation conduct indicates it considered the underlying conduct that violated Chapter 75 to be a permissible business practice, that can be a reason to find an unwarranted refusal to settle." *Id.* at 563 (citing *Pinehurst, Inc. v. O'Leary Bros. Realty, Inc.*, 338 S.E.2d 918, 926 (N.C. Ct. App. 1986)). Finally, a party's "general intractability in resolving the disputed matter may constitute an unwarranted refusal to resolve." *Id.* at 562 (citing *Barbee v. Atl. Marine Sales & Serv., Inc.*, 446 S.E.2d 117, 122 (N.C. Ct. App. 1994)); *see also Llera v. Security Credit Sys., Inc.*, 93 F. Supp. 2d 674, 679 (W.D.N.C. 2000) (citing *Leftwich v. Gaines*, 521 S.E.2d 717, 729 (N.C. Ct. App. 1999)).

Here, the Arbitrator found that TitleMax intentionally charged Sells a usurious interest rate that "exceeded by more than five times the rate of interest allowed" under the CFA. (ECF No. 119-1 at 7.) The Court holds that this finding by the Arbitrator also constitutes a finding of a willful engagement in an unfair or deceptive trade practice. Further, the Arbitrator expressly found that TitleMax "unwarrantedly refused to fully resolve the matter." (ECF No. 119-2.) Thus, the Arbitrator had authority under the N.C. Unfair and Deceptive Trade Practices Act to award attorneys' fees.

TitleMax argues that there was no basis for the Arbitrator to find that their refusal to resolve the matter was unwarranted. (ECF No. 123 at 12.) It is not for this Court to relitigate the Final Award. The Arbitrator was not required to outline his reasoning, and this Court need not reweigh the evidence to determine whether TitleMax's refusal to resolve the dispute was unwarranted. It appears there was at least some evidence before the Arbitrator that

6

TitleMax refused to settle, unnecessarily drew out litigation, and refused to abide by prior Arbitration awards in this mass tort litigation. (ECF No. 123-3 ¶¶ 6–9, 14–18.) Looking at the entirety of the circumstances, the Arbitrator's award of Attorneys' fees did not exceed his powers under North Carolina law nor constitute a manifest disregard for the same.

> 2. The Arbitrator executed his powers under the agreement and issued a mutual, final, and definite award of attorneys' fees

The parties' loan agreement included an Arbitration Agreement that provided in relevant part: "At the timely request of any party, the arbitrator shall provide a written explanation for the award." (ECF No. 123-2 at 3.) "Written explanation" is not defined in the Arbitration Agreement. (*Id.*) The Final Award states, in relevant part:

> Having previously found the Claimant to be the prevailing party and that Respondent violated the North Carolina Unfair and Deceptive Trade Practices Act which provides for the imposition of attorney fees for the prevailing party and finding that Respondent unwarrantedly refused to fully resolve the matter, do hereby award Claimant the sum of $15,425.00 as attorney fees based on a calculation of 61.7 hours of compensable time at a rate of $250.00 per hour.

(ECF No. 119-2.) This award came in response to supplemental briefing from Sells indicating that her attorneys spent between 81.1 and 142.8 hours working on her case. (ECF No. 123-3 at 4.)

TitleMax argues that this award does not satisfy the "written explanation" requirement and, therefore, must be vacated. (ECF No. 123 at 14–17.) Additionally, TitleMax argues that the award may compensate Sells' attorneys for work they did for other clients, and, because of this ambiguity, the award is not mutual, final, and definite. (*Id.*)

The Court finds that, at a minimum, the Arbitrator arguably construed or applied the contract. The Arbitration Agreement required only that the Final Award include some "written explanation"—not that the award include a detailed accounting of how attorneys'

fees were measured. The Arbitrator did include a basic calculation of his award, which arguably satisfied this requirement. Further, the award was for 61.1 hours, or twenty hours less than Sells' lowest request. Thus, the Court finds that the award was only for hours Sells' attorneys spent on her case. Finally, the Final Award expressly resolved "all claims submitted to this Arbitration." (ECF No. 119-2.) This award was mutual, final, and definite.

The Final Award did not manifestly disregard constitutional law. It did not exceed the Arbitrator's authority or manifestly disregard the law by awarding attorneys' fees. And it "arguably construed" and applied the Arbitration Agreement by including a written explanation for the attorneys' fees award. Thus, the Final Award must be enforced.

\*    \*    \*

In her Reply, Sells has requested additional attorneys' fees for litigating this motion. The Court will reserve decision of this issue until receipt of supplemental briefing that shall be Ordered via Text Order to be entered simultaneously with this Order.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Enforce Award and Enter Judgment, (ECF No. 119), is GRANTED. Defendant TitleMax of Virginia, Inc., is ORDERED to pay to Plaintiff Andrea Sells the sum of $35,840.42, which sum is due and payable immediately upon the filing of the Judgment.

Judgment will be entered simultaneously with this Order.

This, the 26th day of August 2021.

/s/ Loretta C. Biggs
United States District Judge