IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AARON GOINS et al., )
)
    Plaintiffs/Counter Defendants, )
)
v. )
) Civil Action No. 19-cv-489
)
TITLEMAX OF VIRGINIA, et al., )
)
    Defendants/Counter Claimants. )

## PLAINTIFF STANLEY EWINGS, CARRIE EDWARDS, DOMINICK HINSON AND ANDREA SELLS' MEMORANDUM ON THE ISSUES OF ATTORNEYS' FEES AND INTEREST AFTER JUDGMENT

Plaintiff Stanley Ewings, Carrie Edwards, Dominick Hinson and Andrea Sells ("Plaintiffs") submits this Memorandum regarding Attorneys' Fees and Interest after Judgment.

### I. The Standard for Awarding Attorneys' Fees is only Prevailing Party After a Party's Refusal to Follow an Arbitrator's Decision

Judge Catherine Eagles of this District recently addressed this exact standard issue in the companion LoanMax cases in these exact out of state car title loan matters with favorable arbitration awards for Claimants like Plaintiff here. *Strange, et.al. v. Select Management Resources, LLC*, et.al, 19-CV-321 (MDNC June 28, 2021) The bar is a low one to award fees given the judicial system's preference to avoid just these type of inefficient post-

1

arbitration challenges to an arbitration award such as the one TitleMax engaged in here. Because her opinion is on the identical issue before this Court, it seems appropriate to include it in full.

> The "FAA does not authorize a district court to award attorneys' fees to a party who successfully confirmed an arbitration award in federal court," but it "does not displace State law allowing for such awards." *Astanza Design, LLC v. Giemme Stile, S.P.A.*, 220 F. Supp. 3d 641, 652 (M.D.N.C. 2016). As is relevant here, the North Carolina Revised Uniform Arbitration Act provides that a "court may award reasonable attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming . . . an award." N.C. Gen. Stat. § 1-569.25(c).
>
> The statute gives courts discretion, but it does not impose any requirement related to the strength or weakness of the losing party's argument. See, e.g., *Astanza Design*, 220 F. Supp. 3d at 653. The Uniform Law Comment provided with the statute notes that the provision is designed to "promote[] the statutory policy of finality of arbitration awards" by allowing the prevailing party in contested judicial actions precisely like the present to recover expenses and fees, thereby discouraging "all but the most Strange v. Select Mgmt. Res. (M.D.N.C. 2021) meritorious challenges of arbitration awards." N.C. Gen. Stat. § 1-569.25(c) cmt. 3. The statute is consistent with the purposes of the FAA—to promote arbitration and the avoidance of the expense and delay associated with litigation—and it should generally be given effect. *Astanza Design*, 220 F. Supp. 3d at 653. No facts here strongly support denial of an attorneys' fee. Mr. McNeil is the prevailing party and an award covering his attorneys' fees incurred to respond to LoanMax's motion to vacate is appropriate on the facts here. Based on the evidence of record, see Doc. 126-6, as supplemented at the hearing on June 17, 2021, the Court finds as a fact that counsel for Mr. McNeil spent a reasonable amount of time to respond to the motion to vacate and to prepare and attend the hearing; it was reasonable for all three attorneys significantly involved in these cases to attend the hearing; the hourly rates for Mr. Faucher, Mr. Brown, and Mr. Peraldo are reasonable; and a

2

reasonable fee, calculated for 14 hours at $350 an hour, is $4,900. The Court will award attorneys' fees in that amount, in its discretion.

Id at *9-10.

Both the North Carolina's Revised Uniform Arbitration Act, N.C. Gen. Stat. § 1-569.25(c) and the court's inherent authority allow for an award of attorneys' fees. *See International Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). Judge Schroeder's recent opinion, relied on by Judge Eagles, also addresses this attorneys' fees issue in even more detail:

> Because this action is before the court on the basis of diversity jurisdiction, the court must apply the substantive law of the forum State. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The right to an award of attorneys' fees is considered a matter of substantive law. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 213 (S.D.N.Y. 2006). North Carolina General Statute § 1-569.25(c) applies to agreements made after January 1, 2004, and provides in relevant part that a court may award reasonable attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award. This provision therefore vests the court with discretion to award attorneys' fees to Astanza associated with the present proceeding unless it is otherwise preempted by the FAA. The exercise of State authority in a field traditionally occupied by State law will not be deemed preempted by a federal statute absent the clear manifestation of Congress. *Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 157 (1978). Even where a federal statute does displace State authority, it rarely occupies a legal field completely, totally excluding all participation by the legal systems of the states . . . Federal legislation, on the whole, has been conceived and drafted on an ad

3

hoc basis to accomplish limited objectives. It builds upon legal relationships established by the states, altering or supplanting them only so far as necessary for the special purpose. *Southland Corp. v. Keating*, 465 U.S. 1, 18 (1984) (quoting P. BATOR ET AL., HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 470–71 (2d ed. 1973)). "The limited objective of the Federal Arbitration Act was to abrogate the general common law rule against specific enforcement of arbitration agreements." *Southland Corp.*, 465 U.S. at 18; see S. REP. NO. 68-536 at 2–3 (1924). Beyond this purpose, there is no clear intent to displace State authority. *Southland Corp.*, 465 U.S. at 18...(F)ederal courts have found it consistent with the purpose of the FAA to award attorneys' fees for litigation commenced to confirm or vacate an arbitration award under the FAA, even under their inherent powers. See, e.g., *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999-1000 (5th Cir. 1982); see also *Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. United Farm Tools, Inc., Speedy Mfg. Div.*, 762 F.2d 76, 77 (8th Cir. 1985) (per curiam) (holding that an unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees); *Com. Refrigeration, Inc. v. Layton Const. Co.*, 319 F. Supp. 2d 1267, 1271 (D. Utah 2004) (awarding attorneys' fees while noting that "[w]hile losing an arbitration may be unpleasant . . . the experience is not significantly improved by the instigation of a doomed — and no doubt costly — legal action"). A court may award attorneys' fees "when a party opposing confirmation of [an] arbitration award 'refuses to abide by an arbitrator's decision without justification.'" *The N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03 Civ. 5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003) (quoting Int'l Chem. Workers Union, 774 F.2d at 47.)). Here, the court need not determine whether Defendants' opposition to the arbitration award was "unjustified." Section 1 express allowance for an award of attorneys' fees to Astanza in connection with its efforts to confirm the arbitration award and oppose Defendants' motion to vacate, modify, or correct the award are consistent with the purposes of the FAA and should be given effect. The statute expressly authorizes an award of reasonable attorneys' fees to the "prevailing party." The Uniform Law Comment provided with the statute notes that the provision is designed to "promote[] the

4

statutory policy of finality of arbitration awards" by allowing recovery of expenses and fees to the prevailing party in contested judicial actions precisely like the present and thereby to discourage "all but the most meritorious challenges of arbitration awards." N.C. Gen. Stat. § 1-569.25(c) cmt. 3;10 see also Aetna Health of the Carolinas, 212 N.C. App. 419, 713 S.E.2d 792, at *6 (affirming trial court order confirming arbitration award and attorneys' fee award based on "prevailing party" status under § 1-569.25(c)).

*Astanza Design, LLC v. Giemme Stile, S.P.A.*, 220 F. Supp. 3d 641, 652-53 (M.D.N.C. 2016).

The Court should award Plaintiffs attorneys' fees using this standard. TitleMax has dragged this matter out over two years by opposing a motion to compel arbitration in these matters, challenging whether the undersigned represented its clients and then refusing to pay the award requiring this Motion.[1] A Declaration in support thereof is attached as Exhibit A.

## II. The Court Should Award Prejudgment and Postjudgment Interest

Interest was asked for in the Complaint in this matter. Without awarding pre and postjudgment interest as allowed by law, TitleMax's years' long delay tactics are rewarded. The Court should not allow this and award the interest in Amended Judgment which also grant the Attorneys' Fees requested.

---

[1] TitleMax has still not paid, or even offered to pay, a single penny to Plaintiffs despite the arbitration award and this Court's Order and Judgment.

The Fourth Circuit has recognized that other circuits have held that courts must apply the law of the forum to questions involving prejudgment interest in diversity cases. *United States v. Dollar Rent A Car Sys., Inc.*, 712 F.2d 938, 940 (4th Cir. 1983). The North Carolina legislature has enacted a statute governing prejudgment interest that provides "[i]n an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." N.C. Gen. Stat. § 24-5(b). The claims here by Plaintiffs were not contract actions, but rather were statutory tort claims. Therefore, Plaintiffs are entitled to prejudgment interest on the compensatory portion of the award, 8% APR from the date of the filing here April 4, 2019, to the date of the judgment. Plaintiffs are additionally entitled to post-judgment interest pursuant to federal law from the date of the judgment until the judgment is paid in full. *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). Post-judgment interest apples to the entire money judgment, including pre-judgment interest. *See Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993). Judge Eagles awards in the companion LoanMax cases also award such interest pursuant to North Carolina law.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court enter an Amended Judgment awarding Plaintiffs attorneys' fees for time spent enforcing the Arbitration Award and for pre and postjudgment interest under the law.

This is the 17th day of September, 2021.

/s/ *Andrew H. Brown*
Andrew H. Brown
N.C. State Bar No. 28450
Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC.**
822 North Elm Street, Suite 200
Greensboro, NC 27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document complies with the word count limits contained in LR 7.3(d)(1).

*/s/ Andrew H. Brown*
Andrew H. Brown
N.C. State Bar No. 28450
Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC.**
822 North Elm Street, Suite 200
Greensboro, NC 27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com