# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AARON GOINES, et al.,<br><br>    Plaintiffs/Counter Defendants,<br><br>v.<br><br>TITLEMAX OF VIRGINIA, INC., et al.,<br><br>    Defendants/Counter Claimants. | Case No. 19-cv-489 |

**TITLEMAX'S BRIEF IN OPPOSITION TO
PLAINTIFFS' REQUESTS FOR ATTORNEYS' FEES
RELATED TO MOTIONS TO ENFORCE ARBITRATION AWARDS**

Pursuant to the Court's August 27, 2021 Text Order, Defendants TitleMax of Virginia, Inc., and TitleMax of South Carolina, Inc. (collectively, "TitleMax"), submit this brief in opposition to the requests by Plaintiffs Carrie Edwards ("Edwards") (ECF Nos. 98, 108), Andrea Sells ("Sells") (ECF Nos. 119, 124), Stanley Ewings ("Ewings") (ECF Nos. 92, 109), and Dominick Hinson ("Hinson") (ECF Nos. 106, 116) (collectively, "Plaintiffs") for attorneys' fees related to the motions to enforce their arbitration awards. Because neither the Federal Arbitration Act nor governing state law provide for the award of such fees, this Court should deny Plaintiffs' requests.

**A. There is no contractual or statutory basis for the award of any attorneys' fees.**

Plaintiffs' have repeatedly confirmed that their loan agreements with TitleMax "contain valid and enforceable arbitration agreements" that are "governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16[.]" (*See* ECF No. 31 at 1, 5.) In fact, based upon their

agreements, Plaintiffs requested an order from the Court "compelling arbitration of [their] claims against Defendants" and asked that "these arbitrations proceed pursuant to and in strict compliance with the terms of each moving Plaintiff's arbitration agreement with Defendants[.]" (*Id.* at 12.)  Consequently, this Court compelled these matters to arbitration "pursuant to 9 U.S.C. § 4 . . . in accordance with the parties' arbitration agreements."  (*See* ECF No. 76 at 5-6, 16.)  Plaintiffs subsequently moved to confirm their arbitration awards solely "pursuant to 9 U.S.C. § 9[.]"  (*See, e.g.*, ECF No. 98 at 1.)

The FAA does not, however, provide for the award of any attorneys' fees.  *See* 9 U.S.C. §§ 1-16; *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 320 (4th Cir. 2003) ("'[T]here is no provision in the Federal Arbitration Act . . . that awards attorney's fees[.]'") (citation omitted).  And, "without statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays his own attorney's fees[.]"  *Am. Reliable*, 336 F.3d at 320 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 1975)).

Plaintiff's reliance on *Astanza Design, LLC v. Giemme Stile, S.p.A*, 220 F. Supp. 3d 641 (M.D.N.C. 2016), is misplaced.  (*See, e.g.*, ECF No. 108 at 8-9.)  In *Astanza*, the court explained that "[b]ecause this action is before the court on the basis of diversity jurisdiction, the court must apply the substantive law of the forum State."  *Id.* at 651 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  There was, however, no dispute among the parties that the arbitration itself and the parties' arbitration agreement were expressly governed by the FAA and North Carolina law, including North Carolina's

2

Revised Uniform Arbitration Act, a statute which provides a prevailing party with grounds to request an award of attorneys' fees. *Id.* at 646, 651 ("The parties agree that arbitration of their dispute and the [agreement at issue] are to be governed by [among others] . . . the FAA and . . . North Carolina law. . . . [and they also] acknowledge the applicability of the Revised Uniform Arbitration Act[.]"). The court therefore awarded attorneys' fees because, even though the "FAA does not authorize a district court to award attorneys' fees to a party who successfully confirmed an arbitration award in federal court, it does not displace State law allowing for such awards." *Id.* at 652 (internal citation omitted).

But North Carolina's Revised Uniform Arbitration Act does not apply to the parties' arbitration or their agreements in this case. It is undisputed—by the text of the agreements themselves and Plaintiffs' actions throughout this litigation—that the FAA, and only the FAA, governs the arbitration and related proceedings here. Because North Carolina's Arbitration Act is not applicable, fees are not available.

Additionally, even if this Court were to look beyond the FAA to state law, it would be the laws of Virginia or South Carolina that would govern, and neither state's arbitration law provides for the recovery of attorneys' fees related to motions to confirm arbitration awards. If, as the *Astanza* court noted, this Court must apply the substantive law of the forum state because it is sitting in diversity, that does not mean, as Plaintiffs suggest, North Carolina's Arbitration Act applies. Rather, applying "the substantive law of the state in which it sits" includes "the state's choice-of-law rules." *Klein v. Verizon*

*Communs., Inc.*, 674 F. App'x 304, 307 (4th Cir. 2017) (citation and quotation marks omitted). And, while the arbitrators in these particular matters concluded that North Carolina law applied to Plaintiffs' underlying claims, a "choice of law analysis is issue-specific, different states' laws may apply to different issues in a single case, a principle known as 'depecage.'" *See Berg Chilling Sys. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006) (citation omitted); *Talley v. Novartis Pharms. Corp.*, No. 08-361, 2011 U.S. Dist. LEXIS 70201, at *6 (W.D.N.C. June 28, 2011) ("The Restatement also allows for 'depecage,' which allows for different state laws to different issues in the case[.]").

Here, the parties' agreements—the same agreements that contractually compelled the parties to arbitration—expressly state that all terms not governed by the FAA are governed by the laws of Virginia or South Carolina, that is, the laws of the states where TitleMax lawfully operates and the agreements were executed. (*See, e.g.*, ECF No. 115-1 at 75-76 (loan agreement provisions).) And, according to North Carolina choice-of-law principles, "[c]ontracting parties in North Carolina are entitled to agree that a particular jurisdiction's substantive law will govern their contract[.]" *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 602 (4th Cir. 2004). Moreover, even absent a governing choice-of-law provision, North Carolina follows the doctrine of *lex loci contractus* and selects the substantive law of the state where the contract was entered. *See Bradshaw v. Bradshaw*, 826 S.E.2d 779, 783 (N.C. App. 2019) ("'North Carolina has long adhered to the general rule that *lex loci contractus*, the law of the place where the contract is executed governs the validity of the contract.'") (citation omitted).

Because Plaintiffs executed these contracts with TitleMax entities in Virginia or South Carolina, while physically present in Virginia or South Carolina, with agreements expressly governed by Virginia or South Carolina law, it is the substantive law of these states, not North Carolina, that governs the availability of attorneys' fees related to the confirmation of awards obtained as part of contractually-mandated arbitrations. (*See* ECF No. 76 at 11 ("'Arbitration,' after all, 'is a matter of contract, and courts must enforce arbitration contracts according to their terms.'") (citation omitted).) But, neither the Virginia Uniform Arbitration Act nor the South Carolina Uniform Arbitration Act provides for attorneys' fees for post-award confirmation litigation. *See* Va. Code Ann. § 8.01-581.012; S.C. Code Ann. § 15-48-150. Accordingly, without a statutory or contractual basis, no such fees should be awarded.

**B.     Even if available, the Court should deny the fee requests given the unique circumstances of this litigation, or, in the alternative, the amounts requested by Plaintiffs should be reduced.**

North Carolina's Revised Uniform Arbitration Act provides that a "court *may* award *reasonable* attorneys' fees . . . in a judicial proceeding after the award is made to a judgment confirming . . . an award." N.C. Gen. Stat. § 1-569.25(c) (emphasis added). If the Court were to conclude that this provision applies here, the Court should exercise its discretion to deny Plaintiffs' requests for fees, or, in the alternative, reduce their awards to reasonable amounts.

Section 1-569.25(c) gives a court discretion to decide whether attorneys' fees are warranted; it is not automatic (otherwise the North Carolina General Assembly would

5

have used the word "shall" instead of "may"). As this Court is aware, Plaintiffs are several of hundreds of North Carolina borrowers who have brought claims through the same counsel against TitleMax that are currently pending before this Court, all of which will be eventually subject to arbitration. Plaintiffs were in fact part of the first group of borrowers whose claims were fully arbitrated through a final award, specifically, Plaintiffs Edwards, Sells, Ewings, and Hinson (all of whom obtained awards in their favor), and Plaintiffs Candice Perkins, Davie Dawkins, Daveda Hines, and Cassandra Brooks (none of whom obtained awards in their favor). Given this Court's notification requirement, Plaintiffs each moved to confirm their favorable awards, as noted above, and TitleMax moved to confirm its favorable awards (ECF Nos. 88, 90, 110, 112).

TitleMax then moved to vacate the awards entered in Plaintiffs' favor primarily based upon the functionally indistinguishable federal court cases that should have compelled the arbitrators to conclude that TitleMax cannot be held liable here,[1] and Plaintiffs filed replies in response. Similarly, Plaintiffs Perkins, Dawkins, Hines, and Brooks opposed TitleMax's confirmation motions, (*see* ECF Nos. 96 (Perkins), 97 (Dawkins), 117 (Hines), and 118 (Brooks)), and TitleMax was thus compelled to file replies in response (which TitleMax has not sought an award of fees for preparing).

On August 27, 2021, this Court entered orders granting all eight confirmation motions (four confirming awards favorable to Plaintiffs; four confirming awards

---

[1] *See Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660 (7th Cir. 2010); *TitleMax of Del., Inc. v. Weissmann*, 505 F. Supp. 3d 353 (D. Del. 2020).

favorable to TitleMax), and issued opinions addressing and resolving (for the first time) the various arguments the parties had raised regarding confirmation of their awards. (*See* ECF Nos. 137-152.) While Section 1-569.25(c) is silent on factors a court should consider in deciding whether to deny a fee request, the unique circumstances of this particular litigation—the parties' dueling confirmation motions and the first-time resolution of various legal issues that will affect post-award proceedings for hundreds of upcoming arbitrations—are more than sufficient to justify the exercise of this Court's discretion and adhere to the prevailing American rule that the parties pay their own attorneys' fees.

In the alternative, this Court should reduce Plaintiffs' award of fees to a reasonable amount. Plaintiff Edwards requests a fee award of $3,150 for the 9 hours that her counsel spent on preparing the confirmation motion and reply brief. (ECF No. 108-3.) Plaintiff Sells requests a fee award of $1,750 for 5 hours (ECF No. 124-2); Plaintiff Ewings requests $1,400 for 4 hours (ECF No. 109-3); and Plaintiff Hinson requests $1,225 for 3.5 hours (ECF No. 116-3). But the filings by each of these Plaintiffs (represented by the same counsel) are all nearly identical—a one-page motion (*see, e.g.*, ECF Nos. 92, 98, 106, 119), three-page memorandum in support (*see, e.g.*, ECF Nos. 99, 94, 107), and a ten-page reply brief that includes three pages of block quotes (*see, e.g.*, ECF Nos. 108, 109, 124). Given that the same counsel prepared the filings with such little variation,

7

Case 1:19-cv-00489-LCB-JLW Document 155 Filed 09/17/21 Page 7 of 10

awarding total fees of $7,525 for 21.5 hours of counsel's time is not reasonable under Section 1-569.25(c), and should therefore be reduced accordingly.

In sum, for the foregoing reasons, TitleMax respectfully requests that the Court deny Plaintiffs' requests for attorneys' fees related to their motions to enforce the arbitration awards, or, in the alternative, reduce the fees to reasonable amounts in relation to this litigation.

Respectfully submitted this 17th day of September, 2021.

> /s/ Jason D. Evans
> Jason D. Evans, N.C. Bar No. 27808
> TROUTMAN PEPPER HAMILTON SANDERS LLP
> 301 S. College Street, 34th Floor
> Charlotte, NC 28202
> Phone: (704) 918-1502
> Email: jason.evans@troutman.com
>
> *Counsel for TitleMax of Virginia, Inc., and TitleMax of South Carolina, Inc.*

## CERTIFICATE OF WORD COUNT

I, Jason D. Evans, certify that the foregoing Brief in Opposition to Plaintiffs' Requests for Attorneys' Fees Related to Motions to Enforce Arbitration Awards complies with the word count limits set forth in Local Rule 7.3(d)(1).

*/s/ Jason D. Evans*
Jason D. Evans, N.C. Bar No. 27808

## CERTIFICATE OF SERVICE

I, Jason D. Evans, certify that on September 17, 2021, a true and correct copy of the foregoing Brief in Opposition to Plaintiffs' Requests for Attorneys' Fees Related to Motions to Enforce Arbitration Awards was served upon counsel of record via the Court's CM/ECF system.

*/s/ Jason D. Evans*
Jason D. Evans, N.C. Bar No. 27808