IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AARON GOINS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19CV489 |
| | ) | |
| TITLEMAX OF VIRGINIA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion for Confirmation of Arbitration Award by Defendant TitleMax of South Carolina, Inc. ("TitleMax"). (ECF No. 132.) The motion requests that the Court confirm the Final Award issued by JAMS Arbitration ("Final Award") pursuant to 9 U.S.C. § 9 and enter judgment on behalf of TitleMax against Plaintiff Lashall Burns consistent with the Final Award. (*Id.*) Plaintiff does not contest the arbitration award and does not oppose the motion. (ECF No. 136.)

Courts are divided on whether a federal court may confirm an arbitration award where there is no "live controversy between the parties regarding the award necessitating judicial enforcement," and the Fourth Circuit has not resolved the issue in this circuit. *See Brown & Pipkins, LLC v. SEIU*, 846 F.3d 716, 729 n.2 (4th Cir. 2017). However, the Fourth Circuit has recognized that "[a] confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.

1

1986). Plaintiff has not asserted such claim concerning the arbitration award at issue here. Therefore, the Court will grant TitleMax's unopposed motion. *See Goins v. TitleMax of Virginia, Inc.*, No. 1:19CV489, 2021 WL 3856150, at *1–2 (M.D.N.C. Aug. 27, 2021).

## ORDER

IT IS THEREFORE ORDERED that the Motion for Confirmation of Arbitration Award, (ECF No. 132), is GRANTED.

Judgment dismissing claims will be entered simultaneously.

This, the 14th day of December 2021.

/s/ Loretta C. Biggs
United States District Judge