IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AARON GOINS et al., | ) | |
| | ) | |
|    Plaintiffs/Counter Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-cv-489 |
| | ) | |
| TITLEMAX OF VIRGINIA, et al., | ) | |
| | ) | |
|    Defendants/Counter Claimants. | ) | |

### MULTIPLE PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE AWARD AND AWARD ATTORNEYS' FEES

Plaintiffs Kathy Bratton-Harbison, Lindsay Currie, Sandra Darrisaw, Tamera Davis, Lauren Grimsley, Charlene Harris, Linda Hedrick, Antoinette Jackson, Michael Kevin Jones, Jermale Keys, Jamorris Singleton, and Wille Warren (collectively "Plaintiffs") submit this memorandum of law in support of their motion for confirmation of the arbitration award issued by the Judicial Arbitration and Mediation Services, Inc. ("JAMS") in the matters between Plaintiffs and TitleMax of Virginia, Inc. and TitleMax of South Carolina, Inc. ("TitleMax").

### MATTER BEFORE THE COURT

On April 22, 2020, this Court ordered the parties to arbitration pursuant to 9 U.S.C. § 4, specifically all individual Plaintiffs who had a loan agreement with TitleMax, and stayed the action pending resolution of arbitration

1

in accordance with the parties' agreements. (ECF No. 76 at 16.) Plaintiffs who had entered into loan agreements with TitleMax had filed a Demand for Arbitration with JAMS and that proceeding continued as this Court ordered. On December 13, 2021, following briefing by the parties and an evidentiary hearing, the arbitrator joined other arbitrators who have recently ruled against TitleMax and other out of state car title lenders and entered the Final Award (attached as Exhibit A) following his Interim Award (attached as Exhibit B) order TitleMax to comply within thirty (30) days. Once again, TitleMax refused to do so. Plaintiff now seeks an order from this Court confirming the Final Award and entering Judgment against TitleMax for each of these twelve (12) Plaintiffs.

## **STATEMENT OF FACTS**

The arbitrator's awards, attached as Exhibits A and B, make a number of findings of fact which are incorporated herein. In essence, Plaintifs are North Carolina residents who took out a loan with TitleMax. The Arbitrator concluded that TitleMax violated the North Carolina Consumer Finance Act and Unfair and Deceptive Trade Practice Act and awarded damages. This Court is quite familiar with these matters, having been forced by TitleMax to waste limited Court resousrces and time repeatedly to enforce with civil judgments arbitration awards against TitleMax time and again by many arbitrators.

## STATEMENT OF QUESTION PRESENTED

Should the Court enter an order confirming the Final Award and enter Judgment and Attorneys' Fees against TitleMax of South Carolina, Inc?

## ARGUMENT

The Federal Arbitration Act states that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order[.]" 9 U.S.C. § 9; see also, e.g., *Loney v. USAA Fed. Sav. Bank*, No. 15CV292, 2016 U.S. Dist. LEXIS 91185, at *3 (M.D.N.C. May 2, 2016) ("'A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation Case can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act.'") (citation omitted). Here, the Court compelled the parties to arbitration pursuant to their agreement and the Federal Arbitration Act; the parties arbitrated their dispute accordingly; and the Arbitrator issued a Final Award that has not been corrected, vacated, or modified (nor is there any basis for any such actions). The only way for Plaintiffs to collect is for Judgment to be entered. TitleMax refuses to pay anything to anyone—despite being ordered to do so—necessitating all of this Court time. Defendant simply will not be reasonable—even when ordered to do so after losing in front of many different arbitrators. Plaintiffs' motion to confirm the Final Award and enter Judgment should

3

therefore be granted.

Attorneys' fees for time spent after the arbitration must be awarded to prevent TitleMax from continuing this tactic. The last time TitleMax was rewarded for this approach because it was able to keep its money for months waiting on a ruling from this Court and then not facing any consequences (fees or interest) for having done so. If that continues without consequence, TitleMax is incentivized to continue this practice of thumbing its nose at arbitrator after arbitrator. This only wastes this Court's time and injures Plaintiffs further as this Court has already ruled on these motions and is enforcing these Awards. TitleMax knows its opposition is without basis as it did not appeal the last Judgments.

Both the North Carolina's Revised Uniform Arbitration Act, N.C. Gen. Stat. § 1-569.25(c) and the court's inherent authority allow for an award of attorneys' fees. *See International Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.,* 774 F.2d 43, 47 (2d Cir. 1985) ("As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: 'when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" (citation omitted)).

Judge Schroeder's recent opinion also addresses this attorneys' fees issue:

Because this action is before the court on the basis of diversity jurisdiction, the court must apply the substantive law of the forum State. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The right to an award of attorneys' fees is considered a matter of substantive law. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 213 (S.D.N.Y. 2006). North Carolina General Statute § 1-569.25(c) applies to agreements made after January 1, 2004, and provides in relevant part that a court may award reasonable attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award. This provision therefore vests the court with discretion to award attorneys' fees to Astanza associated with the present proceeding unless it is otherwise preempted by the FAA. The exercise of State authority in a field traditionally occupied by State law will not be deemed preempted by a federal statute absent the clear manifestation of Congress. *Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 157 (1978). Even where a federal statute does displace State authority, it rarely occupies a legal field completely, totally excluding all participation by the legal systems of the states . . . Federal legislation, on the whole, has been conceived and drafted on an ad hoc basis to accomplish limited objectives. It builds upon legal relationships established by the states, altering or supplanting them only so far as necessary for the special purpose. *Southland Corp. v. Keating*, 465 U.S. 1, 18 (1984) (quoting P. BATOR ET AL., HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 470–71 (2d ed. 1973)). "The limited objective of the Federal Arbitration Act was to abrogate the general common law rule against specific enforcement of arbitration agreements." *Southland Corp.*, 465 U.S. at 18; see S. REP. NO. 68-536 at 2–3 (1924). Beyond this purpose, there is no clear intent to displace State authority. *Southland Corp.*, 465 U.S. at 18…(F)ederal courts have found it consistent with the purpose of the FAA to award attorneys' fees for litigation commenced to confirm or vacate an arbitration award under the FAA, even under their inherent powers. See, e.g., *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999-1000 (5th Cir. 1982); see also *Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. United Farm Tools, Inc., Speedy Mfg. Div.*, 762 F.2d 76, 77 (8th

5

> Cir. 1985) (per curiam) (holding that an unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees); *Com. Refrigeration, Inc. v. Layton Const. Co.*, 319 F. Supp. 2d 1267, 1271 (D. Utah 2004) (awarding attorneys' fees while noting that "[w]hile losing an arbitration may be unpleasant . . . the experience is not significantly improved by the instigation of a doomed — and no doubt costly — legal action"). A court may award attorneys' fees "when a party opposing confirmation of [an] arbitration award 'refuses to abide by an arbitrator's decision without justification.'" *The N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03 Civ. 5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003) (quoting Int'l Chem. Workers Union, 774 F.2d at 47.)). Here, the court need not determine whether Defendants' opposition to the arbitration award was "unjustified." Section 1 express allowance for an award of attorneys' fees to Astanza in connection with its efforts to confirm the arbitration award and oppose Defendants' motion to vacate, modify, or correct the award are consistent with the purposes of the FAA and should be given effect. The statute expressly authorizes an award of reasonable attorneys' fees to the "prevailing party." The Uniform Law Comment provided with the statute notes that the provision is designed to "promote[] the statutory policy of finality of arbitration awards" by allowing recovery of expenses and fees to the prevailing party in contested judicial actions precisely like the present and thereby to discourage "all but the most meritorious challenges of arbitration awards." N.C. Gen. Stat. § 1-569.25(c) cmt. 3;10 see also Aetna Health of the Carolinas, 212 N.C. App. 419, 713 S.E.2d 792, at *6 (affirming trial court order confirming arbitration award and attorneys' fee award based on "prevailing party" status under § 1-569.25(c)).

*Astanza Design* 220 F. Supp. 3d at 652-53. The reality is that this matter has gone on far too long and - even after losing before so many Arbitrators - Defendant unjustifiably refuses to pay. The Court should award a Judgment that can be enforced and award Plaintiffs attorneys' fees associated with this motion. An Affidavit of time spent will be included after the work on the Reply

6

is completed. Defendant will no doubt come up with some new purported theory why this Arbitrators' thoughtful ruling is in "manifest disregard of the law" necessitating even more work on the Reply.

Further, the Judgments need to include interest back to the date of filing. TitleMax must not be allowed to benefit from its years of delays in these matters. Plaintiffs are entitled to prejudgment interest at 8% on the compensatory damages portion of each award. The Fourth Circuit has recognized that other circuits have held that courts must apply the law of the forum to questions involving prejudgment interest in diversity cases. *United States v. Dollar Rent A Car Sys., Inc.*, 712 F.2d 938, 940 (4th Cir. 1983). The North Carolina legislature has enacted a statute governing prejudgment interest that provides "[i]n an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." N.C. Gen. Stat. § 24-5(b). The claims here by Plaintiffs were not contract actions, but rather were statutory tort claims. Therefore, Plaintiffs are entitled to prejudgment interest of 8% on the compensatory portion of their awards back to the date of filing April 2, 2019, to the date of the judgment. Plaintiffs are additionally entitled to post-judgment interest pursuant to federal law from the date of the judgment until the judgment is paid in full. *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). Post-judgment

7

interest apples to the entire money judgment, including pre-judgment interest. *See Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1031 (4th Cir. 1993).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court enter an order confirming the Final Award and entering judgment against TitleMax for each of these Plaintiffs.

This is the 18th day of January, 2021.

*/s/ Andrew H. Brown*
Andrew H. Brown
N.C. State Bar No. 28450
Attorney for Plaintiffs

**FOR THE FIRM:**
**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC 27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com

8

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document complies with the word count limits contained in LR 7.3(d)(1).

                                            */s/ Andrew H. Brown*
                                            Andrew H. Brown
                                            N.C. State Bar No. 28450
                                            Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC  27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com