# JAMS ARBITRATION

| | |
|---|---|
| Bratton, Cathy v. TitleMax of South Carolina, Inc. | – Case No. 1440007030 |
| Currie, Lindsay v. TitleMax of Virginia, Inc. | – Case No. 1440007021 |
| Darrisaw, Sandra v. TitleMax of South Carolina, Inc. | – Case No. 1440007012 |
| Davis, Tamara v. TitleMax of Virginia, Inc. | – Case No. 1440007001 |
| Grimsley, Lauren v. TitleMax of South Carolina, Inc. | – Case No. 1440007055 |
| Harris, Charlene v. TitleMax of South Carolina, Inc. | – Case No. 1440007043 |
| Hedrick, Linda v. TitleMax of Virginia, Inc. | – Case No. 1440007049 |
| Jackson, Antoinette v. TitleMax of South Carolina, Inc. | – Case No. 1440007046 |
| Johnson, Joshua v. TitleMax of Virginia, Inc. | – Case No. 1440007052 |
| Jones, Michael Kevin v. TitleMax of South Carolina, Inc. | – Case No. 1440007059 |
| Keys, Jermale v. TitleMax of Virginia, Inc. | – Case No. 1440007062 |
| Singleton, Jamorris v. TitleMax of South Carolina, Inc. | – Case No. 1440007016 |
| Stanfield, Euell v. TitleMax of Virginia, Inc. | – Case No. 1440007007 |
| Warren, Willie v. TitleMax of Virginia, Inc. | – Case No. 1440007027 |

# FINAL AWARD

The Interim Award Re: Claimants' and Respondents' Motions for Summary Disposition entered in this action on November 2, 2021, as corrected below[1], is hereby incorporated herein by reference with the same force and effect as though fully set forth herein. Pursuant to the Interim Award which allowed Respondents and Claimants to file pleadings regarding "Claimants' expert's valuation of vehicles used by Claimants in their computation of damages", Respondents filed

---

[1] The Interim Award is corrected to reflect that Jozelle Garber and Lateesha Mungin should not have been designated as Claimants therein since they withdrew from this action prior to the entry of the Interim Award. Therefore, Ms. Garber and Ms. Mungin will not receive any recovery under this Final Award.

their Submission on Damages on November 15, 2021 and Claimants filed their Response thereto on November 23, 2021.

## I. <u>Vehicle Valuations</u>

Certain Claimants, after they defaulted on their loans with Respondents, had their vehicles repossessed by Respondents. Claimants' expert on the valuation of used cars in North Carolina, Newlan Spears, stated in his Declaration that the fair market values he assigned on those Claimants' vehicles as of the date of their respective repossession was, admittedly, "not an exact science but the estimates I give are based on the known information including everything on the car produced by TitleMax as well as Claimants' testimony that the car was operable." Spears' Declaration, at ¶ 7.

Respondents argue that Mr. Spears' estimates are not credible or reliable because they "lack . . . sufficient facts and data." Respondents' Submission, at page 7. However, instead of presenting their own expert on the valuation of used vehicles or otherwise contradicting the information about their repossessed vehicles set forth in the Declarations of the respective Claimants whose vehicles were repossessed (*see*, Claimants' Exh. A), Respondents look only to the Kelley Blue Book for their valuations of the respective vehicles. The North Carolina Court of Appeals has held, in *State v. Dallas,* 205 N.C. App. 216, 220, 695 S.E.2d 474, 477 (2010), that the Kelley Blue Book pricing guide falls within the Rule

2

803(17) hearsay exception of the Federal Rules of Evidence. However, in doing so, Respondents ignore the Claimants' description of the condition of their respective repossessed vehicles at the time of the repossession, such as Claimant Darrisaw's statement that her 2009 Nissan Altima had a "new transmission" or Claimant Warren's declaration that his 2006 Cadillac SRX was "fully loaded" and had "new tires."

Additionally, Respondents challenge Mr. Spears' valuations by giving the example of Claimant Warren's vehicle being sold by Respondents at "auction" for $450.00, while Mr. Spears' valuation was $2,487.00. However, Respondents present no evidence of the type of auction that took place, *i.e.*, was it a private auction or was it a public auction where Respondents would be obligated to return to Claimant Warren any overage?

In view of the above, the fair market values Mr. Spears assigned to the vehicles that were repossessed by Respondents are adopted.

## II. Treble Damages

As a right of the prevailing party, Claimants seek treble damages pursuant to the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75.1.1 *et seq.* (specifically, Section 75-16), in connection with Claimants' claim for damages for a violation of the North Carolina Consumer Finance Act, N.C. Gen. Stat. § 53-

3

166(d). As set forth in *State ex rel. Cooper v. NCCS Loans et al.*, 174 N.C. App. 630, 641 (2005):

> "[V]iolations of statutes designed to protect the consuming public and violations of established public policy may constitute unfair and deceptive practices." *Stanley v. Moore*, 339 N.C. 717, 723, 454 S.E.2d 225, 228 (1995). In this regard, we note that it is a "paramount public policy of North Carolina to protect North Carolina resident borrowers through the application of North Carolina interest laws." N.C. Gen.Stat. § 24–2.1 (2003). Defendants' practice of offering usurious loans was a clear violation of this policy. We conclude that the trial court did not err by ruling as a matter of law that this constitutes unfair or deceptive trade practices, in violation of N.C. Gen.Stat. § 75–1.1 (2003).

It has been established that Claimants entered into "usurious loans" with Respondents, substantially exceeding the rate of interest allowed by the North Carolina Consumer Finance Act and thereby violating a "paramount public policy of North Carolina" to protect its resident borrowers. Therefore, the loan agreements between the parties were a *per se* violation of that Act, allowing for a trebling of any damages. *See, e.g., Marshall v. Miller*, 302 N.C. 539, 547 (1981) ("[T]he Legislature intended trebling of any damages assessed to be automatic once a violation is shown.").

The following sets forth the damages (interest paid to Respondents) attributable to Claimants who did not have their vehicle repossessed or had one repossessed but it was returned:

4

| Claimant's Name | Interest Paid | Trebled |
|---|---|---|
| Lindsay Currie: | $3,740.01 | $11,220.03 |
| Tamara Davis: | $3,824.31 | $11,472.93 |
| Charlene Harris: | $6,310.04 | $18,930.12 |
| Lauren Grimsley | $16,618.30 | $49,854.49 |
| Antoinette Jackson: | $5,437.57 | $16,312.71 |
| Michael Jones: | $6,349.86 | $19,049.58 |
| Jermale Keys: | $5,730.55 | $17,191.65 |
| Euell Stanfield: | $7,860.37 | $23,581.11 |

Damages for the Claimants who had their vehicles repossessed and which were subsequently sold and which comprises the interest paid to Respondents plus the value of their repossessed vehicle are as follows:

| Claimant's Name | Interest Paid | Spears' Vehicle Value | Base Total | Trebled |
|---|---|---|---|---|
| Kathy Bratton: | $5,760.55 | $5,700.00 | $11,460.55 | $34,381.65 |
| Sandra Darrisaw: | $4,154.48 | $6,500.00 | $10,654.48 | $31,963.44 |
| Linda Hedrick: | $606.00 | $3,250.00 | $3,856.00 | $11,568.00 |
| Joshua Johnson: | $6,870.80 | $9,700.00 | $16,570.80 | $49,712.40 |
| Jamorris Singleton: | $3,314.90 | $5,000.00 | $8,314.90 | $24,944.70 |
| Willie Warren: | $0.00 | $15,000.00 | $15,000.00 | $45,000.00 |

Accordingly, Claimants are entitled to recover of Respondents treble damages in the amount of $365,183.22.

THEREFORE, for the reasons set out above, the undersigned Arbitrator does hereby ORDER as follows:

1. Claimants shall have and recover of Respondents compensatory damages for Respondents' violations of the North Carolina Consumer Finance Act in the amount of $121,727.74 and said amount is trebled to the amount of $365,183.22.

5

2. Respondents are directed to pay the sum of $365,183.22 to Claimants within 30 days from the date of this Final Award.

All arguments raised by the parties have been considered. All claims submitted in this Arbitration are determined to be resolved. All claims and requests for relief of any kind not expressly granted in this Final Award are hereby denied.

Dated: December 13, 2021

*William H. Needle*
William H. Needle
Arbitrator

# SERVICE LIST

**Case Name:** See attached case list  
**Reference #:** See attached case list  
**Panelist:** Needle, William ,

**Hear Type:** Arbitration  
**Case Type:** Business/Commercial

---

## Ben Bollinger

Troutman Pepper Hamilton Sanders, LLP

Ben Bollinger  
301 S. College St.  
34th Floor  
Charlotte, NC  28202  
ben.bollinger@troutman.com

Respondent  
Phone: 704-998-4050

**Party Represented:**  
TitleMax of Virginia, Inc. dba TitleMax

## Drew Brown

Brown, Faucher, Peraldo, et al.

Drew Brown  
822 N Elm St  
Suite 200  
Greensboro, NC  27401  
drew@greensborolawcenter.com  
Assistant's Emails:  
kellie@greensborolawcenter.com

Claimant  
Phone: 336-478-6000

**Party Represented:**  
Tamara Davis

## Jason D. Evans

Troutman Pepper Hamilton Sanders, LLP

Jason D. Evans  
301 S. College St.  
34th Floor  
Charlotte, NC  28202  
Jason.Evans@troutman.com

Respondent  
Phone: 704-998-4050

**Party Represented:**  
TitleMax of Virginia, Inc. dba TitleMax

## Will Farley

Troutman Pepper Hamilton Sanders, LLP

Will Farley  
301 S. College St.  
34th Floor  
Charlotte, NC  28202  
will.farley@troutman.com

Respondent  
Phone: 704-998-4050

**Party Represented:**  
TitleMax of Virginia, Inc. dba TitleMax

## John E. Komisin

Troutman Pepper Hamilton Sanders, LLP

John E. Komisin  
1001 Haxall Pt.  
15th Floor  
Richmond, VA  23219  
jed.komisin@troutman.com

Respondent  
Phone: 804-697-1200  
Fax: 804-697-1339

**Party Represented:**  
TitleMax of Virginia, Inc. dba TitleMax

## Brian Nichilo

Troutman Pepper Hamilton Sanders, LLP

Brian Nichilo  
301 S. College St.  
34th Floor  
Charlotte, NC  28202  
brian.nichilo@troutman.com

Respondent  
Phone: 704-998-4050

**Party Represented:**  
TitleMax of Virginia, Inc. dba TitleMax

## BILL NEEDLE, ESQ. TITLEMAX ARBITRATIONS

Bratton, Cathy v. TitleMax of South Carolina, Inc. – 1440007030
Currie, Lindsay v. TitleMax of Virginia, Inc. – 1440007021
Darrisaw, Sandra v. TitleMax of South Carolina, Inc. – 1440007012
Davis, Tamara v. TitleMax of Virginia, Inc. – 1440007001
Garber, Jozelle v. TitleMax of Virginia, Inc. – 1440007040
Grimsley, Lauren v. TitleMax of South Carolina, Inc. – 1440007055
Harris, Charlene v. TitleMax of South Carolina, Inc. – 1440007043
Hedrick, Linda v. TitleMax of Virginia, Inc. – 1440007049
Jackson, Antoinette v. TitleMax of South Carolina, Inc. – 1440007046
Johnson, Joshua v. TitleMax of Virginia, Inc. – 1440007052
Jones, Michael Kevin v. TitleMax of South Carolina, Inc. – 1440007059
Keys, Jermale v. TitleMax of Virginia, Inc. – 1440007062
Mungin, Lateesha v. TitleMax of South Carolina, Inc. – 1440007034
Singleton, Jamorris v. TitleMax of South Carolina, Inc. – 1440007016
Stanfield, Euell v. TitleMax of Virginia, Inc. – 1440007007
Warren, Willie v. TitleMax of Virginia, Inc. – 1440007027

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: See attached case list
Reference No. See attached case list

I, Nykesha Potts, not a party to the within action, hereby declare that on December 15, 2021, I served the attached Final Award on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Atlanta, GEORGIA, addressed as follows:

Drew Brown Esq.
Brown, Faucher, Peraldo, et al.
822 N Elm St
Suite 200
Greensboro, NC 27401
Phone: 336-478-6000
drew@greensborolawcenter.com
    Parties Represented:
    Tamara Davis

Jason D. Evans Esq.
Ben Bollinger Esq.
Will Farley Esq.
Troutman Pepper Hamilton Sanders, LLP
301 S. College St.
34th Floor
Charlotte, NC 28202
Phone: 704-998-4050
Jason.Evans@troutman.com
ben.bollinger@troutman.com
will.farley@troutman.com
    Parties Represented:
    TitleMax of Virginia, Inc. dba TitleMax

John E. Komisin Esq.
Troutman Pepper Hamilton Sanders, LLP
1001 Haxall Pt.
15th Floor
Richmond, VA 23219
Phone: 804-697-1200
jed.komisin@troutman.com
    Parties Represented:
    TitleMax of Virginia, Inc. dba TitleMax

Brian Nichilo Esq.
Troutman Pepper Hamilton Sanders, LLP
301 S. College St.
34th Floor
Charlotte, NC 28202
Phone: 704-998-4050
brian.nichilo@troutman.com
    Parties Represented:
    TitleMax of Virginia, Inc. dba TitleMax

I declare under penalty of perjury the foregoing to be true and correct. Executed at Atlanta, GEORGIA on December 15, 2021.

*Nykesha Potts*
Nykesha Potts
nykeshapotts@jamsadr.com