

1101 Laurel Oak Road
Voorhees, NJ 08043

October 4, 2022

Drew Brown, Esq.
Brown, Faucher, Peraldo & Benson, PLLC
822 North Elm Street, Suite 200
Greensboro, NC 27401
Via Email to: drew@greensborolawcenter.com

Jason D. Evans, Esq.
Troutman Pepper LLP
301 South College Street
34th Floor, Suite 3400
Charlotte, NC 28202
Via Email to: Jason.Evans@troutman.com

**Case Number: 01-22-0003-9803**

Hazel Gilliam
-vs-
TitleMax of South Carolina, Inc. d/b/a TitleMax

Dear Parties:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").

Prior to the filing of this arbitration, TitleMax of South Carolina, Inc. d/b/a TitleMax failed to comply with the AAA's policies regarding consumer claims, set forth in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration, which can be found on our web site, www.adr.org. Accordingly, we must decline to administer this claim and any other claims between TitleMax of South Carolina, Inc. d/b/a TitleMax and its consumers at this time. Please note that, for cases roceeding under the Consumer Rules, the AAA reviews the relevant arbitration agreement for material compliance with the Protocol and the Consumer Rules. The AAA's review is administrative; it is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable, nor is it a determination regarding the arbitrability of the dispute.

**We have administratively closed our file** and will refund any payment received by the filing party. According to R-1(d) of the Consumer Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

If you believe we have declined this matter in error, please email ConsumerFiling@adr.org.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 3 months after the date of this letter.

If TitleMax of South Carolina, Inc. d/b/a TitleMax advises the AAA in the future of its intention to comply with the AAA's Consumer Rules and Protocol and, if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward. Therefore, if TitleMax of South Carolina, Inc. d/b/a TitleMax wishes for the AAA to consider accepting consumer disputes going forward, TitleMax of South Carolina, Inc. d/b/a TitleMax must, at a minimum, register its clause on the Consumer Clause Registry on our website, [www.adr.org/clauseregistry](www.adr.org/clauseregistry). Upon completion of the registration process and confirmation from the AAA that TitleMax of South Carolina, Inc. d/b/a TitleMax is now active on the Consumer Clause Registry, TitleMax of South Carolina, Inc. d/b/a TitleMax is responsible for informing all parties that Claimant may re-file their claim.

Sincerely,

Consumer Filing Team
[ConsumerFiling@adr.org](mailto:ConsumerFiling@adr.org)
Fax: (877) 304-8457