# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AARON GOINS, et al.,<br><br>    Plaintiffs/Counter Defendants,<br><br>v.<br><br>TITLEMAX OF VIRGINIA, INC., et al.,<br><br>    Defendants/Counter Claimants. | Case No. 19-cv-489 |

## REPLY IN FURTHER SUPPORT OF MOTION TO STAY PROCEEDINGS TO ENFORCE JUDGMENT

Defendants TitleMax of Virginia, Inc. and TitleMax of South Carolina, Inc. (collectively, "Defendants") submit this reply in further support of their Motion to Stay Proceedings to Enforce Judgment (ECF No. 179).

On September 21, 2022, Defendants deposited $383,751.20 with the Clerk of this Court as security (receipt #NCM058598) in support of their request to stay enforcement of the judgment entered on behalf of Plaintiffs pending resolution of Defendants' appeal. In their response, Plaintiffs do not dispute that Defendants are entitled to a stay by posting sufficient security, nor do they contest that Defendants' deposit includes the full amount of the arbitration award affirmed in the judgment, plus pre-judgment interest and twelve months of post-judgment interest.  *See* ECF No. 194.  Rather, Plaintiffs merely contend that Defendants should deposit an *additional* $66,248.80 to include eighteen months of post-judgment interest *and* attorneys' fees "to cover the costs to handle this appeal."  *Id.* at 1.  Such an amount is not necessary to provide full security.

131931827v1

The Fourth Circuit's "median disposition time for cases decided on the merits is about six months from notice of appeal to entry of judgment." *FAQs – Opinions*, United States Court of Appeals for the Fourth Circuit.[1] While "[d]isposition times may vary widely from case to case," *see id.*, Defendants' security includes post-judgment interest covering *twice* the median disposition time, which, given that Plaintiffs have not offered any justification for requesting additional time, is more than sufficient to cover the time this matter remains on appeal.

And, Plaintiffs' request that the security amount include attorneys' fees on appeal—a request also made without any factual or legal support whatsoever—is unwarranted. Even if unsuccessful, Defendants' timely appeal of the largest arbitration award issued to date in this multi-year litigation, which, among other issues, may affect how damages (if any) are calculated and explained in these proceedings going forward, is not a situation that would support an award of attorney's fees on appeal. *See Amerada Hess Corp. v. SS Athena*, No. 86-3092, 1987 U.S. App. LEXIS 19101, at *2 (4th Cir. Apr. 9, 1987) (denying appellee's request for attorney's fees under Fed. R. App. P. 38 after appellate court affirmed district court's confirmation of an arbitration award); *Ward v. AutoZoners, LLC*, No. 15-cv-164, 2019 U.S. Dist. LEXIS 225443, at *3 (E.D.N.C. Feb. 11, 2019) ("[F]ull security in this case does not include applications for future costs and attorney's fees resulting from appeal.")

---

[1] Available at https://www.ca4.uscourts.gov/faqs/faqs-opinions#:~:text=The%20court's%20median%20disposition%20time,widely%20from%20case%20to%20case.

For the foregoing reasons, and those set forth in their Motion to Stay Proceedings to Enforce Judgment, Defendants respectfully request this Court grant their Motion and enter an order staying the execution of final judgment pending disposition of their appeal and accepting as appropriate security Defendants' $383,751.20 deposited with the Clerk of United District Court for the Middle District of North Carolina.

Dated: October 20, 2022

Respectfully submitted,

*/s/ William J. Farley*
William J. Farley III, N.C. Bar No. 44373
Troutman Pepper Hamilton Sanders LLP
301 S. College St., 34th Floor
Charlotte, NC 28202
Phone: (704) 998-4099
Email: will.farley@troutman.com

*Counsel for TitleMax of Virginia, Inc. and TitleMax of South Carolina, Inc.*

131931827v1

## CERTIFICATE OF SERVICE

I, William J. Farley III, certify that on October 20, 2022, a true and correct copy of the foregoing Reply in Further Support of Motion to Stay Proceedings to Enforce Judgment was served upon counsel of record via the Court's CM/ECF system.

*/s/ William J. Farley*
William J. Farley III, N.C. Bar No. 44373

131931827v1

Case 1:19-cv-00489-LCB-JLW   Document 196   Filed 10/20/22   Page 4 of 4