IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AARON GOINS et al., )
)
    Plaintiffs/Counter Defendants, )
)
v. )
) Civil Action No. 19-cv-489
)
TITLEMAX OF VIRGINIA, et al., )
)
    Defendants/Counter Claimants. )

## DONTA SYKES' REPLY TO OPPOSITION TO MOTION TO ENFORCE AWARD

Plaintiff Donta Sykes ("Plaintiff") submits this reply memorandum of law in support of her motion for confirmation of the arbitration award issued against TitleMax of South Carolina, Inc. ("TitleMax").

## ARGUMENT

TitleMax again attempts to relitigate the case here[1] despite the fact that the Arbitrator conducted a merits hearing on full, multiple stage briefing and decided the matter in Plaintiffs' favor, as have many other arbitrators in similar matters against TitleMax. TitleMax chose the arbitration forum in its contracts (and continues to do so), yet now that it has lost, it wants a do over here (despite moving to confirm in cases where it is pleased with the Arbitrators' decisions). The obvious purpose of arbitration is to avoid just that.

---

[1] TitleMax has challenged and refused to pay every arbitration award it has lost, no matter the reason until Judgment has been entered and collection proceedings are underway. To exemplify this bad faith, TitleMax admits in its opposition that it owes some money on these cases—yet refuses to pay even the undisputed amount.

1

This Court in this very matter has already rejected the efforts TitleMax makes here and enunciated the applicable standard:

> Thus, courts may vacate or modify an arbitration award only under "limited circumstances." *Padussis*, 842 F.3d at 339. The party opposing enforcement of the award bears the "heavy burden" of showing that grounds to vacate the award exist under either the Federal Arbitration Act ("FAA") or common law. *Three S Delaware, Inc.*, 492 F.3d at 527. Relevant to this case, an award is vacated at common law where "the award evidences a manifest disregard of the law." Id. This high bar is reached only where (1) the disputed legal principle is "clearly defined" and "not subject to reasonable debate," and (2) "the arbitrator refused to apply that legal principle." *Jones v. Dancel*, 792 F.3d 395, 402 (4th Cir. 2015). Merely failing to explain a legal conclusion will not justify vacating an award where the legal reasoning can be inferred. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598 (1960).

Dkt. 151 at page 3 (J. Biggs in *Sells* matter, August 26, 2021)(enforcing the exact same trebling under Unfair & Deceptive statute for violations of North Carolina Consumer Finance Act that TileMax challenges here). This Court also found in that opinion:

> Here, the Arbitrator found that TitleMax intentionally charged Sells a usurious interest rate that "exceeded by more than five times the rate of interest allowed" under the CFA. (ECF No. 119-1 at 7.) The Court holds that this finding by the Arbitrator also constitutes a finding of a willful engagement in an unfair or deceptive trade practice…. It is not for this Court to relitigate the Final Award. The Arbitrator was not required to outline his reasoning(.)

Id. at p. 6.

This Court should once again enforce this Arbitrator's Final Award trebling the Award under the North Carolina Consumer Finance Act and enter an individual Judgment for this Plaintiff.

Further, every North Carolina Superior Court Judge who have heard these matters

2

have ruled against other car title loan providers. And now the North Carolina Court of Appeals has as well. TitleMax's position is that everyone – dozens of North Carolina Judges, the North Carolina Court of Appeals, and dozens of arbitrators are all just wrong. And not just wrong but manifestly wrong.

## I. THE ARBITRATOR'S DAMAGES CALCULATION IS CORRECT

TitleMax maintains that Plaintiff cannot recover treble damages for the amount that is awarded for a violation of Chapter 53. There is no support for the contention N.C. Gen. Stat. § 53-166(d) precludes trebling under Chapter 75. First, where the North Carolina legislature has intended to limit the interplay of different damages statutes it has done so expressly. *See* N.C. Gen. Stat. § 1D-20. Moreover, there are reported cases where the Court of Appeals has affirmed judgments (or reversed contrary judgments) that allow the recovery of damages both under Chapter 53 and Chapter 75. *See e.g. O'Dell v. Legal Bucks, LLC*, 665 S.E.2d 767 (N.C. App. 2008).

The Chapter 75 claim here is indistinguishable from the claim in *O'Dell*. Claimant contends that Respondent violated Chapter 75 by failing to disclose that the loan violated the NCCFA. The Court in *O'Dell* held:

> Although Defendants disclosed the terms of the advance to Plaintiff, Defendants did not inform Plaintiff that she was executing a contract that violated the Consumer Finance Act. Therefore, Defendants' conduct "had the capacity to deceive," as Defendants did not disclose the actual nature of the transaction to Plaintiff. Further, Defendants' contract with Plaintiff for an illegal advance violated "the paramount public policy of North Carolina to protect North Carolina resident borrowers through the application of North Carolina interest laws." N.C. Gen.Stat. § 24-2.1(g) (2007). On these facts, we hold that Defendants committed unfair and deceptive trade practices as a matter of law. The trial court therefore erred by granting

3

summary judgment in favor of Defendants on Plaintiff's claim for unfair and deceptive trade practices.

*Odell v. Legal Bucks, LLC*, 665 S.E.2d 767 (N.C. App. 2008).

Moreover, the Court in *State of NC v. NCCS Loans,* 174 N.C. App. 630, 641, 624 S.E.2d 371, 378, (2005) held (and Arbitrator Needle cited):

> Moreover, "violations of statutes designed to protect the consuming public and violations of established public policy may constitute unfair and deceptive practices." *Stanley v. Moore*, 339 N.C. 717, 723, 454 S.E.2d 225, 228 (1995). In this regard, we note that it is a "paramount public policy of North Carolina to protect North Carolina resident borrowers through the application of North Carolina interest laws." N.C. Gen. Stat. § 24-2.1 (2003). Defendants' practice of offering usurious loans was a clear violation of this policy. We conclude that the trial court did not err by ruling as a matter of law that this constitutes unfair or deceptive trade practices, in violation of N.C. Gen. Stat. § 75-1.1 (2003).

TitleMax now cites to *Richardson v. Bank of Am., N.A.*, 182 N.C. App. 531, 562, 643 S.E.2d 410 (2007) and *Bernard v. Central Carolina Truck Sales*, 68 N.C. App. 228, 233, 314 S.E.2d 582, 585, disc. rev. denied, 311 N.C. 751 321 S.E.2d 126 (1984) for the proposition that the damages should be reduced by the amount of the loan retained. However, those cases do not involve the North Carolina Consumer Finance Act. That act on its terms specifically does not allow TitleMax to recover or get credit for its principal that it paid the Claimants. The operative statute, NCGS 53-166(d), expressly provides that a lender cannot "collect, receive or retain any amount on the loan." Therefore, Plaintiffs' compensatory damages are the amount they paid plus the value of the vehicles taken without a credit for any principal. This has been explained time and again by Court after Court and Arbitrator after Arbitrator to TitleMax but they attempt to raise it here,

4

after this arbitration, as a some sort of novel issue. TitleMax does not get credit for the principal, because, unlike in *Richardson* and *Bernard*, the statute here which specifically forms the basis of these these claims says on face that it gets no such credit. Further, TitleMax chose not to pursue a Counterclaim to recover the amount it paid. TitleMax may not like the interpretation of the statute by the Arbitrator, just like many other Claimants do not like other Arbitrators' interpretation of the statute, but that does not give it a basis to get a do over here and the losing Claimants, unlike TitleMax, do not waste this Court's time and drag the matters out for many more months. There was no manifest disregard for the law by the Arbitrator; to the contrary, he was correct.

Next, TitleMax argues now that Claimants because the word 'penalty' is used in the heading of the statute, the awards are not compensatory in nature. This ignores the obvious reality that each award is for a different amount—specifically for the amount of compensatory damages suffered by each Plaintiff. Instead, it now cites *Shavitz v. City of High Point*, 177 N.C. App. 465, 474 (2006) . *Shavitz* is actually a red light camera penalty case—there actually were not damages in that case of course and there is no claim for unfair and deceptive damages at all. TitleMax also cites *Nintendo of Am., Inc. v. Aeropower Co.*, 34 F.3d 246, 251 (4th Cir. 1994). However, *Nintendo* was a copyright Langham Act claim and the Court actually held that no state statute was violated and therefore preemption prevented the trebling under the state North Carolina Unfair and Deceptive Act. *Id.* ("The state treble damages provision only authorizes the trebling of actual damages found to have resulted from violations of the state Act. It does not purport to authorize trebling of either actual or statutory damages found recoverable for parallel

5

violations of federal copyright law. Copyright infringement is not itself a violation of the state Act.").

Finally, TitleMax cites *Jennings Glass Co. v. Brummer*, 88 N.C. App. 44, 53 362 S.E.2d 578 (1987), which is an election between a punitive and a Chapeter 75 remedy and has no bearing on the matter here.

TitleMax's argument that a consumer cannot pursue and prevail on both a Chapter 53 claim and a Chapter 75 claim is without merit. The opposite is true. A Chapter 53 violation can be the basis of a Chapter 75 claim. Respondent overlooks or ignores express authority from the North Carolina Court of Appeals that a borrower can pursue and prevail on claims for usury and Chapter 75 simultaneously and recover on both. *Britt v. Jones*, 472 S.E.2d 199, 123 N.C.App. 108 (1996), *State ex rel. Cooper v. NCCS Loans, Inc.*, 624 S.E.2d 371, 174 N.C. App. 630 (2005). Indeed, the North Carolina Courts have found that the Chapter 53 violation can be the basis for a Chapter 75. *See State ex rel. Cooper v. NCCS Loans, Inc.*

> **II.    This Court Must Award Attorneys' Fees Resulting from this Challenge to the Arbitrators' Award so that this Delay Conduct is not Rewarded and so that it stops happening.**

Further, both the North Carolina's Revised Uniform Arbitration Act, N.C. Gen. Stat. § 1-569.25(c)(which does apply as the case was filed in State Court and this Court applies the law of the forum and nothing in the Federal Act even contradicts the authority to award fees) and, in addition, the court's inherent authority to allow for an award of attorneys' fees. *See International Chemical Workers Union (AFL-CIO), Local No. 227 v.*

6

*BASF Wyandotte Corp.,* 774 F.2d 43, 47 (2d Cir. 1985) ("As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: 'when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" (citation omitted)); also see lengthy discussion at *Astanza Design* 220 F. Supp. 3d at 652-53. The reality is that this matter has gone on far too long and - even after losing before so many Arbitrators - Titlemax continues to unjustifiably refuse to pay. The Court should award Plaintiffs attorneys' fees. A Declaration in support thereof is attached as Exhibit A. So little is requested in Attorneys' Fees so there can be no issue as their reasonableness and so TitleMax is deterred from doing this time and again dragging these matters out and taking this Court's limited resources.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order confirming the Award of Arbitrator, entering judgment (with interest from the date of the Award) against TitleMax of South Carolina, Inc. and awarding Plaintiffs attorneys' fees for time spent enforcing the Arbitration Award.

This is the 2nd day of November, 2022

                                           */s/ Andrew H. Brown*
                                           Andrew H. Brown
                                           N.C. State Bar No. 28450
                                           Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC  27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com

8

## **CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing document complies with the word count limits contained in LR 7.3(d)(1).

                                             */s/ Andrew H. Brown*
                                             Andrew H. Brown
                                             N.C. State Bar No. 28450
                                             Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC  27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com