DocuSign Envelope ID: FFBD9D58-D9C9-487B-979F-5F710D33DA57

JAMS ARBITRATION

| | |
|---|---|
| KATRINA CAMPBELL, *et al.,* | Case No. 1440006927 (Campbell) |
| | Case No. 1440007008 (Bradfield) |
| Claimants, | Case No. 1440007018 (Sligh) |
| | Case No. 1440007020 (Coxe) |
| | Case No. 1440007026 (Shannon) |
| vs. | Case No. 1440007033 (Brown) |
| | Case No. 1440007039 (Gaddy) |
| TITLEMAX OF SOUTH CAROLINA, INC. | Case No. 1440007044 (Harris) |
| and TITLEMAX OF VORGINIA, INC., | Case No. 1440007045 (Houseton) |
| | Case No. 1440007050 (Hickman) |
| Respondents. | Case No. 1440007051 (Holder) |
| | Case No. 1440007058 (Jones) |
| | Case No. 1440007061 (Keeling) |
| | Case No. 1440007066 (Weavil) |
| | Case No. 1440007067 (White) |

**Terrence Lee Croft, Arbitrator**

**INTERIM ORDER NO. 4**

This is an Interim Order, not a Final Award, to permit a request for, and a response to, an application for attorney's fees, costs and expenses.

These cases were filed in North Carolina state court, removed to federal court and sent to arbitration by the Middle District of North Carolina to resolve all issues between the parties. The parties agreed to JAMS as the provider of arbitration services, and to Terrence Lee Croft as the Arbitrator.

In considering the essence of the contract with regard to the choice of law issue, I find that the solicitation, negotiation, and discussion leading to the formation of the contract between each of these Claimants and their respective Respondents, as well as the performance by the Claimants and the enforcement by the Respondents through demands, liens, repossessions and wrongful misconduct by Respondents, occurred in North Carolina. North Carolina law is clear that choice of law provisions which purport to allow lenders to evade North Carolina usury laws violate public policy and North Carolina will not enforce such choice of law provisions. A bevy of North Carolina decisions decided on July 19, 2022 support this conclusion.

Even where there is a written contract, for actions sounding in tort, as here, the interest of the state where the injury occurred is controlling. In these cases, the injuries and damages were incurred in North Carolina. Respondents violated North Carolina's Consumer Finance Act.

1

DocuSign Envelope ID: FFBD9D58-D9C9-487B-979F-5F710D33DA57

The Titlemax Respondents conducted contractual activities within the state of North Carolina. They solicited, discussed and negotiated the terms of loan agreements at illegal interest rates, used the DMV to protect their security interests and repossessed vehicles in North Carolina. The evidence established that Respondents did speak with and give loan information to North Carolina residents who were in North Carolina, including Claimants. Other evidence showed that Respondents solicited business from North Carolina residents who were in North Carolina by radio, TV and mailer advertising. Some of these Claimants were recipients of such advertising.

Treble damages should be awarded under North Carolina General Statute 75-1.1 et seq. Violations of laws designed to protect the consuming public and violations of established public policy may constitute unfair and deceptive practices, as here.

The dormant Commerce Clause does not bar Claimants' claims. See TitleMax of Del. v. Weissmann, No 21-1020 (3rd Cir.). See, also, N.C.G.S. 53-190(b)(2015).

The Statute of Limitations is not a viable defense to these claims.

Most of the loans are clearly within the statute of limitations, even if the date of the loan was used. However, N.C.G.S. 53-166(d) makes it a violation to collect, receive or retain any principal or charges whatsoever with respect to the loan. Respondents have never paid back the funds they obtained from these Claimants, and thus Respondents retain those funds and the tortious conduct continues and the violative acts have not ceased and the statute of limitations has not run on any claim.

Each individual Claimant is entitled to that Claimant's base damages, trebled (not base damages plus that amount, trebled). The following chart sets out for each Claimant the base damages and that amount, trebled, which is awarded to that Claimant.

| Claimant | Base Amount Paid | Trebled |
| --- | --- | --- |
| Phillip Brown | $6, 296 | $18,888 |
| Katrina Campbell | $3,170 | $ 9,510 |
| Jarrad Coxe | $5,014 | $15,042 |
| Frances Gaddy | $4,696 | $14,088 |
| Tari Harris | $1,352 | $4,056 |
| Rodney Hickman | $1,926 | $5,778 |
| Melissa Holder | $15,455 | $46,365 |
| Stephanie Jones | $2,859 | $8,577 |

DocuSign Envelope ID: FFBD9D58-D9C9-487B-979F-5F710D33DA57

| | | | | | |
|---|---|---|---|---|---|
| Paulette Shannon | $17,606 | | | | $52,818 |
| Lorraine White/Sligh | $4,757 | | | | $14,271 |
| Tommy White | $4,216 | | | | $12,648 |
| | Car | Pers. Prop. | | Base Total | |
| Willie Bradfield | $3,641 | $5,500 | $250 | $9,391 | $28,173 |
| Dawn Houeston | $12,103 | $7,500 | $0 | $19,603 | $58,809 |
| Michelle Keeling | $1,145 | $4,800 | $2000 | $7,945 | $23,835 |
| Margie Weavil | $276 | $7,500 | $0 | $7,776 | $23,328 |

Each Claimant is also entitled to interest at the legal rate on the amount of their damages from the filing of their suit until paid. They are entitled to recover their costs of court and any arbitration fees paid to JAMS, and their reasonable attorney's fees and expenses of arbitration. Claimants may have 10 days from their receipt of this Interim Order No. 4 within which to submit to the Arbitrator their application for fees and expenses. Respondents may have 10 days from receipt of the application within which to oppose or object to it.

This is an interim order, not a final award, in these 15 cases. Although I do not intend to substantively change it, I reserve the right to do so. If I have made computational errors, please point them out.

So Ordered, this 7th day of October, 2022, at Atlanta, Georgia by Terrence Lee Croft, Arbitrator.

                                                            DocuSigned by: *Terrence Croft, Esq.*
                                                      Terrence Lee Croft, Arbitrator

# SERVICE LIST

**Case Name:** See attached case list  **Hear Type:** Arbitration
**Reference #:** See attached case list  **Case Type:** Business/Commercial
**Panelist:** Croft, Terrence Lee,

### Drew Brown

Brown, Faucher, Peraldo, et al.

Drew Brown  Claimant
822 N Elm St  Phone: 336-478-6000
Suite 200
Greensboro, NC 27401
drew@greensborolawcenter.com

Assistant's Emails:
kellie@greensborolawcenter.com

**Party Represented:**
Katrina Campbell

### Will Farley

Troutman Pepper Hamilton Sanders, LLP

Will Farley  Respondent
301 S. College St.  Phone: 704-998-4050
34th Floor
Charlotte, NC 28202
will.farley@troutman.com

**Party Represented:**
TitleMax of South Carolina, Inc.

### Brian Nichilo

Troutman Pepper Hamilton Sanders, LLP

Brian Nichilo  Respondent
301 S. College St.  Phone: 704-998-4050
34th Floor
Charlotte, NC 28202
brian.nichilo@troutman.com

**Party Represented:**
TitleMax of South Carolina, Inc.

*10/7/2022*  *Page 1 of 1*

Case 1:19-cv-00489-LCB-JLW   Document 217-1   Filed 11/27/22   Page 4 of 6

Terrence Croft, Esq. TitleMax Case List

- *Campbell, Katrina v. TitleMax of South Carolina, Inc.*; Ref. No. 1440006927
- *Bradfield, Willie v. TitleMax of South Carolina, Inc.*; Ref. No. 1440007008
- *Coxe, Jarrad v. TitleMax of South Carolina, Inc.*; Ref. No. 1440007020
- *Brown, Phillip v. TitleMax of South Carolina, Inc.*; Ref. No. 1440007033
- *Gaddy, Frances v. TitleMax of South Carolina, Inc.*; Ref. No. 1440007039
- *Harris, Tari Dabena v. TitleMax of South Carolina, Inc.*; Ref. No. 1440007044
- *Houseton, Dawn v. TitleMax of South Carolina, Inc.*; Ref. No. 1440007045
- *Hickman, Rodney v. TitleMax of South Carolina, Inc.*; Ref. No. 1440007050
- *Holder, Melissa v. TitleMax of South Carolina, Inc.*; Ref. No. 1440007051
- *Keeling, Michelle v. TitleMax of South Carolina, Inc.*; Ref. No. 1440007061
- *Weavil, Margie v. TitleMax of Virginia, Inc.*; Ref. No. 1440007066
- *White/Sligh, Lorraine v. TitleMax of Virginia, Inc.*; Ref. No. 1440007018
- *Jones, Stephanie v. TitleMax of Virginia, Inc.*; Ref. No. 144007058
- *White, Tommy Edward v. TitleMax of Virginia, Inc.*; Ref. No. 1440007067
- *Shannon, Paulette v. TitleMax of Virginia, Inc.*; Ref. No. 1440007026

## PROOF OF SERVICE BY E-Mail

Re:  Campbell, Katrina v. TitleMax of South Carolina, Inc.; Ref. No. 1440006927
 Bradfield, Willie v. TitleMax of South Carolina, Inc.; Ref. No. 1440007008
 Coxe, Jarrad v. TitleMax of South Carolina, Inc.; Ref. No. 1440007020
 Brown, Phillip v. TitleMax of South Carolina, Inc.; Ref. No. 1440007033
 Gaddy, Frances v. TitleMax of South Carolina, Inc.; Ref. No. 1440007039
 Harris, Tari Dabena v. TitleMax of South Carolina, Inc.; Ref. No. 1440007044
 Houseton, Dawn v. TitleMax of South Carolina, Inc.; Ref. No. 1440007045
 Hickman, Rodney v. TitleMax of South Carolina, Inc.; Ref. No. 1440007050
 Holder, Melissa v. TitleMax of South Carolina, Inc.; Ref. No. 1440007051
 Keeling, Michelle v. TitleMax of South Carolina, Inc.; Ref. No. 1440007061
 Weavil, Margie v. TitleMax of Virginia, Inc.; Ref. No. 1440007066
 White/Sligh, Lorraine v. TitleMax of Virginia, Inc.; Ref. No. 1440007018
 Jones, Stephanie v. TitleMax of Virginia, Inc.; Ref. No. 144007058
 White, Tommy Edward v. TitleMax of Virginia, Inc.; Ref. No. 1440007067
 Shannon, Paulette v. TitleMax of Virginia, Inc.; Ref. No. 1440007026

I, Nykesha Potts, not a party to the within action, hereby declare that on October 7, 2022, I served the attached Interim Order No. 4 on the parties in the within action by electronic mail at Atlanta, GEORGIA, addressed as follows:

| | |
|---|---|
| Drew Brown Esq.<br>Brown, Faucher, Peraldo, et al.<br>822 N Elm St<br>Suite 200<br>Greensboro, NC   27401<br>Phone: 336-478-6000<br>drew@greensborolawcenter.com<br>   Parties Represented:<br>   Katrina Campbell | Will Farley Esq.<br>Brian Nichilo Esq.<br>Troutman Pepper Hamilton Sanders, LLP<br>301 S. College St.<br>34th Floor<br>Charlotte, NC   28202<br>Phone: 704-998-4050<br>will.farley@troutman.com<br>brian.nichilo@troutman.com<br>     Parties Represented:<br>     TitleMax of South Carolina, Inc. |

I declare under penalty of perjury the foregoing to be true and correct. Executed at Atlanta, GEORGIA on  October 7, 2022.

*Nykesha Potts*
_____
Nykesha Potts
JAMS
nykeshapotts@jamsadr.com