IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AARON GOINES et al.,  )<br>)<br>Plaintiffs/Counter Defendants,  )<br>)<br>v.  )<br>)<br>)<br>TITLEMAX OF SOUTH CAROLINA, INC.,  )<br>et al.,  )<br>)<br>Defendants/Counter Claimants.  ) | Civil Action No. 19-cv-489 |

## HAZEL GILLIAM'S MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE AWARD

Plaintiff Hazel Gilliam ("Plaintiff") submits this memorandum of law in support of the motion for confirmation of the arbitration award issued by AAA in the matter between Plaintiff and TitleMax of South Carolina, Inc.

STATEMENT OF FACTS

The arbitrator's award makes a number of findings of fact which are incorporated herein. In essence, Plaintiff is a North Carolina resident who took out a loan with TitleMax of South Carolina, Inc. The Arbitrator concluded that TitleMax violated the North Carolina Consumer Finance Act and Unfair and Deceptive Trade Practice Act and awarded damages. The Award is attached to the Motion as Exhibit A. Despite the warnings from this Court, TitleMax will not even enter into a consent Judgment, let alone pay the Award. A clear request was sent and not responded to by TitleMax (attached to Motion as Exhibit B). More likely, TitleMax will wait until the final day once again and then

1

oppose this motion. TitleMax's obvious purpose is to drag these matters out as long as possible further preying on all of the plaintiffs' desperation, hoping some Plaintiffs will take less than the amount owed.

## STATEMENT OF QUESTION PRESENTED

Should the Court enter an order confirming the Final Award and enter Judgment against TitleMax?

## ARGUMENT

The Federal Arbitration Act states that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order[.]" 9 U.S.C. § 9; see also, e.g., *Loney v. USAA Fed. Sav. Bank*, No. 15CV292, 2016 U.S. Dist. LEXIS 91185, at *3 (M.D.N.C. May 2, 2016) ("'A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation Case can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act.'") (citation omitted). Here, the Court compelled the parties to arbitration pursuant to their agreement and the Federal Arbitration Act; the parties arbitrated their dispute accordingly; and the Arbitrator issued a Final Award that has not been corrected, vacated, or modified (nor is there any basis for any such actions). The only way for Plaintiff to collect is for Judgment to be entered. TitleMax refuses to pay anything—despite order necessitating all of this Court time. If it is unable to pay, it could agree to a consent Judgment which would not waste this Court's resources time and again. Plaintiff's motion to confirm the Final Award and enter Judgment should be granted.

Finally, additional attorneys' fees or some other remedy should be awarded for having to continue to file these Motions and Replies and then requiring the Court significant resources to ender Orders and Judgment. Enough is enough and some remedy ought be considered by the Court to stop this continued unreasonable conduct. Both the North Carolina's Revised Uniform Arbitration Act, N.C. Gen. Stat. § 1-569.25(c) and the court's inherent authority allow for an award of attorneys' fees. *See International Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: 'when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" (citation omitted)).

Judge Schroeder's recent opinion also addresses this attorneys' fees issue:

Because this action is before the court on the basis of diversity jurisdiction, the court must apply the substantive law of the forum *State. Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The right to an award of attorneys' fees is considered a matter of substantive law. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 213 (S.D.N.Y. 2006). North Carolina General Statute § 1-569.25(c) applies to agreements made after January 1, 2004, and provides in relevant part that a court may award reasonable attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award. This provision therefore vests the court with discretion to award attorneys' fees to Astanza associated with the present proceeding unless it is otherwise preempted by the FAA. The exercise of State authority in a field traditionally occupied by State law will not be deemed preempted by a federal statute absent the clear manifestation of Congress. *Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 157 (1978). Even where a federal statute does displace State authority, it rarely occupies a legal field completely, totally excluding all participation by the legal systems of the states . . . Federal legislation, on the

3

whole, has been conceived and drafted on an ad hoc basis to accomplish limited objectives. It builds upon legal relationships established by the states, altering or supplanting them only so far as necessary for the special purpose. *Southland Corp. v. Keating*, 465 U.S. 1, 18 (1984) (quoting P. BATOR ET AL., HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 470–71 (2d ed. 1973)). "The limited objective of the Federal Arbitration Act was to abrogate the general common law rule against specific enforcement of arbitration agreements." *Southland Corp.*, 465 U.S. at 18; see S. REP. NO. 68-536 at 2–3 (1924). Beyond this purpose, there is no clear intent to displace State authority. *Southland Corp.*, 465 U.S. at 18…(F)ederal courts have found it consistent with the purpose of the FAA to award attorneys' fees for litigation commenced to confirm or vacate an arbitration award under the FAA, even under their inherent powers. See, e.g., *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999-1000 (5th Cir. 1982); see also *Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. United Farm Tools, Inc., Speedy Mfg. Div.*, 762 F.2d 76, 77 (8th Cir. 1985) (per curiam) (holding that an unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees); *Com. Refrigeration, Inc. v. Layton Const. Co.*, 319 F. Supp. 2d 1267, 1271 (D. Utah 2004) (awarding attorneys' fees while noting that "[w]hile losing an arbitration may be unpleasant . . . the experience is not significantly improved by the instigation of a doomed — and no doubt costly — legal action"). A court may award attorneys' fees "when a party opposing confirmation of [an] arbitration award 'refuses to abide by an arbitrator's decision without justification.'" *The N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.,* No. 03 Civ. 5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003) (quoting Int'l Chem. Workers Union, 774 F.2d at 47.)). Here, the court need not determine whether Defendants' opposition to the arbitration award was "unjustified." Section 1 express allowance for an award of attorneys' fees to Astanza in connection with its efforts to confirm the arbitration award and oppose Defendants' motion to vacate, modify, or correct the award are consistent with the purposes of the FAA and should be given effect. The statute expressly authorizes an award of reasonable attorneys' fees to the "prevailing party." The Uniform Law Comment provided with the statute notes that the provision is designed to "promote[] the statutory policy of finality of arbitration awards" by allowing recovery of expenses and fees to the prevailing party in contested judicial actions precisely like the present and thereby to discourage "all but the most meritorious challenges of arbitration awards." N.C. Gen. Stat. § 1-569.25(c) cmt. 3;10 see also Aetna Health of the Carolinas, 212 N.C. App. 419, 713 S.E.2d 792, at *6 (affirming trial court order confirming arbitration award and attorneys' fee award based on "prevailing party" status under § 1-

4

569.25(c)).

*Astanza Design* 220 F. Supp. 3d at 652-53.  The reality is that this matter has gone on far too long and - even after losing before so many Arbitrators - Defendant unjustifiably refuses to pay.  The Court should enter Judgment and award Plaintiff additional attorneys' fees associated with this motion.  A Declaration of time spent will be included after the work on the Reply is completed.  The Undersigned will not seek a request for additional attorneys' fees or seek sanction if TitleMax simply pays what they have been ordered rather than once again oppose the motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order confirming the Final Award and entering judgment against TitleMax of South Carolina, Inc. including preaward, postaward and postjudgment interest.

This is the 13th day of May, 2023

>  */s/ Andrew H. Brown*
> Andrew H. Brown
> N.C. State Bar No. 28450
> Attorney for Plaintiffs

**FOR THE FIRM:**
**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC  27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document complies with the word count limits contained in LR 7.3(d)(1).

>
> */s/ Andrew H. Brown*
> Andrew H. Brown
> N.C. State Bar No. 28450
> Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC 27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com