# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AARON GOINES, et al.,

    Plaintiffs/Counter-Defendants,

    v.

TITLEMAX OF VIRGINIA, INC., et al,

    Defendants/Counter-Plaintiffs.

1:19-CV-489

## DEFENDANTS' MOTION TO STAY PROCEEDINGS TO ENFORCE JUDGMENT

Defendants TitleMax of Virginia, Inc. and TitleMax of South Carolina, Inc. (collectively, "Defendants" or "TitleMax") file this Motion to Stay Proceedings to Enforce Judgment[1], wherein TitleMax requests this Court stay all confirmation proceedings with respect to the Motion to Enforce Award and Enter Judgment (ECF No. 467) ("Enforcement Motion and Memorandum in Support of Motion to Enforce Award (ECF No. 468) ("Memorandum") filed by Plaintiff Ethel Jenkins ("Plaintiff") on July 18, 2023. The Court should grant this Motion and stay all confirmation proceedings pending disposition of TitleMax's appeal before JAMS. In support of this Motion, TitleMax respectfully shows this Court as follows:

1.    This Court entered a Memorandum Opinion and Order on April 22, 2022, compelling Plaintiff's claims, among others, to arbitration (ECF No. 76).

---

[1] Pursuant to Local Rule 7.3(j), this motion is not required to be supported by a brief ("No brief is required by either movant or respondent, unless otherwise directed by the Court, with respect to . . . motions . . . to stay proceedings to enforce judgment.").

126306759v1

2.      Plaintiff's claims were arbitrated before JAMS and Arbitrator Lester J. Levy, Esq., entered a Final Award (ECF No. 468, Ex. A), which was signed on June 20, 2023, but filed and served by JAMS on June 21, 2023, awarding Plaintiff $143,435.13 as actual damages trebled under the UDTPA, plus interest at the statutory rate for un-trebled damages, or $48,645.39, from the date of filing the arbitration.

3.      The arbitration agreement between Plaintiff and TitleMax provides that "[f]or Disputes over $50,000.00, any party may appeal the award to a panel of three [arbitrators]" in accordance with JAMS rules.

4.      On July 5, 2023, TitleMax timely filed its notice of appeal before JAMS in accordance with JAMS rules.[2] A copy of TitleMax's Notice of Appeal before JAMS is attached hereto and incorporated herein by reference as **Exhibit A**.

---

[2] JAMS Comprehensive Arbitration Rules & Procedures and JAMS Optional Arbitration Appeal Procedure (attached hereto and incorporated herein by reference as **Exhibit B**) provide in pertinent part as follows:

> JAMS Comprehensive Arbitration Rules & Procedures Rule 34. Optional Arbitration Appeal Procedure. "***The Parties may agree at any time to the JAMS Optional Arbitration Appeal Procedure***. All Parties must agree in writing for such procedure to be effective. Once a Party has agreed to the Optional Arbitration Appeal Procedure, it cannot unilaterally withdraw from it, unless it withdraws, pursuant to Rule 13, from the Arbitration." (emphasis added).

> JAMS Comprehensive Arbitration Rules & Procedures Rule 24. Awards. (k) "*The Award is considered final, for purposes of either the Optional Arbitration Appeal Procedure* pursuant to Rule 34 or a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, *fourteen (14) calendar days after service* if no request for a correction is made, or as of the effective date of service of a corrected Award." (emphasis added).

> JAMS Optional Arbitration Appeal Procedures (b)(i) provides that "[t]he Appeal must be served, in writing, to the Case Manager and on the opposing Party(ies) within fourteen (14) calendar days *after the Award has become final*." (emphasis added).

5. Pursuant to JAMS Optional Arbitration Appeal Procedures (c), "Once an Appeal has been timely filed, the Arbitration Award is no longer considered final for purposes of seeking judicial enforcement, modification or vacating pursuant to the applicable JAMS Arbitration Rules."

6. On July 17, 2023, JAMS served the parties with a letter incorrectly stating that it "has not been presented with an agreement that provides for an appeal procedure at JAMS" and "neither JAMS nor the arbitrator has jurisdiction to proceed with the Respondent's appeal request. The parties may bring this issue to the appropriate court in a confirmation or vacatur proceeding," (ECF No. 468, Ex. B) (the "JAMS Letter"). In support of these statements JAMS cited to the Supervised Loan Agreements submitted by the parties as exhibits in the underlying arbitration (*Id.*).

7. However, as previously noted, JAMS had been provided with an arbitration agreement allowing either party to appeal an arbitration award, where, as here, the award involves more than $50,000, and JAMS apparently conceded such when it cited to the Supervised Loan Agreement within the JAMS Letter.

8. On July 18, 2023, Plaintiff filed her Enforcement Motion and Memorandum.

9. However, Plaintiff's Enforcement Motion and Memorandum are premature as, upon the timely filing of TitleMax's Notice of Appeal to JAMS, the award "is no longer considered final for purposes of seeking judicial enforcement, modification or vacating pursuant to the applicable JAMS Arbitration Rules." JAMS Optional Arbitration Appeal Procedures (c).

10. On July 21, 2023, TitleMax responded by letter (the "TitleMax Response") to JAMS regarding the JAMS Letter, explaining JAMS's erroneous decision and that "[n]o basis exists for JAMS to disregard its contractual obligation to provide TitleMax access to the JAMS

appellate process" and that "TitleMax has a right to appeal under the Parties' agreement and timely filed its Notice of Appeal." A copy of the TitleMax Response is attached hereto and incorporated herein as **Exhibit C**. JAMS has acknowledged TitleMax's challenge and the Parties are awaiting further instructions from JAMS.

11. Because TitleMax timely filed its Notice of Appeal, there is no final award for this Court to enforce or confirm at this time. Accordingly, TitleMax moves the Court to stay Plaintiff's Enforcement Motion.

WHEREFORE, TitleMax respectfully requests this Court grant its Motion and enter an order staying the confirmation proceedings pending disposition of TitleMax's appeal before JAMS.

This the 1st day of August, 2023.

s/ Thomas R. Woodrow
Thomas R. Woodrow
State Bar No. 58622
Holland & Knight
1120 S. Tryon St., Suite 900
Charlotte, NC 28203
T: 980.215.7838
E: tom.woodrow@hklaw.com

*Counsel for Defendants/Counter-Plaintiff*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| AARON GOINES, et al., | |
|     Plaintiffs/Counter-Defendants, | |
|     v. | 1:19-CV-489 |
| TITLEMAX OF VIRGINIA, INC., et al, | |
|     Defendants/Counter-Plaintiffs. | |

## <u>ORDER</u>

Upon consideration of Defendants' Motion to Stay Proceedings to Enforce Judgment, and any responses thereto, it is ORDERED that the Motion is GRANTED and confirmation proceedings on the Motion to Enforce Award and Enter Judgment (ECF No. 467) and Memorandum in Support of Motion to Enforce Award (ECF No. 468) in each case filed by Plaintiff Ethel Jenkins on July 18, 2023 (ECF No. 172) is stayed pending TitleMax's appeal before JAMS.

This the ___ day of _____, 2023.


_____
United States District Judge

126306759v1