IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AARON GOINES et al., | ) |
| Plaintiffs/Counter Defendants, | ) |
| v. | ) Civil Action No. 19-cv-489 |
| TITLEMAX OF VIRGINIA, et al., | ) |
| Defendants/Counter Claimants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR CERTAIN PLAINTIFFS

NOW COME the undersigned counsel and pursuant to LR7.2, and respectfully submit this Memorandum in support of their move the Court for an Order allowing withdraw as counsel pursuant to the Local Rules of Civil Practice for the United States District Court for the Middle District of North Carolina Local Rule 83.1(e)(1) regarding Plaintiffs Amanda Alcock, April Allen, Brittany Williams, Christina Smith, Crystal Rorie, Davie Richardson, Dimitri Shaw, Jessica Stewart, Kelly Edwards, LaQuita Outlaw, Lawanda Leary, Letita Grant, Maceo Turner, Marilyn Doss, Michael Jenkins, Prince Chisolm, Prince Trollinger, Roman Watrous, Taheim Ragland, Tony Funderburk, and Willie Wilkerson.

## STATEMENT OF THE CASE

Plaintiffs filed the North Carolina state court Complaint that initiated this civil action on April 4, 2019. (DN 3). This case has been pending for a number of years and

1

Plaintiff's counsel has commenced arbitration in all cases except these. These Plainitffs have disappeared for whatever reason (usually prison, death, or just homelessness without contact information). The Court's docket needs to eventually be closed in this matter.

## STATEMENT OF THE FACTS

The undersigned has now tried for months to find these clients. This includes phone calls (in each case), letters (in each case), emails (where the client had an email), internet searches, even social media attempted contact and in a couple of cases knocking on the door of the last known address.

## QUESTION PRESENTED

By their motion, the moving Plaintiffs present the following question to the Court:

Should the Court enter an order allowing the motion to withdraw Local Rules of Civil Practice for the United States District Court for the Middle District of North Carolina Local Rule 83.1(e)(1)?

## ARGUMENT

In the Undersigned's experience representing thousands of clients in these car title loan matters, clients "disappear" for any number of logical reasons including death, change of contact information due to moving away, loss of home, embarrassment from making a mistake, and even unexpected incarceration. Some or none of these reasons may well be applicable to these particular Plaintiffs and the undersigned almost never hears from a client before one of these unexpected life events. Clients will often resurface after many months. However, here the undersigned has waited to hear from these clients for

months. Further, with all remaining cases in arbitration, having their matter resolved, judgment entered, having been previously granted a withdraw or having their case dismissed, the time has come to begin the process of closing this matter which is likely to occur when all of the remaining Plaintiffs in arbitration have had a Final Award entered by the respective arbitrators.

The North Carolina Rules of Professional Conduct provide some guidance here as Rule 1.16(b) says a lawyer "may withdraw from representation of a client" if

(1) withdrawal can be accomplished without material adverse effect on the interests of the client; or

(6) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warding that the lawyer will withdraw unless the obligation is fulfilled; or

(7) other good cause for withdraw exists.

Some (really all) of these reasons exist. While many things can be done on behalf of a noncommunicative client, taking substantive action to dismiss their claim is not one of them, even if doing so would be all accounts benefit the client. As such, the only logical solution to this situation is to seek to withdraw at this time with the anticipation that the Court will dismiss these remaining cases at some point. The undersigned possesses all last known contact information for each Plaintiff.

## **CONCLUSION**

For the reasons stated herein, the Undersigned respectfully moves the Court for an Order allowing withdraw pursuant to Middle District of North Carolina Local Rule

3

83.1(e)(1).

This is the 11th day of September, 2023.

*/s/ Andrew H. Brown*
Andrew H. Brown
N.C. State Bar No. 28450
Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC 27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document complies with the word count limits contained in LR 7.3(d)(1).

>   */s/ Andrew H. Brown*
>   Andrew H. Brown
>   N.C. State Bar No. 28450
>   Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC  27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com