IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AARON GOINES, *et al.*, | ) | |
| Plaintiffs/Counter Defendants, | ) | |
| v. | ) | 1:19CV489 |
| TITLEMAX OF VIRGINIA, *et al.*, | ) | |
| Defendants/Counter Claimants. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Aaron Goines, et al., ("Plaintiffs") brought this action pursuant to the North Carolina Consumer Finance Act, the North Carolina Unfair and Deceptive Trade Practices Act, and North Carolina's usury statutes against TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc. ("Defendants"). (ECF No. 3.) Before the Court are 15 of the above captioned Plaintiffs' Motions to Amend Petition to Enforce Arbitration Award and Enter Judgment.[1] (See ECF Nos. 511; 513; 515; 517; 519; 521; 523; 525; 527; 529; 531; 533; 535; 537; 539.) For the reasons stated herein, Plaintiffs' motions will be denied.

---

[1] At the commencement of this matter there were 264 named Plaintiffs. (ECF No. 596 at 1.) 15 of those Plaintiffs filed identical Motions to Amend Petition to Enforce Arbitration Award and Enter Judgment. The Plaintiffs for the instant matter are: Katrina Campbell, (ECF No. 511); Willie Bradfield, (ECF No. 513); Lorraine Sligh, (ECF No. 515); Jarrad Coxe, (ECF No. 517); Paulette Shannon, (ECF No. 519); Phillip Brown, (ECF No. 521); Frances Gaddy, (ECF No. 523); Tari Harris, (ECF No. 525); Dawn Houseton, (ECF No. 527); Rodney Hickman, (ECF No. 529); Melissa Holder, (ECF No. 531); Stephanie Jones, (ECF No. 533); Michelle Keeling, (ECF No. 535); Margie Weavil, (ECF No. 537); and Tommy White, (ECF No. 539).

Plaintiffs in this action allegedly entered into short term car loan transactions with Defendants at unlawful interest rates. (*See* ECF No. 3 ¶¶ 16, 26.) Plaintiffs' Complaint alleged violations of the North Carolina Consumer Finance Act, North Carolina's usury statutes, and the North Carolina Unfair and Deceptive Trade Practices Act. (ECF No. 3 ¶¶ 25–43 (citing N.C. Gen. Stat. §§ 24-1.1, 53-165, 75-1.1)).) On April 22, 2020, this Court compelled arbitration for "all moving Plaintiffs for whom a loan agreement has been identified," which included all 15 Plaintiffs bringing the instant motions. (ECF Nos. 76 at 16; 31-1 at 2–7.)

The Arbitrator determined that the application of North Carolina law was proper and that TitleMax owed Plaintiffs treble what Plaintiffs had paid to TitleMax. (ECF Nos. 209-1 at 2; 211-1 at 2; 213-1 at 2; 215-1 at 2; 217-1 at 2; 219-1 at 2; 221-1 at 2; 223-1 at 2; 225-1 at 2; 227-1 at 2; 229-1 at 2; 231-1 at 2; 233-1 at 2; 235-1 at 2; 237-1 at 2.) Plaintiffs then filed Motions to Enforce Award and Enter Judgment ("Applications"). (ECF Nos. 209; 211; 213; 215; 217; 219; 221; 223; 225; 227; 229; 231; 233; 235; 237.) Plaintiffs' motions requested the enforcement of the Arbitrator's award pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. (ECF Nos. 209 at 1; 211 at 1; 213 at 1; 215 at 1; 217 at 1; 219 at 1; 221 at 1; 223 at 1; 225 at 1; 227 at 1; 229 at 1; 231 at 1; 233 at 1; 235 at 1; 237 at 1.) This Court granted Plaintiffs' Applications and entered judgments confirming their arbitration awards. (ECF Nos. 354–85.)

Defendants appealed the Orders and Judgments granting the arbitration awards arguing that this Court lacked subject matter jurisdiction to enter the judgments. (*See* ECF Nos. 430–44.) While the appeals process was ongoing, Plaintiffs filed suit in the County of Forsyth, Superior Court Division seeking confirmation of the same arbitration awards outlined above. (ECF Nos. 512-1; 514-1; 516-1; 518-1; 520-1; 522-1; 524-1; 526-1; 528-1; 530-1; 532-

2

1; 534-1; 536-1; 538-1; 540-1.)  Forsyth County Superior Court stayed the action while it was pending in the Fourth Circuit.  *Campbell v. TitleMax of Virginia, Inc.*, No. 23cvs5918 (N.C. Super. Ct. Feb. 12, 2024) (unpublished).

The Fourth Circuit agreed with Defendants, and in an Order dated May 1, 2024, vacated this Court's judgments, and remanded the case to this Court "for further proceedings consistent with [it's] opinion."  *White v. TitleMax of Virginia, Inc.*, No. 23-1595, No. 23-1599, No. 23-1600, No. 23-1601, No. 23-1603, No. 23-1606, No. 23-1609, No.23-1610, No. 23-1612, No. 23-1613, No. 23-1614, No. 23-1615, No. 23-1616, No. 23-1617, No. 23-1618, 2024 WL 1905760, at *1 (4th Cir. 2024).

Specifically, the Fourth Circuit cited to the Supreme Court case *Badgerow v. Walters*, which held that in contrast to the method for determining a district court's jurisdiction on a motion to compel arbitration under Section 4 of the FAA, there must be an independent jurisdictional basis for a district court to confirm or vacate an arbitration award under Section 9 and 10 of the FAA.  *Id.* (citing *Badgerow*, 596 U.S. 1, 4–5 (2022)).  This independent jurisdictional basis must be apparent from the application submitted to the court, meaning a district court is not allowed to look through the application to the underlying substantive dispute to find a jurisdictional basis.  *See Badgerow*, 596 U.S. at 9, 11.

According to the Fourth Circuit, an independent jurisdictional basis is required whether "the relevant application was a 'freestanding application[]' or was 'filed after arbitration in a previously stayed action.'"  *White*, 2024 WL 1905760, at *1 (quoting *SmartSky Networks, LLC v. DAG Wireless, LTD.*, 93 F.4th 175, 184 (4th Cir. 2024).  All Section 9 Applications must have an independent jurisdictional basis "clear on the face of the application."  *SmartSky*, 93 F.4th at 184.  The Court found that none of the Section 9 Applications in this case identified

3

a basis for federal jurisdiction. *White*, 2024 WL 1905760, at *1. In their Applications, Plaintiffs did not assert federal question jurisdiction, diversity jurisdiction, or supplemental jurisdiction as a basis. *Id.*

In light of the Fourth Circuit opinion, Plaintiffs have now filed the instant Motions to Amend Petition to Enforce Award and Enter Judgment seeking to amend their previous Applications. (ECF Nos. 511; 513; 515; 517; 519; 521; 523; 525; 527; 529; 531; 533; 535; 537; 539.) Plaintiffs seek to cure the jurisdictional defects in their Applications by requesting that this Court now allow them to amend the Applications to assert a jurisdictional basis. *Id.*

For the same reasons the Fourth Circuit found that this Court lacked subject matter jurisdiction to confirm Plaintiffs' arbitration awards, neither does the Court have jurisdiction to entertain Plaintiffs' motions to amend the Applications. The Fourth Circuit stated that this Court "may only look to the application actually submitted [] in assessing its jurisdiction." *White*, 2024 WL 1905760, at *1 (quoting *Badgerow*, 596 U.S. at 5). As Plaintiffs' Applications do not assert a jurisdictional basis on its face, this Court does not have jurisdiction, and consequently does not have the power to rule on further motions pertaining to the enforcement of the arbitration awards. Therefore, the Court lacks jurisdiction to consider the merits of Plaintiffs' Motions to Amend Petition to Enforce Award and Enter Judgment.

Accordingly, Plaintiffs' Motions to Amend Petition to Enforce Award and Enter Judgment are hereby denied based on the lack of jurisdiction of this Court to address Plaintiffs' motions.

For the reasons stated herein, the Court enters the following:

4

Case 1:19-cv-00489-LCB-JLW    Document 599    Filed 02/25/25    Page 4 of 5

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions to Amend Petition to Enforce Award and Enter Judgment, (ECF Nos. 511; 513; 515; 517; 519; 521; 523; 525; 527; 529; 531; 533; 535; 537; 539), are hereby **DENIED** without prejudice, and **DISMISSED**.

This, the 25th day of February 2025.

/s/ Loretta C. Biggs<br>
United States District Judge